**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RICHARD HALL, | NO. 6:20-cv-01992-CEM-LRH |
| Plaintiff, | |
| v. | DEFENDANT'S AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), Fed. R. CIV. P. |
| INSURANCE CORPORATION OF BRITISH COLUMBIA, | DISPOSTIVE MOTION |
| Defendant. | DEFENDANT REQUESTS ORAL ARGUMENT |

Defendant Insurance Corporation of British Columbia ("ICBC") respectfully moves this court to dismiss the above-captioned case for its lack of subject-matter jurisdiction over the complaint (the "Motion"). In accordance with Local Rule 3.01(a), this Motion includes a precise statement of the relief requested, dismissal of the complaint; the legal basis for such relief, Rule12(b)(1), F.R.Civ.P. and 28 U.S.C. § 1604; and the memorandum citing to legal authority that supports its request.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.      PROCEDURAL HISTORY

Richard Hall ("Plaintiff") filed his complaint against ICBC in the Circuit Court for the Ninth Judicial Circuit of Florida on June 11, 2020 (the "Complaint").  ICBC was arguably served on October 9, 2020.  ICBC, a foreign state as defined by 28 U.S.C § 1603, filed its notice of removal on October 27, 2020, under 28 U.S.C. § 1441(d).  (DE 1).  ICBC now files its Amended Motion to Dismiss under Rules12(b)(1), Fed. R. Civ. P.

## II.      RELIEF REQUESTED

ICBC requests that this honorable court dismiss the Plaintiff's complaint in its entirety.

## III.      BASIS FOR RELIEF

The district courts must have subject-matter jurisdiction to hear a complaint. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017).  Foreign states "shall be" immune to jurisdiction of United States courts unless an exception to immunity applies."  28 U.S.C. § 1604.  ICBC is a foreign state as defined by 28 U.S.C. § 1603(a)-(b).  The Complaint fails to carry its burden to show that an applicable exception to ICBC's sovereign immunity exists.  Thus, Defendant has properly submitted its Amended Motion under Rule 12(b)(1), Fed. R. Civ. P.  to dismiss based on its immunity to jurisdiction.

## IV.      MEMORANDUM AND POINTS OF AUTHORITY

### A.  District Courts cannot hear cases when there is a lack of subject matter jurisdiction

A court's subject-matter jurisdiction defines its power to hear cases.  *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89, 118 S. Ct. 1003 (1998). A court must have the power to decide the claim before it (subject-matter jurisdiction)

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 2

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301

1
2
3
4
5
6
7
8
9
10

and power over the parties before it (personal jurisdiction) before it can resolve a case. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017) (citing to *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U. S. 574, 583-585, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. at 94 (quoting *Ex parte McCardle,* 74 U.S. 506, 7 Wall. 506, 514, 19 L. Ed. 264 (1869)).  Subject-matter jurisdiction proves so foundational that it cannot be waived by the parties.  *See Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999).

11
12

### 1.  ICBC is Immune from Jurisdiction Pursuant to 28 U.S.C. §§ 1604 & 1603

13
14
15
16
17

The United States has generally adhered to the principle of foreign state immunity since 1812.  *See Schooner Exchange v. M'Faddon*, 11 U.S. 7 (7 Cranch) 116 (1812).  In enacting the Foreign Sovereign Immunities Act ("FSIA") in 1976, the United States Legislature guaranteed the protection of rights of foreign states in both the federal and state courts of the United States.  28 U.S.C. § 1602.

18
19
20
21

"The FSIA regulates subject matter jurisdiction and provides the only basis for courts in this country to acquire jurisdiction over a foreign state. It provides that a foreign state is immune from the jurisdiction of the United States unless an FSIA statutory exemption is applicable." *Aquamar S.A. v. Del Monte Fresh Produce N.A.*, 179 F.3d 1279, 1290 (11th Cir. 1999) (internal citations omitted).

22
23
24
25

Section 1603 of FSIA defines which entities qualify for immunity under the act.  Under 28 U.S.C. § 1603, a "foreign state" includes any separate "corporate" entity "which is an organ of a foreign state . . . or a majority of whose shares or other ownership interest is owned by a foreign state" and is neither "a citizen of the of state

26

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301

of the United States or  created under the laws of a third country[.]"  28 U.S.C. § 1603(a)-(b).

ICBC is neither a citizen of the United States, nor was it created under the laws of a third country.  ICBC was established in 1973 by the government of British Columbia.  Macfarlane Dec., ¶ 2.   ICBC is a crown corporation, which means it is a state-controlled company. *Id.*  ICBC is owned by the British Columbia government, and the government is ICBC's sole shareholder.  *Id.*  ICBC is governed by the provisions of the Insurance Corporation Act, which is its enabling statute enacted by the British Columbia legislature.  *Id.*  ICBC activity is subject to provincial regulation by the British Columbia Government and the British Columbia Utilities Commission with respect to its universal insurance rates and services.  Id.  Under the plain language of the section 1603(a)-(b), ICBC is a foreign state for the purposes of FSIA.

Consequently, other district courts have dismissed claims against ICBC because of its immunity to jurisdiction.  *See W. Protectors Ins. Co. v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 4568, at *12 (W.D. Wash. 2009); *Jung Nyeo Lee v. Ins. Corp. of B.C.*, 2017 U.S. Dist. LEXIS 136319, at *9 (W.D. Wash. 2017); *State Farm Mut. Auto. Ins. Co. v. Ins. Corp of B.C.*, 2009 U.S. Dist. LEXIS 124233, at *33-34 (D. Or. 2009).

### 2.  FSIA & Rule 12(b)(1)

Because ICBC is a foreign sovereign immune to jurisdiction, unless one of the exceptions applies, ICBC can move this court to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction.  Fed. R. Civ. P. Rule 12(b)(1).  "[I]n order to establish subject-matter jurisdiction under the FSIA, the plaintiff must overcome the presumption  that the foreign state is immune from suit by producing evidence that "the conduct which forms the basis of [the] complaint falls within one of the

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 4

statutorily defined exceptions." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312-13 (11th Cir. 2009).  The plaintiff bears the burden of asserting at least some facts showing that one of the FSIA exceptions applies.  *S.K. Innovation, Inc. v. Finpol*, 854 F. Supp. 2d 99, 107 (D.D.C. 2012).  If the plaintiff demonstrates that one of the statutory exceptions to FSIA immunity applies, the burden then shifts back to the defendant to prove, by a preponderance of the evidence, that the plaintiff's claims do not fall within that exception.  *Butler v. Sukhoi*, 579 F.3d at 1313; *see also Mohammad Hilmi Nassif & Partners v. Republic of Iraq*, 2020 U.S. Dist. LEXIS 52643 at *10 (D.D.C. 2020).

"More generally, on a Rule 12(b)(1) motion, a court must accept as true the factual allegations in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. . . . . Because a court's subject-matter jurisdiction is crucial, the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6).  Thus, on a Rule 12(b)(1) motion, a court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Nassif & Partners v. Republic of Iraq*, 2020 U.S. Dist. LEXIS 52643 at *10 (internal citations omitted).

If an exception applies, a foreign state or instrumentality is not immune from suit under the FSIA, and federal district courts have subject-matter jurisdiction over the claims.  28 U.S.C. § 1330(a); *Telchi v. Isr. Military Indus.*, 2016 U.S. Dist. LEXIS 142545, at *12 (S.D. Fla. 2016).

Thus, to determine whether dismissal is proper under Rule 12(b)(1), the court must determine if an exception to ICBC's foreign sovereign immunity applies, scrutinizing Plaintiff's allegations more closely than it would under a Rule 12(b)(6) motion.

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 5

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301

### 3.  The Alleged Exceptions to Immunity Do Not Apply in This Case

A plaintiff who seeks to sue a foreign state has the burden of establishing subject-matter jurisdiction by producing evidence that one of the statutorily defined exceptions applies. *Butler v. Sukhoi Co.*, 579 F.3d at 1312-13.  "When a defendant properly challenges subject-matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts and may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue."  *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (internal citations omitted).

### a.  The Noncommercial Tort Exception

Plaintiff alleges that this court has jurisdiction because the exception as defined in 28 U.S.C. § 1605(a)(5) applies. Under § 1605(a)(5), a foreign sovereign is not immune from jurisdiction when that "foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment" causes "personal injury or death, or damage to or loss of property, *occurring* in the United States[.]" (emphasis added).  "Congress' primary purpose in enacting §1605(a)(5) was to eliminate a foreign state's immunity for traffic accidents and other torts committed in the United States, for which liability is imposed under domestic tort law. *See* H. R. Rep., at 14, 20-21; S. Rep., at 14, 20-21." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439-40, 109 S. Ct. 683, 691 (1989).  Plaintiff alleges

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 6

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301

that a number of tortious acts occurred in the United States or were carried out by ICBC or its agents in the United States.  Pl.'s Compl. ¶ 11.  However, he has provided no evidence of tortious activity in the United States.

As a threshold matter, in order to apply  the tortious act exception under section 1605(a)(5), the entire tort must occur in United States.  *O'Bryan v. Holy See*, 549 F.3d 431(6th Cir. 2008), *reh'g denied*, 2009 U.S. App. LEXIS 10447 (6th Cir. 2009); *see also Persinger v. Islamic Republic of Iran*, 729 F.2d 835 (D.C. Cir. 1984) (cert. denied, 469 U.S. 881, 105 S. Ct. 247 (1984) (For injuries to be actionable under 28 USCS § 1605(a)(5), both tort and injury must occur in United States.); *Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370 (7th Cir. 1985).  Plaintiff cannot produce evidence that this exception applies because none of the alleged tortious activity occurred in the United States.  Plaintiff's own filing in the state court demonstrates that he believes the alleged tortious activity arises in British Columbia. See (DE 1, Composite Ex. D ) (The Circuit Court of the Ninth Judicial Circuit's of Florida Order denying Plaintiff's ex-parte Motion requesting that the court seal the filings so he could seek an order from a Canadian court to enter an order before ICBC allegedly attempts to destroy evidence *in Canada*).

Even if he could show evidence that any acts occurred in the United States, which he has not, there are also exceptions to the noncommercial tort exception that are applicable here. Only count III and count V of Plaintiff's complaint are torts *per se* that would be subject to the noncommercial tort exception.

Count III alleges the tort of interference with a business relationship.  In addition to the fact that Plaintiff has provided no proof that any tortious activity occurred in the United States, Count III alleges a tortious act that is explicitly excepted from the exceptions.  Section 1605(a)(5) includes exceptions to the noncommercial tort exception.  *See* 28 USC § 1605(a)(5)(A) & (B).  Under

1605(a)(5)(B), the exception of 1605(a)(5) "shall not" apply to claims arising out of "interference with a contract right".

Interference with a business relationship is indistinguishable from interference with a contract right and is thus an exception to the exception. The Middle District of Florida has noted that the elements of a cause of action for tortious interference with a business relationship are the same as the elements of claim for tortious interference with a contract. *Baycare Health Sys. v. Med. Saving Ins. Co.*, 2008 U.S. Dist. LEXIS 32468, at *15 n.6 (M.D. Fla. 2008) (The elements of either claim are (1) the existence of a business relationship, (2) knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff as a result of the breach of the relationship). They are essentially the same claim, and the exception to the exception provision is not limiting, in fact, it is expansive in that it states, "any claim *arising out of* … interference with contract rights[.]" 28 U.S.C. § 1605(a)(5)(B) (emphasis added). Plaintiff's claim for interference with contractual relations is either explicitly excepted from the exceptions because in Florida the torts are synonymous, or ICBC retains its immunity because the claim *arises out of* interference with contract rights.  ICBC is immune to the court's jurisdiction under Count III.

Count V also alleges a tort:  intentional infliction of emotional distress. However, the alleged infliction of that distress, besides being the alleged result of decisions made outside of the United States, stems from actions that are excepted from section 1605(a)(5)'s exception to sovereign immunity.  Under subsection 1605(a)(5)(A), the exception of section 1605(5)(a) "shall not apply" to "any claim or based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused[.]"  Here, the corpus of Plaintiff's allegations are that ICBC abused its discretionary functions by

using a "playbook"[1] of tactics intended to "prevent Hall from pursuing a simple insurance claim" and to "intimidate" and harass" him.  *See* Pl.'s Compl., ¶¶ 2, 135, 146.  Even if that were the case, it makes sense that the courts of Canada would have an interest in his allegations and why the courts of the United States would recognize ICBC's sovereign immunity.  Here, ICBC's alleged intentional infliction of emotional distress arose from what Plaintiff alleges to be its abuse of its discretionary powers to stifle claims.  As such, Count V falls under the exception to the noncommercial tort exception which bars jurisdiction when the alleged tort is the result of the sovereign's abuse of discretion.

The entirety of Plaintiff's complaint attempts to ignore the plain language of 1605(a)(5) and its exceptions at (A) & (B).  The plain language of 1605(a)(5) states that the personal injury or loss must occur in the United States.  Additionally, Plaintiff ignores the exceptions to the provision under subsections (A) & (B), which are parallel in that they prevent the United States courts from exercising jurisdiction where the foreign sovereign would be making determinations on the lawfulness of its own behaviors.  *See e.g.*, *Khochinsky v. Republic of Poland*, 2019 U.S. Dist. LEXIS 192630, at *18-19   (D.D.C. Nov. 6, 2019) ("Because abuse of the extradition process plainly underlies both claims for which Khochinsky asserts the noncommercial tort exception, the Court lacks jurisdiction to consider Khochinsky's claims. Khochinsky acknowledges that the FSIA "specifically excludes claims for malicious prosecution or abuse of process." Opp'n to Mot. to Dismiss, at 11. But the FSIA further immunizes

---

[1] Plaintiff includes the *Arsenovski* decision out of British Columbia as proof of this alleged playbook.  That case allowed for civil damages in a malicious prosecution claim, and it is a textbook example of a claim outside of the jurisdiction of the United States courts, if the same facts were alleged by an American plaintiff.  Under 1605(a)(5)(B), the Aresnovskis would be barred from bringing a similar suit in the United States because the provision excepts any claim arising out of "malicious prosecution [or] abuse of process[.]"  And under subsection (A), 1605(a)(5) "shall not apply" to "any claim or based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused[.]"  Subsections (A) and (B) are harmonious in that they bar the courts of the United States from exercising jurisdiction when the foreign sovereign abuses process, maliciously prosecutes, or otherwise exercises discretion even where that "discretion be abused."

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 9

foreign states from "any claim *arising out of* malicious prosecution [or] abuse of process." 28 U.S.C. § 1605(a)(5)(B) (emphasis added). This language makes clear that if the predicate conduct for the alleged tort is simply a foreign state's abuse of process, then the court lacks jurisdiction to hear the resulting claim. As such, Khochinsky's First Amendment and tortious interference claims are "also barred, since they 'arise from' the core [abuse-of-process] claim[] and derive from the same corpus of allegations concerning his extradition." *Blaxland*, 323 F.3d at 1203 (barring emotional distress and loss of consortium claims); *see also Cabiri v. Gov't of the Republic of Ghana*, 165 F.3d 193, 200 (2d Cir. 1999) (barring emotional distress claim).")

Plaintiff fails to make the *prima facie* case that the exception to immunity applies under Section 1605(a)(5).  As such, ICBC should retain its immunity to jurisdiction under FSIA.

### b.  The Commercial Activity Exception

Plaintiff alleges that the "commercial activity" exception applies pursuant to 28 USC § 1605(a)(2).  Pl.'s Compl., ¶ 11.  Under section 1605(a)(2), the foreign state is not immune if the "action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States[.]" 28 U.S.C. § 1605(a)(2).  "Commercial activity" is a defined term as used in FSIA and means "either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose."  28 U.S.C. § 1603(d).

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 10

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301

The circumstances Plaintiff states that give rise to the exception are the "investigation and interference with Plaintiff's business in Florida." Pl.'s Compl., ¶ 11. Plaintiff makes a misplaced, but more cogent, argument for the commercial activity exception when he argues that the state court had "general jurisdiction pursuant to Fl. Statute § 48.193(1) as the defendant operates, conducts, engages in and carries on business in the State of Florida and has agents in this state." *Id.* at ¶ 12.

Any argument that Fla. Stat. § 48.193(1) grants jurisdiction over ICBC, a foreign sovereign, despite FSIA's grant of immunity fails on its face. *See* Supremacy Clause, U.S. Const. art. VI, cl. 2. However, it is the allegations that Plaintiff makes that gave rise to his invocation of the Florida statute that could be applied to the commercial activity exception under FSIA, that ICBC "operates, conducts, engages in and carries on business" in the state.

ICBC does not operate, conduct, or engage and carry on business in the United States. *see W. Protectors Ins. Co. v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 4568, at *12 (W.D. Wash. 2009); *Jung Nyeo Lee v. Ins. Corp. of B.C.*, 2017 U.S. Dist. LEXIS 136319, at *9 (W.D. Wash. 2017); State Farm Mut. Auto. Ins. Co. v. Ins. Corp. of B.C., 2009 U.S. Dist. LEXIS 124233, at *33-34 (D. Or. 2009). The original purpose of ICBC was to provide universal auto insurance in British Columbia, Canada. Macfarlane Decl., ¶ 7. Its responsibilities have expanded to include driver licensing and vehicle registration in British Columbia. Id. ICBC is statutorily limited to selling insurance to vehicles registered in British Columbia. Id. at ¶ 9. ICBC does not maintain an office in Florida, does not have any employees in Florida, and does not own any property in Florida. Id. at ¶ 11. The business of providing insurance coverage to vehicles registered in British Columbia is not an activity carried on in the United States.

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 11

As it is undisputed that ICBC does not operate or engage in a regular course of commercial conduct in the United States, Plaintiff instead seemingly tries to argue the second and third iteration of the commercial activity exception, that ICBC is not immune to jurisdiction because of either "an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;[.]" 28 U.S.C. § 1605(a)(2).  Plaintiff's complaint makes no specific allegations as to what particularized act ICBC carried out in the United States that would give rise to the exception.  Plaintiff alleges an investigation and "interference" with his business in Florida.

First and foremost, any alleged interference into Plaintiff's business(es) is not a commercial transaction between ICBC and Plaintiff.  "The commercial activity of Plaintiff does not matter; it is the commercial activity of the *foreign state* that is relevant. "Mere financial loss by a person—individual or corporate—in the U.S. is not, in itself, sufficient[.]"  *Sequeira v. Republic of Nicar.*, 2017 U.S. Dist. LEXIS 121670, at *18-19 (S.D. Fla. 2017) (quoting *Araya-Solorzano v. Gov't of Republic of Nicaragua*, 562 F. App'x 901, 904 (11th Cir. 2014).  Here, Plaintiff has only alleged some nebulous claim of financial loss.

Second, if Plaintiff is alleging that ICBC's acts in Canada had a "direct effect" in the United States, he must show some "material connection" between the act of the sovereign and the alleged effect in the United States in the Complaint; most importantly, "it cannot be based on purely trivial effects in the United States."  *Lubian v. Republic of Cuba*, 2011 U.S. Dist. LEXIS 165679, at *12 (S.D. Fla. 2011) (citing to *Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 618, 112 S. Ct. 2160, 2168 (1992)).  Courts have construed a "direct effect" to mean when monies or goods are due to the

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 12

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301

United States as the result of a commercial transaction.  *Devengoechea v. Bolivarian Republic of Venez.*, 889 F.3d 1213, 1225 (11th Cir. 2018) (finding the commercial activity applied when the sovereign reneged on a commercial transaction that would have sent goods to the United States).  Here it is indisputable that ICBC and Plaintiff have never entered into a commercial transaction, either in the United States or in British Columbia.  Instead, Plaintiff generally argues that ICBC has engaged in investigatory practices that have harmed him, but Plaintiff has not argued the material connection, or any commercial activity, necessary between ICBC's alleged investigatory practices that stem from a car wreck that occurred in British Columbia and the claims he is bringing in the United States.

Furthermore, in examining the commercial activity exception as it applies to a foreign sovereign insurer, other courts have interpreted application of the exception very narrowly.  "Only a plaintiff who bases their lawsuit on the formation of the business contract as a named insured can avail themselves of the commercial activity exception to the FSIA in the context of a foreign sovereign insurance company." *Jung Nyeo Lee v. Ins. Corp. of B.C.*, 2017 U.S. Dist. LEXIS 136319, at *5 (W.D. Wash. 2017) (citing to *W. Protectors Ins. Co. v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 4568, 2009 WL 159212 at *4 (W.D. Wash. 2009)).  It is indisputable that ICBC is a foreign sovereign insurance company, and it is indisputable that Plaintiff is not a named insured.  Plaintiff provides no evidence, in fact or law, of why the commercial activity exception applies in his case.

Plaintiff's allegations do not fall within the plain language of 28 U.S.C. § 1605(a)(2).   Therefore, Plaintiff should not be allowed to avail himself to the commercial activity exception and ICBC should retain its immunity to jurisdiction.

ICBC'S AMENDED MOTION TO DISMISS
PAGE - 13

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301

### 4.  Additional Argument

Whereas Counts III and V are torts on their face, Plaintiff does not make clear if he is arguing that Counts I, II, and IV fall under the commercial activity exception or the noncommercial tort exception.  Count I, Violations of Florida's Civil Remedies for Criminal Practices Act, 772.103(3),  and includes allegations of wire fraud 18 USC § 1343, violations of computer crimes under Fla. Stat. § 815.06, and organized fraud under § 817.034,; Count II, Violation of Florida's Civil Remedies for Criminal Practices Act 772.103(4); and Count IV, Common Law Conspiracy, do not expressly allege torts.  Plaintiff may argue that the torts are embedded in the expansive allegations. However, the argument would be the same as above:  namely that, even if Plaintiff could elucidate a tort, it would not be covered by the exception because it either 1) did not occur entirely in the United States or 2) falls into one of the exceptions to the exceptions as the result of ICBC's use of discretion in its review of insurance claims on insurance policies held in British Columbia.

The logical inverse of that argument is that, if Plaintiff argues Counts I, II, and IV are not torts, then they should only be considered if the commercial activity exception applies.  ICBC does not operate or engage in a regular course of business in the United States, and Plaintiff has alleged no particularized commercial act or direct effect in the United States.  And finally, the limited scope of the commercial activity exception in insurance claims cases should bar its application.

 ICBC has sovereign immunity from this Court's jurisdiction, and Plaintiff fails to make a case that either exception to immunity applies in this case.  Accordingly, this Court should dismiss the Complaint pursuant to Rule 12(b)(1).

## V.   CONCLUSION

The district courts cannot hear cases when there is a lack of subject-matter jurisdiction. Here, unless an exception applies, ICBC is immune from subject-matter

jurisdiction because it is a foreign sovereign.  Plaintiff has failed to show that an exception to sovereign immunity applies, nor could the exceptions alleged based on the facts of this case.  As such, ICBC begs the Court to dismiss Plaintiff's complaint based on its immunity under FSIA.

DATED this 28th day of October 2020.

BAUMANN, GANT & KEELEY, P.A.

/s/ *Gary F. Baumann*
Gary F. Baumann, Esq.
FL Bar No. 089052
Attorneys for Defendant,
INSURANCE CORPORATION OF
BRITISH COLUMBIA
BAUMANN, GANT & KEELEY, P.A.
1401 East Broward Boulevard, Suite 200
Fort Lauderdale, FL 33301
Phone: (954) 440-4611
Fax: (954) 440-4613
gbaumann@baumannlegal.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true and correct copy of the foregoing Amended Motion to Dismiss was filed in the Court's CM/ECF system this 28th day of October 2020, and thereby served upon all counsel of record.

<u>/s/ *Gary F. Baumann*</u>
Gary Baumann
FL Bar No. 089052
Attorney for Defendant, INSURANCE
CORPORATION OF BRITISH
COLUMBIA
BAUMANN, GANT & KEELEY, P.A.
1401 East Broward Boulevard, Suite 200
Fort Lauderdale, FL 33301
Phone: (954) 440-4611
Fax: (954) 440-4613
gbaumann@baumannlegal.com

BAUMANN, GANT & KEELEY, P.A.
1401 E. Broward Blvd., Suite 200
Fort Lauderdale, FL  33301