1
2
3
4
5
6
7
8
## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
9
10 RICHARD HALL,

11                                          Plaintiff,     NO. 6:20-cv-01992-CEM-LRH

12          v.                                             DECLARATION OF W.A. SCOTT
                                                           MACFARLANE ON BEHALF OF
13 INSURANCE CORPORATION OF                                INSURANCE CORPORATION OF
   BRITISH COLUMBIA,                                       BRITISH COLUMBIA
14                                          Defendant.
15
16
17
18
19
20          I, W.A. Scott Macfarlane, attorney in British Columbia, Canada, declare as

21 follows:

22          1.       I am employed by the Insurance Corporation of British Columbia

23 ("ICBC").  My title is Senior Legal Counsel, and I work in the Corporate Law

24 Department of ICBC.  I have held this position for 16 years.  I have personal

25 knowledge of all matters attested to in this declaration.

26
DECLARATION OF
SCOTT MACFARLANE – PAGE 1

2.      ICBC was established in 1973 by the government of British Columbia, Canada.  It is a crown corporation that is solely owned by the government of British Columbia, Canada.  ICBC is governed by the Insurance Corporation Act (Exhibit 1), which is its enabling statute enacted by the British Columbia Legislature.  ICBC is subject to provincial regulation by the British Columbia Government and the British Columbia Utilities Commission with respect to its universal insurance rates and services.

3.      Section 13 of the Insurance Corporation Act, entitled "Corporation an agent of the government" establishes that ICBC is an agent of the government. Section 13 also establishes that all property and money acquired by or administered by the corporation is deemed to be property of the government for all purposes, including exemption from taxation.

4.      ICBC revenue goes mostly towards paying insurance benefits, while some is invested in fulfilling ICBC's mandate to promote safe driving (the "RoadSense" Campaign") and to pursue other loss-prevention strategies.

5.      ICBC is governed by a board of directors appointed under the provisions of the Insurance Corporation Act. The Board of Directors, the CEO, and ICBC management govern ICBC in accordance with the Insurance Corporation Act, the Insurance (Vehicle) Act (Exhibit 2) and other Canadian legislation applicable to ICBC.

6.      Through the Lieutenant Governor, the provincial representative of the Crown, the Canadian Crown directly controls ICBC's budget.

7.      The original purpose of ICBC was to provide universal auto insurance in British Columbia.  Its responsibilities have expanded to include driver licensing and vehicle registration and licensing.

8.      ICBC is the exclusive provider of basic automobile insurance in the Canadian province of British Columbia.  The laws of British Columbia require every

DECLARATION OF
SCOTT MACFARLANE – PAGE 2

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121
P: (206) 800-4070

vehicle registered and driven in the province to be covered through ICBC under a basic insurance policy called the "Autoplan."

9.      ICBC is statutorily limited to selling automobile insurance to vehicles registered in British Columbia.  It is prohibited from selling or marketing insurance in the United States.

10.     ICBC does not consummate insurance transactions within the United States.  ICBC does not insure risks located in the United States at the time of contracting because it is only allowed to insure vehicles registered and driven in the province.

11.     ICBC does not maintain an office or any place of business in the United States.

12.     ICBC has never entered a commercial transaction with Plaintiff, much less in the United States.

13.     Any burden to defend a lawsuit brought against ICBC in the United States would be substantial and extremely burdensome.


Dated this day, Tuesday, October 27, 2020, at Vancouver, British Columbia, Canada.


_DECLARED BEFORE ME
THIS 27TH DAY OF
OCTOBER, 2020 AT
NORTH VANCOUVER, B.C._

Rana

RANA HAZARAT
BARRISTER & SOLICITOR
Corporate Law Department
Insurance Corporation of British Columbia
151 West Esplanade
North Vancouver, BC V7M 3H9
Phone: (604) 982-657   Fax: (604) 661-6495

W.A. Scott Macfarlane

Scott Macfarlane, Senior Legal Counsel
ICBC Corporate Law Department
Suite 220 - 145 Chadwick Court
North Vancouver, BC  V7M 3H9

DECLARATION OF
SCOTT MACFARLANE - PAGE 3

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121
P: (206) 800-4070

*EXHIBIT "I"*

---

| Copyright (c) Queen's Printer, Victoria, British Columbia, Canada | License Disclaimer |
|---|---|

This Act is current to October 21, 2020

See the Tables of Legislative Changes for this Act's legislative history, including any changes not in force.

# INSURANCE CORPORATION ACT

## [RSBC 1996] CHAPTER 228

## *Contents*

1 Definitions

Part 1 — Operation of Corporation
2 Corporation continued
3 Directors
4 President, general manager and staff
4.1 Joint management agreement
5 Transferred employees' pensions and benefits
6 Head office and branch offices
7 Objects, power and capacity
8 Special authorization
8.1 Records and proof
8.2 Corporation to maintain accounts
8.3 Directors to account for income and expenditures
8.4 Reserve
9 Additional powers
9.1 Costs incurred for damaged vehicle
9.2 Appointment of agents
10 Contracts
11 Signatures
12 Corporation as agent
13 Corporation an agent of the government
14 Grants in place of taxes
15 Temporary borrowing and guarantee of government
16 Advances from consolidated revenue fund
17 Corporation's costs for services under other enactments
18 Borrowing power
19 Form, etc., of securities
20 Government guarantee
21 Money of corporation

THIS IS EXHIBIT "I" REFERRED TO IN THE DECLARATION OF W.A. SCOTT MACFARLANE DECLARED BEFORE ME ON OCTOBER 27, 2020

22   Money in safekeeping
22.1 Fiscal year of corporation
23   Reports
24   Report to superintendent
25   Inspection by Comptroller General
26   Repealed
27   Additional reports
28   Excess of liabilities
29   Investments
30   Limitation of actions
31   Requirement to insure with corporation
32   Permission to insure with corporation
33   Mortgagor's rights
34   Information
35   Education and research
36   Repealed
37   Agreements
38   Initial advance
39   Application of the *Financial Institutions Act*
40   Application of the *Business Corporations Act*
41   Power to make regulations
42   Transition for Traffic Victims Indemnity Fund

Part 2 — Regulation of the Corporation
Division 1 — Interpretation
43   Interpretation
Division 2 — Role of the British Columbia Utilities Commission
44   *Utilities Commission Act* to apply
45   Regulation of universal compulsory vehicle insurance
46   Reserve funds
47   Commission subject to direction
48   Limitation
Division 3 — Competition Regulation
49   Separation of businesses

Definitions

1   In this Act:

"adjuster" and "agent" have the meaning, except in section 12, given them in the *Financial Institutions Act*;

"board" means the board of directors of the corporation;

"commission" means the British Columbia Utilities Commission continued under section 2 of the *Utilities Commission Act*;

"contract" means, except in sections 10 and 11, a contract of insurance and includes a policy, certificate, interim receipt, renewal receipt or writing evidencing the contract, whether sealed or not, and also includes a binding oral agreement;

"corporation" means the Insurance Corporation of British Columbia;

"general manager" means the corporation's general manager;

"insurance" means the undertaking by one person to indemnify another person against loss or liability for loss for a certain risk or peril to which the object of the insurance may be exposed, or to pay a sum of money or other thing of value on the happening of a certain event;

"MCT guideline" means the Guideline for Minimum Capital Test (MCT) for Federally Regulated Property and Casualty Insurance Companies issued by the Office of the Superintendent of Financial Institutions Canada as that guideline is amended or replaced from time to time;

"municipality" includes a regional district;

"optional vehicle insurance" means vehicle insurance other than universal compulsory vehicle insurance under the *Insurance (Vehicle) Act*;

"policy" means the document evidencing a contract and includes a certificate of membership relating in any way to insurance;

"president" means the president of the corporation;

"superintendent" means the Superintendent of Financial Institutions under the *Financial Institutions Act*;

"universal compulsory vehicle insurance" has the same meaning as in the *Insurance (Vehicle) Act*.

## Part 1 — Operation of Corporation

Corporation continued

2  (1)  The corporation known as the Insurance Corporation of British Columbia is continued.

(2)  The corporation consists of at least 3 members appointed by the Lieutenant Governor in Council.

(3)  [Repealed 2001-31-2.]

Insurance Corporation Act

(4) The Lieutenant Governor in Council may appoint a person to be a member to serve the unexpired term of a member who dies or resigns.

## Directors

3 (1) The members appointed under section 2, during the term of their respective appointments, are the directors of the corporation.

(2) The Lieutenant Governor in Council must designate a director as chair of the board.

(3) A director is entitled to be reimbursed by the corporation for reasonable travelling and other out of pocket expenses necessarily incurred by the director in discharging his or her duties.

(4) In addition, a director, other than the general manager, may, subject to subsection (6), be paid and may accept as remuneration for the director's services the daily or periodic amounts set by the Lieutenant Governor in Council.

(5) A majority of the members constitutes a quorum at a meeting of the directors or of the corporation.

(6) Despite the *Constitution Act*, a director who is a member of the Legislative Assembly

   (a) may accept payments under subsections (3) and (4), and

   (b) does not become ineligible as a member of the Legislative Assembly and is not disqualified to sit and vote in the Assembly because the member accepts payments under subsections (3) and (4).

(7) Despite the *Public Service Act*, a public officer may accept payments under subsections (3) and (4).

## President, general manager and staff

4 (1) Subject to the approval of the Lieutenant Governor in Council, the directors must appoint a president and a general manager to hold office during pleasure and, despite any Act, the directors must set their salary.

(2) The directors must define the duties of the president and general manager.

(3) Despite the *Public Service Act*, the directors or, if authorized by the directors, the president or the general manager, may do the following:

   (a) appoint the officers and employees they consider necessary to carry on the corporation's business;

    (b) determine their duties and remuneration;

    (c) provide a system of organization to fix responsibility and promote efficiency.

(4) The *Public Service Act* does not apply to the officers and employees of the corporation.

(5) [Repealed 1999-44-63.]

(6) The corporation may, alone or in cooperation with other corporations, ministries, commissions or other agents of the government, establish, support or participate in one or more of a pension or a group insurance plan for the benefit of its officers and employees and their dependants.

(7) Despite this or any other Act the establishment or support of, or participation in, a pension plan referred to in subsection (6) must not be the subject of a collective agreement between the corporation and its employees.

(8) The corporation may require a bond under the *Bonding Act* from the officers and employees it may designate.

## Joint management agreement

4.1 (1) In this section:

"agreement" means the joint management agreement referred to in subsection (2);

"pension fund" means the trust fund established under the pension plan;

"pension plan" means the Retirement Plan for Employees of the Insurance Corporation of British Columbia.

(2) Despite section 4 (7), the corporation may enter into a joint management agreement with the trade unions that represent its employees for the joint trusteeship of all or part of the pension plan and pension fund, or for any other matter relating to the pension plan or pension fund on which agreement is reached.

(3) The corporation and the trade unions must establish appropriate mechanisms whereby the views and interests of the corporation's non-unionized employees and retirees are fairly represented in the negotiation of the agreement.

(4) The agreement must not require any change to the pension plan or pension fund that would render the pension plan ineligible for registration under the *Pension Benefits Standards Act* or the *Income Tax Act* (Canada).

(5) When the agreement is entered into, the corporation must adopt those plan rules and other instruments that are necessary to amend and continue the pension plan and pension fund in accordance with the agreement and, thereafter, the pension plan and pension fund

    (a) must be administered as provided by the agreement,

    (b) may be amended as provided by the agreement, and

    (c) are not subject to section 4 of this Act.

(6) Despite subsection (2), the non-unionized employees and the retirees of the corporation not represented by the trade unions may benefit from and be made subject to the agreement, and the corporation and the trade union representatives have the power to enter into the agreement on behalf of those persons and, if entered into, the agreement is binding on those persons.

## Transferred employees' pensions and benefits

5 (1) Despite section 4 (4), the Public Service Pension Plan, continued under the *Public Sector Pension Plans Act*, applies to persons who, immediately before any transfer date that the Lieutenant Governor in Council may set by order, are employees of the government, within the motor vehicle branch, and who

    (a) are designated by order of the Lieutenant Governor in Council as persons carrying out functions under this Act that on and after the transfer date are to be carried out by the corporation,

    (b) elect to become employees of the corporation, and

    (c) on the relevant transfer date set under this section, begin employment as employees of the corporation.

(2) The Public Service Pension Plan applies to the corporation in its capacity as the employer of the persons to whom that plan applies under this section.

(3) The corporation must pay to the trustee of the pension fund under the Public Service Pension Plan the employer's contributions in amounts equivalent to the amounts required under that plan.

(4) Until, but not after, the end of the day on a date to be set by order of the minister responsible for the administration of the *Transportation Act*, the *Public Service Benefit Plan Act* applies to the employees of the corporation to whom the Public Service Pension Plan applies under this section.

(5) The discretion under this section to set a transfer date or to make a designation referred to in subsection (1) (a) may be exercised from time to time as the occasion requires.

Head office and branch offices

6  (1) The corporation's head office is to be at the place designated by regulation.

  (2) The corporation may establish branch offices at places designated by the directors.

Objects, power and capacity

7  It is the function of the corporation and it has the power and capacity to do the following:

  (a) subject to the approval of the Lieutenant Governor in Council, engage in and carry on, inside and outside of British Columbia, the business of insurance and reinsurance in all its classes;

  (b) subject to the approval of the Lieutenant Governor in Council, operate and administer plans of insurance, including universal compulsory vehicle insurance, authorized under any other enactment;

  (c) engage in and carry on the business of repairing insured property and of salvaging and disposing by public or private sale property insured and acquired under a contract by which the corporation may be liable as an insurer, or make agreements with other persons for those purposes;

  (d) subject to the *Health Professions Act* and the *Hospital Act*, engage in and carry on the business of providing medical and hospital services to a person insured under a contract by which the corporation may be liable as an insurer, or make agreements with other persons for those purposes;

  (e) for its own use and benefit, acquire or expropriate, and hold or take options on land required for its business, conveyed, mortgaged or hypothecated to it by way of security, acquired as an investment, or conveyed to it in full or partial satisfaction for debts and judgments, and may dispose of the whole or part of the land;

  (f) acquire some or all of the shares or business and property of an insurer, agent, adjuster or motor vehicle repairer, or make an agreement to carry on jointly a class of insurance with another insurer, inside or outside of British Columbia, and the *Insurance Act* and the *Financial Institutions Act* do not apply to the agreement;

(g) carry out any powers, duties and functions in relation to the *Motor Vehicle Act*, the *Commercial Transport Act* or the *Off-Road Vehicle Act*, or to any program of the government or of an agency of the government, that may be authorized under the *Motor Vehicle Act*, the *Commercial Transport Act*, the *Off-Road Vehicle Act* or another enactment respecting motor vehicles or vehicles, or that may be assumed by the corporation by agreement with the government or an agency of the government;

(h) receive, hold, manage and collect, for and on behalf of the government,

    (i) revenue from fines in connection with violation tickets under the *Offence Act*, for contravention of enactments referred to in the regulations under that Act, including revenue from fines imposed by the Provincial Court for contraventions for which violation tickets have been issued,

    (ii) revenue from a monetary penalty imposed under section 215.44 of the *Motor Vehicle Act* and revenue from licence, permit and other fees under the *Motor Vehicle Act*, the *Commercial Transport Act*, the *Off-Road Vehicle Act* or another enactment respecting motor vehicles or vehicles,

    (iii) revenue from fees collected under the *Medicare Protection Act*, and

    (iv) revenue from taxes imposed under the *Provincial Sales Tax Act*;

(i) promote and improve highway safety.

## Special authorization

8 (1) Despite section 7, the corporation may carry on business as insurer in those classes of insurance and reinsurance only as are designated by regulation.

(2) The Lieutenant Governor in Council may make regulations authorizing the corporation to engage in and carry on any class of insurance as defined under the *Financial Institutions Act*, or any insurance plan and the regulations may provide that some provisions of this Act or the regulations do not apply to a particular class of insurance or insurance plan carried on under this section.

(3) On being authorized by regulation, the corporation has the right to engage in and carry on, in British Columbia, the class of insurance or the insurance

plan so authorized without further authority than this Act and the regulations, as fully as if authorized to carry on insurance business under the *Financial Institutions Act*.

Records and proof

8.1 (1) If a record is kept by the corporation under this Act or the *Insurance (Vehicle) Act*, the corporation may

   (a) have the record photocopied,

   (b) have the record or its contents stored in electronic format,

   (c) have the record or its contents reproduced on a record that enables the information to be subsequently displayed or immediately accessible in visible form, or

   (d) keep the record or its contents in any other prescribed manner.

(2) If information from a record to be kept by the corporation is converted into another format under subsection (1), the corporation may destroy the paper format of the record and the information, in the format into which it has been converted, is deemed to be the record so converted.

(3) If records are kept by the corporation otherwise than in paper format, the corporation must provide, in intelligible form, any copy of those records that, under this Act or the *Insurance (Vehicle) Act*, the corporation is required to provide.

(4) A copy of, or extract from, a record kept in a format other than an electronic format by the corporation under this Act or the *Insurance (Vehicle) Act*, certified to be a true copy or extract by an officer of the corporation, is

   (a) evidence of the record or of the part of the record extracted and of the facts stated in the record or the part of the record, and

   (b) conclusive proof that the corporation is the keeper of the record, in fulfillment of the corporation's responsibility under this section.

(5) A reproduction in paper format of a record kept in electronic format by the corporation is evidence of the record and of the facts stated in the record, and is conclusive proof that the corporation is the keeper of the record, in fulfillment of the corporation's responsibility under this section, if

   (a) the reproduction is certified to be a true copy by an officer of the corporation, or

(b) the reproduction contains a statement to the effect that the reproduction is an authentic reproduction of information stored in a database in electronic format by the corporation.

(6) A record of information, based on the records kept by the corporation under this Act or the *Insurance (Vehicle) Act*, is evidence of the facts contained in the record if

    (a) the information is contained in a certificate of an officer of the corporation, or

    (b) the records contains a statement to the effect that the record is an authentic reproduction of information stored in a database in electronic format by the corporation.

(7) Proof is not required of the signature or official position of a person certifying the truth of a copy or extract, or giving a certificate under this section, and a facsimile signature purporting to be the signature of a person required to sign or certify a record under this Act or the *Insurance (Vehicle) Act* is evidence of the signature and of the authority for the use of the facsimile signature.

(8) A certificate or other record referred to in subsection (4), (5) or (6) must be received in all courts for the purposes of those subsections without proof that the certificate or other record was kept or provided with lawful authority.

(9) This section is in addition to and not in substitution for any provision of this or any other enactment respecting the retention, certification or use of records by the corporation including, without limitation, any provision that

    (a) allows the corporation to retain records in any format,

    (b) allows for certification of records by the corporation in any manner, or

    (c) allows any record to stand as evidence of any fact or matter.

## Corporation to maintain accounts

8.2 The corporation must keep and maintain separate and distinct accounts in which it must record

    (a) all money paid to the corporation for premiums and all other money, including investment income, paid to the corporation for the purposes of the *Insurance (Vehicle) Act*, and

    (b) all payments by the corporation of benefits, insurance money, damages, compensation, costs and capital expenditures and

Case 6:20-cv-01992-CEM-LHP   Document 7-1   Filed 10/28/20   Page 14 of 95 PageID 229

operating expenses for the purposes of the *Insurance (Vehicle) Act*.

## Directors to account for income and expenditures

8.3 If the corporation receives income, including investment income, or if the corporation makes an expenditure partly for the purpose of the *Insurance (Vehicle) Act* and partly for another business or purpose of the corporation, the directors must apportion and account for that income and expenditure accordingly.

## Reserve

8.4 Subject to the regulations, including, without limitation, any orders of the commission under section 46, the corporation must maintain for the purposes of the *Insurance (Vehicle) Act* reserves in amounts the corporation considers advisable in the interest of owners of vehicles and drivers of vehicles, and in the interest of good management of the business of vehicle insurance, so that the corporation has at all times sufficient funds to meet the payments under the *Insurance (Vehicle) Act* as they become payable.

## Additional powers

9 (1) The corporation may do all acts and things necessary or required for the purpose of carrying out its functions and powers, and, for that purpose, has all of the powers and capacity of an individual of full capacity.

(2) Without limiting subsection (1), the corporation may do any of the following:

(a) conduct surveys and research programs and obtain statistics for its purposes and to establish and administer any insurance plan;

(b) enter into an agreement with, or retain agents or adjusters to solicit and receive applications for insurance, to collect premiums, adjust claims, and do other things on its behalf it considers necessary;

(c) prescribe forms for application, contracts, policies and other matters it considers necessary;

(d) prescribe the detail required to be set out on a form;

(e) evaluate damages and losses and pay claims under a contract by which the corporation may be liable as an insurer;

(f) reinsure the whole or part of a contract of another insurer, and reinsure its risks under the whole or part of a contract with another insurer, whether or not the other insurer is inside or

Insurance Corporation Act

Page 12 of 30

outside of British Columbia, or is authorized under the *Financial Institutions Act*;

(g) do anything necessary to settle, adjust, investigate, defend and otherwise deal with, under this Act, the *Insurance Act* or the *Financial Institutions Act* so far as is applicable, claims made on contracts by which the corporation may be liable as insurer or on a plan established under sections 7 and 8 (1);

(h) make bylaws and pass resolutions, not contrary to law or this Act, it considers necessary or advisable for the conduct of its affairs including the time and place of its meetings, procedure at meetings and generally the conduct of its affairs in all ways;

(i) carry out either alone or with a board, commission, corporation, ministry or agency of government, or a person, agency or association, a research, education, training, competition or similar program relating to highway safety;

(j) promote or carry out programs of research into causes of accidents and the equitable distribution of losses resulting from highway traffic accidents;

(k) establish and maintain repair shops to investigate and apply techniques used in the repair of vehicles and to analyze the cost of repairs;

(l) negotiate with persons engaged in vehicle repairs to establish fair and reasonable prices for vehicle repairs for which payments may be made under the *Insurance (Vehicle) Act*.

### Costs incurred for damaged vehicle

9.1 (1) If a vehicle has been damaged as a result of an accident and has been delivered into the custody of the corporation with the consent of the owner or person in charge of the vehicle at the time of the accident or under the direction of a peace officer under the *Motor Vehicle Act*,

(a) the corporation has a lien on the vehicle for the amount of the costs and charges for removal, towing, care or storage of the vehicle unless the corporation is responsible for payment of the amount of those costs and charges, and

(b) that amount is a debt owing by the registered owner to the corporation.

(2) The corporation may give a written notice to the registered owner of the vehicle requiring the registered owner to

      (a) pay the costs and charges referred to in subsection (1), and

      (b) remove the vehicle from the place where it is stored within 7 days from the date of receipt of the notice.

(3) A notice under subsection (2) may be given by serving it personally on the registered owner or by mailing it to the registered owner's address as shown in the records of the corporation and, if mailed, the notice is deemed to have been received on the eighth day after the date of mailing.

(4) If the registered owner does not pay the costs and charges owing to the corporation and remove the vehicle within 14 days after receiving a notice given under subsection (2), the corporation may, without further notice, offer the vehicle for sale by public auction or tender.

(5) On the sale of a vehicle under this section, the corporation may deduct all costs and charges owing to it, including the costs of the sale, and must for 2 years after that hold any balance in trust for the owner of the vehicle and other persons having a registered interest in the vehicle and if the balance is unclaimed within the 2 years it becomes the property of the corporation.

(6) If a vehicle offered by the corporation for sale by public auction or by tender is not sold, the corporation is deemed to be the purchaser of it for the amount of the costs and charges owing and the corporation may dispose of it as the corporation considers appropriate.

(7) When the corporation sells a vehicle or is deemed to be the purchaser of it by this section, the indebtedness of the owner to the corporation for the costs and charges referred to in subsection (5) in respect of the vehicle is extinguished.

## Appointment of agents

9.2 (1) The corporation may, in writing, appoint agents it considers necessary for the purposes of either or both of universal compulsory vehicle insurance and optional vehicle insurance.

(2) The corporation must not appoint an agent unless he or she holds or has applied for a licence under the *Financial Institutions Act* as an insurance agent for the place specified in the appointment.

(3) Despite subsection (2), for the purpose of universal compulsory vehicle insurance, the corporation may appoint as an agent

      (a) a government agent, or

      (b) a person authorized in writing by the minister.

(4) The provisions of the *Financial Institutions Act* regarding insurance agents do not apply to the persons appointed under subsection (3) of this section.

(5) An agent must not have his or her appointment in respect of universal compulsory vehicle insurance or optional vehicle insurance terminated without just cause.

(6) Subject to any orders of the commission under this Act or the *Utilities Commission Act* as applied by this Act or a regulation under section 47 or 51, the corporation, after consultation with an agent, may establish annually the commission and other remuneration to be paid to the agent.

(7) An appointment of an agent made under the *Insurance (Motor Vehicle) Act* before September 27, 1977, that has not been suspended, cancelled or revoked, and a subsisting agreement made with respect to it, continues in force to the extent consistent with this section, until terminated by the corporation or the agent.

## Contracts

10 (1) A contract that, if made between natural persons would be by law required to be in writing and under seal, may be made on behalf of the corporation in writing under seal and may, in the same manner, be varied or discharged.

(2) A contract that, if made between natural persons would be by law required to be in writing signed by the parties to be charged, may be made on behalf of the corporation in writing signed by any person acting under its authority, express or implied, and may in the same manner be varied or discharged.

(3) A contract that, if made between natural persons would by law be valid although made orally and not reduced to writing, may be made in like manner on behalf of the corporation by any person acting under its authority, express or implied, and may in the same manner be varied or discharged.

(4) All contracts made according to this section are effectual in law, and bind the corporation and its successors and all other parties to them.

(5) A bill of exchange or promissory note is deemed to have been made, accepted or endorsed on behalf of the corporation if made, accepted or endorsed in the name of, on behalf of or on account of, the corporation by any person acting under its authority.

## Signatures

Insurance Corporation Act

11 (1) A director or the general manager sufficiently signs a document on behalf of the corporation if his or her signature is written on the document.

(2) If a document relating to the corporation's business bears a signature and if required, a countersignature, purporting to be that of a director, general manager, officer or an authorized person, the document is deemed to be validly made and the signature, countersignature and seal, if any, deemed to be validly signed and sealed by persons authorized by the corporation.

(3) It is not necessary to prove the seal of the corporation, the handwriting or the authority of the person signing, sealing or countersigning the document, or, in the case of a document signed under subsection (1), authenticity of the facsimile of the signature of a director or the general manager.

## Corporation as agent

12 (1) The corporation, its officers or full time salaried employees may, for this Act, act as an agent or adjuster.

(2) The *Financial Institutions Act* does not apply to such an agent or adjuster.

## Corporation an agent of the government

13 (1) All property and money acquired or administered by the corporation is deemed to be the property of the government for all purposes, including exemption from taxation.

(2) The corporation is an agent of the government.

(3) Money, funds, investments and property acquired or administered by the corporation may not be taken, used or appropriated by the government for any purpose whatever, except under subsection (5) or to repay advances by or money borrowed from the government and the interest on it.

(4) Subsection (3) does not apply to the revenue referred to in section 7 (h) that is received by the corporation.

(5) The corporation must pay to the government any tax or impost that, but for subsection (3), would be assessed or levied against the corporation, its business or property under any other Act, except income tax under the *Income Tax Act*.

## Grants in place of taxes

14 The Lieutenant Governor in Council may, by order, direct the corporation to pay grants of money to a municipality in which property of the corporation is located.

Insurance Corporation Act

**Temporary borrowing and guarantee of government**

15 (1) Subject to any restriction placed by order of the Lieutenant Governor in Council, the corporation may borrow or raise money for its temporary purposes by way of overdraft, line of credit, loan or otherwise, on the credit of the corporation for the amounts, terms and periods determined by the corporation.

(2) The government may, on terms that may be approved by the Lieutenant Governor in Council, guarantee payment of the principal and interest on the borrowing of the corporation.

**Advances from consolidated revenue fund**

16 To the extent permitted by any Act, the Lieutenant Governor in Council may authorize the Minister of Finance to advance money to the corporation for its temporary purposes out of the consolidated revenue fund, to be repaid on terms approved by the Lieutenant Governor in Council.

**Corporation's costs for services under other enactments**

17 (1) Despite the *Financial Administration Act*, the corporation may retain, out of the revenue referred to in section 7 (h) of this Act that is received by the corporation, the corporation's permitted costs of its services in

(a) receiving, holding, managing, collecting and accounting for the revenue, and

(b) carrying out its powers, duties and functions referred to in section 7 (g) of this Act.

(2) For the purposes of subsection (1), the Treasury Board must prescribe the corporation's permitted costs of its services.

**Borrowing power**

18 (1) Subject to the prior approval of the Lieutenant Governor in Council and to subsection (2), the corporation, as agent of the government, may, for its purposes, raise money in lawful money of Canada by way of loan on the credit of the corporation.

(2) Through the Minister of Finance as its agent for the purpose of this section or section 15 or 16, the corporation may do any of the following:

(a) issue notes, bonds, debentures or other securities of the corporation;

(b) dispose of the securities so issued at the prices considered advisable;

    (c) mortgage or pledge its property;

    (d) raise money by way of loan on the securities.

## Form, etc., of securities

19 (1) The notes, bonds, debentures and other securities issued under section 18 must be in the form, bear the rate of interest and be payable or redeemable in advance of maturity, for principal, interest and premium, in the currencies of the countries, in the amount or price, in the manner, and at the times, as the Lieutenant Governor in Council may determine.

  (2) The notes, bonds, debentures and other securities authorized by section 18 must bear the seal of the corporation, which may be impressed or engraved, or otherwise mechanically reproduced on them and, together with any coupons attached, must bear the manual, engraved or otherwise mechanically reproduced signatures of the chair and of the secretary of the corporation.

  (3) A mechanically reproduced seal or signature is, for all purposes, valid and binding on the corporation if the note, bond, debenture or other security or the coupon bearing it is countersigned by an officer appointed by the corporation for that purpose,

    (a) even though the person whose signature is reproduced may not have held office at the date of the security or of its delivery, and

    (b) even though the person who holds the office at the time when the signature is affixed is not the person who holds that office at the date of the security or of its delivery.

  (4) A recital or declaration in a resolution or minutes of the corporation authorizing the issue or sale of notes, bonds, debentures or other securities to the effect that the amount of securities so authorized is necessary to realize the net sum authorized or required to be raised is conclusive evidence of that fact.

## Government guarantee

20 (1) The government may, on terms as may be approved by the Lieutenant Governor in Council, guarantee the payment of principal, interest and premium, if any, of any notes, bonds, debentures and other securities issued by the corporation.

  (2) The guarantee must be in a form and manner the Lieutenant Governor in Council may approve.

(3) The guarantee must be signed by the Minister of Finance or an officer designated by the Lieutenant Governor in Council.

(4) On the guarantee being signed, the government is liable for the payment of the principal, interest and premium, if any, of the notes, bonds, debentures and securities guaranteed, to the extent of the guarantee.

(5) In the hands of a holder of any such security of the corporation, a guarantee so signed is conclusive evidence that this section has been complied with.

(6) The Lieutenant Governor in Council may discharge any liability resulting from the guarantee out of

    (a) the consolidated revenue fund, or

    (b) the proceeds of securities of the government issued and sold for the purpose.

(7) The signature of the Minister of Finance or a designated officer may be engraved or otherwise mechanically reproduced.

(8) The mechanically reproduced signature is for all purposes the signature of that person and is binding on the government,

    (a) even though the person whose signature is reproduced may not have held office at the date of the security or of its delivery, and

    (b) even though the person who holds the office at the time when the signature is affixed is not the person who holds that office at the date of the security or of its delivery.

**Money of corporation**

21 (1) Money required by any Act or regulations to be paid to the corporation, premiums and other consideration payable for insurance provided by the corporation, and any other money that may be due and payable to the corporation must be paid to the corporation, and may be retained by it to be used and dealt with only to carry out the powers of the corporation under this or any other Act.

(2) The Lieutenant Governor in Council may, by order, direct the Minister of Finance to pay to the corporation for the purposes of the *Insurance (Vehicle) Act*, out of the consolidated revenue fund, the amounts considered advisable but not to exceed the equivalent of

    (a) a tax of 2.2¢/litre on each litre of fuel taxable under the *Motor Fuel Tax Act*, and

(b) the portion considered advisable, of the fees payable under the *Motor Vehicle Act*, *Commercial Transport Act* and *Passenger Transportation Act*.

## Money in safekeeping

22   The corporation's uninvested money and securities held by it must be kept for safekeeping in the banks or institutions determined by the directors.

## Fiscal year of corporation

22.1  (1)  For fiscal years of the corporation that begin after 2016, the fiscal year of the corporation is the period from April 1 in one year to March 31 in the next year.

(2)  The fiscal year of the corporation that began on January 1, 2016 ends on March 31, 2017.

## Reports

23  (1)  The corporation must prepare and provide to the minister by the date required by the minister, for the preceding fiscal year,

(a)  a report of the corporation on its operations,

(b)  a financial statement showing the corporation's operations, as well as its assets and liabilities at the end of the year in the form that may be required by the Minister of Finance, and

(c)  if the corporation is engaged in the business of optional vehicle insurance,

(i)  a report, prepared by an actuary who is not an employee of the corporation, as to whether the corporation's optional vehicle insurance policy liabilities and universal compulsory vehicle insurance policy liabilities have been valued in accordance with accepted actuarial practices, and

(ii)  a report, prepared by an accountant who is not an employee of the corporation, as to whether

(A)  the corporation's optional vehicle insurance costs have been attributed to optional vehicle insurance in accordance with generally accepted accounting principles and in compliance with section 49 (1) and any orders made under section 49 (2), and

(B)  the corporation's universal compulsory vehicle insurance costs and its non-insurance costs related to driver and vehicle licensing and road safety have

been attributed to universal compulsory vehicle insurance in accordance with generally accepted accounting principles and in compliance with section 49 (1) and any orders made under section 49 (2).

(2) Unless the Auditor General is appointed in accordance with the *Auditor General Act* as the auditor of the corporation, the Lieutenant Governor in Council must appoint an auditor

    (a) to audit the accounts of the corporation for each fiscal year of the corporation, and

    (b) to report to the minister on the annual financial statement.

(3) On or before August 31 after the end of the preceding fiscal year of the corporation, the minister must either, as applicable,

    (a) lay the reports and financial statement received by the minister under subsection (1) before the Legislative Assembly, if it is in session, or

    (b) file the reports and financial statement with the Clerk of the Legislative Assembly, if the Legislative Assembly is not in session.

(4) The financial statement referred to in subsection (1) must be prepared in accordance with generally accepted accounting principles.

(5) If the corporation is engaged in the business of optional vehicle insurance, the financial statement referred to in subsection (1) must include the following:

    (a) a financial statement for the optional vehicle insurance operations of the corporation;

    (b) a financial statement for the remainder of the operations of the corporation.

## Report to superintendent

24 (1) The corporation must file with the superintendent each year an annual report on its condition and affairs for its immediately preceding fiscal year.

(2) The report must be prepared in a manner determined by the superintendent and filed within 30 days after the date on which the financial statement for the corresponding fiscal year is laid before the Legislative Assembly or filed with the Clerk of the Legislative Assembly under section 23.

## Inspection by Comptroller General

25 (1) The Comptroller General must, as often as he or she considers advisable, inspect the records of the corporation to satisfy himself or herself that revenues collected by the corporation on behalf of the government have been accurately recorded and remitted promptly to the Minister of Finance.

   (2) The Minister of Finance may at any time direct the Comptroller General to examine and report to the Treasury Board on the financial or accounting operations of the corporation.

## Repealed

26   [Repealed 2020-10-3.]

## Additional reports

27   The Lieutenant Governor in Council may, at any time, by order, require additional reports the Lieutenant Governor in Council may consider necessary from the corporation.

## Excess of liabilities

28   If the financial statement or report referred to in section 23 (1) (a) or (b), as the case may be, or an additional report under section 27, shows that the liabilities exceed the assets, or indicates that the liabilities, exclusive of the liability for the repayment of money, if any, paid to the corporation under this section or section 16 or 38, may, at any time in the coming fiscal year, exceed the assets, the Lieutenant Governor in Council may, by order, direct that the amount or estimated amount of the excess be paid to the corporation out of the consolidated revenue fund.

## Investments

29 (1) The corporation must not invest or lend its funds other than in accordance with guidelines prescribed by the Lieutenant Governor in Council.

   (2) The corporation may take any additional securities of any kind to secure repayment to the corporation of any investment or loan or to further ensure the sufficiency of the securities in which the corporation is, by this section, authorized to invest or loan its funds.

## Limitation of actions

30 (1) Unless a longer period is provided in the contract or insurance plan, no action or other proceeding lies against the corporation in respect of any claim for loss or damage under a policy or plan of insurance unless the action or other proceeding is commenced within one year after the

furnishing of reasonably sufficient proof of loss or claim under the policy or plan.

(2) No action or other proceeding lies against any person other than the corporation for the purpose of enforcing a claim or right in relation to the operations engaged in or carried on under this Act or any insurance plan established under any Act.

(3) No action or other proceeding whatever may be commenced against a person in respect of any act or omission done in good faith in connection with the administration or carrying out of this Act, regulations or any insurance plan established under any Act.

## Requirement to insure with corporation

31 (1) If the corporation has power, under section 8, to engage in and carry on a class of insurance or an insurance plan and the corporation establishes the class or plan, every designated association, board, commission, municipality or other corporation to which a grant or advance may be made, the borrowings of which may be guaranteed by the government, or a majority of members of which are appointed by the Lieutenant Governor in Council, must, if that class of insurance is required, apply to the corporation for the insurance of that class it may require, and must not effect the insurance with another insurer unless an application for the insurance is refused by the corporation.

(2) This section applies only to the associations, boards, commissions, municipalities or other corporations designated by the Lieutenant Governor in Council by order.

## Permission to insure with corporation

32 Subject to section 31, if, under an Act other than the *Financial Institutions Act* a class of insurance may be effected with an insurer authorized to do business in British Columbia, and the corporation is carrying on business in that class of insurance, the insurance so authorized may, despite the other Act, be effected with the corporation.

## Mortgagor's rights

33 (1) Despite the terms and conditions of a mortgage or agreement, a mortgagor or purchaser may effect insurance with the corporation, whether or not the corporation is a company approved by the mortgagee or vendor.

(2) Production of a policy issued by the corporation constitutes compliance with the terms of the mortgage or agreement respecting production of a policy of insurance.

## Information

34 For the purpose of evaluating the risks or class of risks that may be undertaken by the corporation, each ministry of the government, agent of the government and municipality must provide to the corporation, on request in writing, the reports and information the corporation may require.

## Education and research

35 The corporation, either alone or in cooperation with one or more ministries of government, persons, boards, commissions or other corporations, may introduce, supervise, finance and promote educational programs or research relating to health, rehabilitation, safety and the reduction of risk for any branch or class of insurance in which the corporation is engaged.

## Repealed

36 [Repealed 2003-94-65.]

## Agreements

37 (1) With the approval of the Lieutenant Governor in Council, the corporation may enter into agreements with Canada or a province on any of the following:

(a) [Repealed 2003-94-65.]

(b) deposit, security and undertaking required to carry on business in other provinces;

(c) any other matter for carrying on business, or settlement of claims in other provinces.

(2) and (3) [Repealed 2003-94-65.]

## Initial advance

38 Out of the fund of $5 million set aside by the Minister of Finance on March 31, 1973, the Minister of Finance must make advances to the corporation under section 16 as authorized by order of the Lieutenant Governor in Council.

## Application of the *Financial Institutions Act*

39 (1) Except as provided in this Act and the regulations, the *Financial Institutions Act* does not apply to the corporation.

(2) The Lieutenant Governor in Council may make regulations specifying that the corporation must comply with any or all of the provisions of

    (a) the *Financial Institutions Act*,

    (b) the regulations under the *Financial Institutions Act*, or

    (c) similar legislation of Canada.

(3) The Lieutenant Governor in Council may, in regulations made under subsection (2),

    (a) prescribe how the specified provisions apply and how the corporation must comply with them, and

    (b) apply different provisions, or apply provisions differently, to different parts of the corporation's operations and different businesses operated by the corporation.

(4) In the event of a conflict between a provision specified in a regulation made under subsection (2), or anything ordered or done under a regulation made under subsection (2), and a provision of Part 2 of this Act, or anything ordered or done under a provision of Part 2, the provision of Part 2 or the order or action under the provision of Part 2 prevails.

## Application of the *Business Corporations Act*

40 (1) Except as provided in this Act, the *Business Corporations Act* does not apply to the corporation.

(2) The Lieutenant Governor in Council, may, by order, direct that the *Business Corporations Act*, or a provision in it, applies to the corporation.

## Power to make regulations

41 (1) The Lieutenant Governor in Council may make regulations referred to in section 41 of the *Interpretation Act*.

(2) Without limiting subsection (1), the Lieutenant Governor in Council may make regulations respecting the manner in which records or their contents may be kept by the corporation.

## Transition for Traffic Victims Indemnity Fund

42 (1) The corporation has, despite the repeals effected by the *Traffic Victims Indemnity Fund Repeal Act*, S.B.C. 1982, c. 30, the power and capacity to litigate or otherwise dispose of any claim against and the duty to discharge any liability of

    (a) the Traffic Victims Indemnity Fund, and

    (b) the corporation

that would otherwise be extinguished by those repeals.

(2) Despite the repeals effected by the *Traffic Victims Indemnity Fund Repeal Act*, S.B.C. 1982, c. 30, all liabilities of the Group Two members of the Traffic Victims Indemnity Fund that would otherwise be extinguished by the repeals are preserved and, subject to subsection (4), continue to exist to the same extent as if the repeals had not been effected.

(3) Nothing in subsection (1) affects or prejudices any right that any person has or may have against the Group Two members of the Traffic Victims Indemnity Fund.

(4) Nothing in this section prevents the corporation from relying on the *Limitation Act*.

(5) This section is retroactive to the extent necessary to give full effect to its provisions.

## Part 2 — Regulation of the Corporation

### Division 1 — Interpretation

**Interpretation**

43 (1) [Repealed 2003-94-66.]

(2) In this Part, an activity has or is likely to have the effect of appreciably impeding or reducing competition if

    (a) the activity has or is likely to have a detrimental effect on existing or potential competition, and

    (b) the detrimental effect is or is likely to be large enough to be material, even though that detrimental effect may not be large enough to constitute preventing or lessening competition substantially within the meaning of sections 79 (1) and 92 (1) of the *Competition Act* (Canada).

### Division 2 — Role of the British Columbia Utilities Commission

***Utilities Commission Act* to apply**

44 (1) Subject to subsections (3), (6) and (7), the *Utilities Commission Act*, other than sections 5 (4) to (9), 22, 23 (1) (a) to (d) and (2), 25 to 38, 40, 41, 43 (1) (b) (ii), 44.1, 44.2, 45 to 57, 59 (2) and (3), 60 (1) (b) (ii) and (2) to (4), Part 3.1, 97, 98, 106 (1) (k), 107 to 109 and 114, Parts 4 and 5 and sections

125.1 and 125.2 of that Act, applies to and in respect of the corporation as if it were a public utility, and a reference in this Part to the *Utilities Commission Act* or to a provision of that Act is deemed to be a reference to that Act or provision as it applies for the purposes of this Act.

(2) Despite subsection (1), the corporation is not a public utility.

(3) For the purposes of subsection (1),

  (a) a reference to "rate" in the *Utilities Commission Act* and in this Part is deemed to be a reference to "rate", as defined in section 1 of the *Utilities Commission Act*, as if paragraph (a) of that definition read as follows:

    "(a) compensation of the Insurance Corporation of British Columbia, other than any fee or other remuneration to which that corporation is entitled for any activity it undertakes under section 7 (g), (h) or (i) of the *Insurance Corporation Act*,",

  (b) a reference to "service" in the *Utilities Commission Act* is deemed to be a reference to universal compulsory vehicle insurance, and includes

    (i) the corporation's practices and procedures related to universal compulsory vehicle insurance, and

    (ii) the corporation's performance in providing universal compulsory vehicle insurance to its customer base as a whole or to classes of its customers,

  but does not include the corporation's provision of universal compulsory vehicle insurance to any one customer,

  (c) section 23 (1) (g) (i) of the *Utilities Commission Act* is deemed to read as follows:

    "(i) the convenience or service of the public, or", and

  (d) section 43 (3) (a) of the *Utilities Commission Act* is deemed to read as follows:

    "(a) all profiles, contracts, reports of accountants, actuaries and consultants, accounts and records in its possession or control relating in any way to its property or service or affecting its business, or verified copies of them, and".

(4) In addition to any rights or powers that the commission may exercise under subsection (1) of this section in relation to the corporation, the commission is to supervise the corporation in accordance with sections 45 and 46 and Division 3 and, for that purpose, has all of the rights and

powers that would be available to the commission were that supervisory duty imposed on it under the *Utilities Commission Act*.

(5) Despite section 11 (1) and (2) of the *Utilities Commission Act*, the fact that a commissioner or an employee of the commission obtains or is otherwise covered by insurance coverage provided by the corporation is not a contravention of the *Utilities Commission Act* and does not disqualify the commissioner or employee from acting in any matter affecting the corporation.

(6) Section 62 of the *Utilities Commission Act* does not apply to rates for optional vehicle insurance.

(7) The Lieutenant Governor in Council may prescribe provisions of the *Utilities Commission Act* that do not apply to the corporation or to one or more of the businesses in which the corporation is engaged.

## Regulation of universal compulsory vehicle insurance

45 (1) If the corporation is authorized by the Lieutenant Governor in Council to provide universal compulsory vehicle insurance, the corporation must make available universal compulsory vehicle insurance in a manner, and in accordance with practices and procedures, that the commission considers are in all respects adequate, efficient, just and reasonable.

(2) If the commission, after a hearing held on its own motion or on complaint, finds that the manner in which universal compulsory vehicle insurance is provided by the corporation does not comply with subsection (1) or that the practices and procedures in accordance with which that insurance is provided do not comply with subsection (1), the commission must

(a) determine the manner or the practices and procedures, as the case may be, that comply with subsection (1), and

(b) order the corporation to comply with that manner or with those practices and procedures.

(3) After a hearing held on the commission's own motion or on complaint, the commission may determine and set adequate, efficient, just and reasonable standards, practices or procedures to be used by the corporation in providing universal compulsory vehicle insurance and may order the corporation to comply with those standards, practices or procedures.

(4) The commission may, by order, require the corporation to report, at the times and in the form ordered by the commission, on the corporation's performance in providing universal compulsory vehicle insurance,

including, without limitation, on the corporation's performance in complying with any order made under subsection (2) or (3).

(5) The commission may exercise its powers and duties under this section in relation to the provision by the corporation of universal compulsory vehicle insurance to the corporation's customer base as a whole or to classes of its customers, but not in relation to the provision by the corporation of universal compulsory vehicle insurance to any one customer.

(6) Despite this section and section 44, and despite section 110 of the *Utilities Commission Act*, the commission does not have the power to change a term or condition of any plan of universal compulsory vehicle insurance established under the *Insurance (Vehicle) Act*.

## Reserve funds

46 (1) The commission may, by order, require the corporation to maintain, for the purposes set out in section 8.4, reserves that are equal to or greater than the reserves the corporation is required to maintain under that section.

(2) The commission must take the corporation's obligation to maintain reserves into account in fixing rates of the corporation.

## Commission subject to direction

47 (1) In addition to any other power the Lieutenant Governor in Council may have to issue directions to the commission, the Lieutenant Governor in Council may, by regulation, issue directions to the commission respecting the factors, criteria and guidelines that the commission must or must not use in regulating and fixing rates for the corporation, including, without limitation, one or more of the following directions:

(a) establishing financial outcome targets for the corporation generally and for its optional insurance business in particular, including targets for the corporation's capital base, within the meaning of the *Financial Institutions Act*, and the corporation's profits, and directing the commission to accommodate those targets when regulating and fixing those rates;

(b) identifying circumstances in which the commission is and is not to regulate and fix rates applicable to optional vehicle insurance;

(c) establishing criteria on which rates may, and must not, be based;

(d) identifying activities the corporation may or must undertake on behalf of the government or under an enactment, and directing how those activities, and the costs related to them, are to be treated for the purposes of regulating and fixing rates;

    (e)  directing the commission to consider specified factors or criteria when regulating and fixing rates;

    (f)  authorizing the commission to determine any factor or criterion the commission considers to be relevant in relation to the regulation and fixing of rates.

(2)  In addition to any other power the Lieutenant Governor in Council may have to issue directions to the commission, the Lieutenant Governor in Council may, by regulation, issue one or more of the following directions to the commission:

    (a)  setting out the basis on which and the manner in which the commission is to perform its obligations under this Part;

    (b)  directing the commission to require the corporation to prepare a plan, in the manner and form, with the content and at the time or times required by the Lieutenant Governor in Council, of the steps the corporation will take to meet the financial outcome targets referred to in subsection (1) (a);

    (c)  directing or authorizing the commission to approve and monitor compliance with the plan referred to in paragraph (b) of this subsection;

    (d)  identifying activities the corporation must undertake on behalf of the government and

        (i)  establishing requirements as to the manner in which and the practices and procedures in accordance with which those activities are to be undertaken, and

        (ii)  providing direction to the commission as to how it should regulate those activities to ensure that they are undertaken in accordance with the requirements established under subparagraph (i).

(3)  The commission must comply with any direction issued under subsection (1) or (2) despite

    (a)  any other provisions of the *Insurance Corporation Act*, the *Insurance (Vehicle) Act* or the *Utilities Commission Act*, or

    (b)  any previous decision of the commission.

(4)  The powers of the Lieutenant Governor in Council under this section include the power, by regulation, to issue directions that apply, rely on or incorporate, with or without modification, any or all of the provisions of any code, guideline or regulation as they may amended or replaced from time to time before or after the making of the Lieutenant Governor in

Council's regulation, including, without limitation, any or all of the provisions of the MCT guideline.

### Limitation

48  Nothing in this Part or in the *Utilities Commission Act* gives to the commission the right or power to alter or affect any rights, remedies or entitlements that may exist at law with respect to compensation for injury or death, or loss or damage to property, that arises out of the use or operation of a vehicle.

## Division 3 — Competition Regulation

### Separation of businesses

49 (1)  The commission must ensure that the universal compulsory vehicle insurance business and the revenue of the corporation, other than revenue from the corporation's optional vehicle insurance business, are not used to subsidize the corporation's optional vehicle insurance business.

(2)  For the purpose of subsection (1), the commission may issue any orders it considers necessary to ensure that the corporation's optional vehicle insurance business and activities are segregated from the corporation's other businesses and activities for accounting purposes, and that, in addition, any other businesses and activities of the corporation that the commission considers appropriate are segregated from the remaining businesses and activities of the corporation for accounting purposes, including, without limitation, orders

(a)  requiring reports from auditors,

(b)  requiring reports from actuaries, and

(c)  specifying cost allocation practices and other accounting practices that the corporation is to follow.

(3)  Before taking any action under this section, the commission must consider any current reports ordered under subsection (2) (a) or (b).

Copyright (c) Queen's Printer, Victoria, British Columbia, Canada

*EXHIBIT "2"*

---

Copyright (c) Queen's Printer,
Victoria, British Columbia, Canada

License
Disclaimer

---

This archived statute consolidation is current to May 31, 2013 and includes changes
enacted and in force by that date. For the most current information, click here.

This Act has "Not in Force" sections. *See* the Table of Legislative Changes.

# INSURANCE (VEHICLE) ACT

### [RSBC 1996] CHAPTER 231

## Contents

| 1 | Definitions and application |

**Part 1 — Universal Compulsory Vehicle Insurance**

| 1.1 | Definitions |
| 1.2 | Application of this Part |
| 2 | Corporation to provide universal compulsory vehicle insurance |
| 3–6 | Repealed |
| 7 | Plan |
| 8 | Repealed |
| 9 | Application of other Acts |
| 10 | Repealed |
| 11 | Combined forms and information |
| 12–13 | Repealed |
| 14 | Salvage |
| 15–16 | Repealed |
| 17 | Limitation |
| 18 | Financial responsibility in other provinces |
| 19 | Relief from forfeiture |
| 19.1–19.2 | Repealed |
| 20 | Uninsured vehicles |
| 21 | Repealed |
| 22 | Corporation to be notified of action |
| 23 | Repealed |
| 24 | Remedy for damage in hit and run accident |
| 25–26 | Repealed |
| 27 | Accident report |
| 28 | Medical reports |

*THIS IS EXHIBIT "2" REFERRED TO IN THE DECLARATION OF W. A. SCOTT MACFARLANE DECLARED BEFORE ME ON OCTOBER 27, 2020*

29   Employers' reports
30   Superintendent's records
30.1   Repealed
31   Excess payments and deduction of premiums
32   Repealed
33   Application for insurance
34   Classification of vehicles and basic premium
35   Premium discounts and additional premiums
36   Issue of certificate
37   Certificate not issued in certain case
38   Insurance condition precedent to licence
39   Effect of licensing action
40   Expiration of certificate
41   Notification
42   Offences
42.1   Offence
43   Exemption of government vehicles
44   Extraprovincial undertaking
44.1   Repealed
45   Power to make regulations
46   Repealed
46.1   Repealed
46.2   Jurisdiction of the commission

Part 2
47–51   Not in force. Repealed

Part 3
52–57   Repealed

Part 4 — Optional Insurance Contracts
57.1   Definitions and interpretation
58   Application of this Part
59   Not in force. Repealed
60   Duty of insurer
61   Coverage of optional insurance contracts
62   Coverage of non-owner's policy
63   Copy of application in policy
64   Use of statements in application for optional insurance contract
65   Limits on physical damage
66   Agreement for partial payment of claim by insured
67   Partial payment of loss clause
68   Relief from forfeiture
69   Persons forbidden to act as agent

70   Protection of insurance agent commission
71   Statistical information
72   Power to make regulations
72.1  Variation of prescribed conditions
73   Power to make regulations establishing an insurer of last resort

**Part 5 — General Provisions**

74   Application of this Part
75   Forfeiture
76   Third party rights
77   Rights of insurer
78   Payment of insurance money into court
79   Defence if more than one contract
80   Other insurance
81   Unnamed insured
82   Insured to give notice and disclose damage
82.1  Liability limited for classes of owners
83   Liability reduced
84   Subrogation
85   Waiver of term or condition
86   Effect of payment under the plan or an optional insurance contract
87   Territorial limits
88   Out of province use
89   Proof of intoxication
90   Limitation on recovery for acts of violence
91   Limitation on recovery in relation to stolen vehicles
92   Payment to minor
93   Family exclusion clauses
93.1  Corporation's collection remedies
94   Power to make regulations under this Part

**Part 6 — Vehicle Actions**

95   Definitions
96   Alternative dispute resolution
97   Application of sections 98 and 100
98   Recovery for loss of income
99   Structured judgments
100  Apportionment

## Definitions and application

1  (1) In this Act:

"applicant" means a person who applies for insurance;

"certificate" means a certificate of universal compulsory vehicle insurance issued under Part 1 or the regulations under that Part;

"commission" means the British Columbia Utilities Commission continued under section 2 of the *Utilities Commission Act*;

"corporation" means the Insurance Corporation of British Columbia continued by the *Insurance Corporation Act*;

"coverage" means the right conferred on a person by this Act, the plan or an optional insurance contract to be indemnified against liability for, or compensated for, death, bodily injury, loss or damages;

"insurance" means the undertaking by one person to indemnify another person against loss or liability for loss in respect of a certain risk or peril to which the object of the insurance may be exposed, or to pay a sum of money or other thing of value on the happening of a certain event;

"insurance money" means the amount payable by an insurer under the plan or an optional insurance contract;

"insurer" means

(a) the corporation, or

(b) the person who undertakes, agrees or offers to provide insurance under an optional insurance contract;

"leased motor vehicle" means a motor vehicle leased or rented to a lessee under an agreement in writing and in the ordinary course of the owner's or lessor's business;

"lessee" has the same meaning as in section 86 (3) of the *Motor Vehicle Act*;

"lessor" has the same meaning as in section 86 (3) of the *Motor Vehicle Act*;

"licence"

(a) in relation to a driver or operator of a vehicle, means a licence or permit issued under the *Motor Vehicle Act* authorizing the holder of a licence of a designated class to drive or operate a vehicle of the category designated for that class, and includes a learner's licence, and

(b) in relation to a vehicle, means a licence or permit issued in respect of a vehicle under the *Motor Vehicle Act* or the *Commercial Transport Act* or a licence or permit for a vehicle issued under any other Act;

"motor vehicle" means a motor vehicle as defined in the *Motor Vehicle Act*;

"optional insurance contract" means a contract of vehicle insurance other than vehicle insurance provided under the plan, and includes

    (a) a binding oral agreement, and

    (b) a contract that provides insurance for a vehicle for which, or for the use or operation of which, a permit or licence is not required under the *Motor Vehicle Act*, if the contract provides that this Act applies;

"owner" means the person in whose name a vehicle is registered and licensed under the *Motor Vehicle Act* or the *Commercial Transport Act*;

"owner's certificate" means a certificate issued to an owner under the plan;

"plan" means the plan of universal compulsory vehicle insurance referred to in section 2 and operated by the corporation under Part 1 and the regulations under that Part;

"policy" means the instrument evidencing an optional insurance contract and includes an interim receipt, a renewal receipt or a binder, or writing evidencing the contract, whether sealed or not;

"premium" means money paid or to be paid by an insured or by an applicant for insurance to an insurer for the issue of a certificate or policy;

"superintendent" means the superintendent under the *Financial Institutions Act*;

"third party liability insurance coverage" means insurance against liability arising out of

    (a) bodily injury to or the death of a person, or

    (b) loss of or damage to property,

    caused by a vehicle or the use or operation of a vehicle;

"trailer" means a trailer as defined in the *Motor Vehicle Act*;

"universal compulsory vehicle insurance" means universal compulsory vehicle insurance provided under the plan;

"vehicle" means motor vehicle or trailer;

"vehicle insurance" means insurance

    (a) against liability arising out of

        (i) bodily injury to or the death of a person, or

      (ii)  loss of or damage to property,

caused by a vehicle or the use or operation of a vehicle,

(b) against loss of or damage to a vehicle or the loss of use of a vehicle, or

(c) against loss arising from bodily injury or death of an insured caused only by

      (i)  a vehicle, or

      (ii)  the use or operation of a vehicle,

but does not include

(d) insurance relating to

      (i)  a vehicle for which, or for the use or operation of which, a permit or licence is not required under the *Motor Vehicle Act* unless the contract of insurance provides that this Act applies, or

      (ii)  any operation, use or loss of use of a vehicle excluded by regulation,

(e) reinsurance undertaken by one insurer for liability for loss or damage assumed by another insurer,

(f) insurance only against one or more of the following:

      (i)  loss of or damage to a vehicle while in or on described premises;

      (ii)  loss of or damage to property carried in or on a vehicle;

      (iii)  liability for loss of or damage to property carried in or on a vehicle, or

(g) insurance solely of the interest of a person who has a lien on, or has as security legal title to, a vehicle and who does not have possession of the vehicle;

"vehicle liability policy" means a certificate or a policy evidencing insurance against liability arising out of

(a) bodily injury to or the death of a person, or

(b) loss of or damage to property,

caused by a vehicle or the use or operation of a vehicle.

(2) The Lieutenant Governor in Council may make regulations that

(a) include any kind or class of vehicle, as defined in the *Motor Vehicle Act*, within the definition of vehicle for the purposes of this Act or the regulations, or

(b) exclude any kind or class of vehicle, as defined in the *Motor Vehicle Act*, from the definition of vehicle for the purposes of this Act or the regulations.

(3) The *Insurance Act* does not apply to insurance to which this Act applies.

(4) Section 5 of the *Offence Act* does not apply to this Act or the regulations.

## Part 1 — Universal Compulsory Vehicle Insurance

**Definitions**

1.1  In this Part:

"**additional premium**" means an additional premium charged against an insured under section 35;

"**basic premium**" means that portion of the premium that is based on criteria or classifications established under section 34, but does not include an additional premium;

"**benefits**" means the prescribed benefits;

"**driver's certificate**" means a certificate issued under this Part or the regulations under this Part to a person who, under the *Motor Vehicle Act*, may obtain a driver's licence, and the certificate may be part of the driver's licence or a separate document;

"**highway**" means a highway as defined in the *Motor Vehicle Act*;

"**point penalties**" means point penalties that may be recorded against the driving record of a driver under the *Motor Vehicle Act* or under this Part and the regulations under this Part.

**Application of this Part**

1.2  This Part applies to

(a) insurance under the plan that takes effect on or after the date this section comes into force,

(b) claims under that insurance, and

(c) insureds and the corporation in relation to that insurance.

## Corporation to provide universal compulsory vehicle insurance

2   If, under the *Insurance Corporation Act*, the Lieutenant Governor in Council authorizes the corporation to operate the plan of universal compulsory vehicle insurance, the corporation must operate the plan of universal compulsory vehicle insurance in accordance with this Act and the regulations.

## Repealed

3–6   [Repealed 2003-94-6.]

## Plan

7   (1) Subject to section 2 and compliance with this Act and the regulations, the corporation must administer a plan of universal compulsory vehicle insurance providing coverage under a motor vehicle liability policy required by the *Motor Vehicle Act*, of at least the amount prescribed, to all persons

(a) whether named in a certificate or not, to whom, or in respect of whom, or to whose dependants, benefits are payable if bodily injury is sustained or death results,

(b) whether named in a certificate or not, to whom or on whose behalf insurance money is payable, if bodily injury to, or the death of another or others, or damage to property, for which he or she is legally liable, results, or

(c) to whom insurance money is payable, if loss or damage to a vehicle results

from one of the perils mentioned in the regulations caused by a vehicle or its use or operation, or any other risk arising out of its use or operation.

(2) to (4) [Repealed 2003-94-7.]

## Repealed

8   [Repealed 2003-94-8.]

## Application of other Acts

9   (1) The Lieutenant Governor in Council may, by regulation, provide that provisions of the *Insurance Corporation Act* or regulations do not apply to the plan established under this Act.

(2) and (3) [Repealed 2003-94-9.]

## Repealed

10   [Repealed 1997-29-20.]

Combined forms and information

11 (1) Certificates and applications for insurance forms established by the corporation may be incorporated in the appropriate application forms, certificates of registration, registration cards, licences, permits or windshield stickers prescribed for use or used under the *Motor Vehicle Act*, *Commercial Transport Act* or *Passenger Transportation Act*.

(2) The corporation may require an applicant for insurance or an insured under the plan to provide information, statements and reports, relating to or affecting the operation of the plan, that

(a) include the content required by the corporation, and

(b) are in a form established by the corporation.

(3) The corporation may require every driver or owner, or, in the case of a leased motor vehicle, the lessee, of a vehicle that

(a) is required to be registered and licensed in British Columbia, and

(b) is involved in an incident out of which arises injury or death to a person or damage to property,

to provide to the corporation information required by the corporation relating to the incident, in a form established by the corporation.

(4) The corporation may require an insured to

(a) provide notices, proofs of claim, proofs of loss, reports and statements that include the content required by the corporation, and

(b) comply with any other method of making and proving claims that is established by the corporation.

Repealed

12–13 [Repealed 2003-94-11.]

Salvage

14 The corporation may acquire and hold for the benefit of the plan the salvage to which it becomes entitled

(a) on settlement of a claim under the plan, and

(b) as provided by the regulations.

Repealed

Insurance (Vehicle) Act

15–16  [Repealed 2003-94-11.]

Limitation

17  An action or proceeding by an insured against the corporation in respect of benefits, insurance money or indemnification payable under the plan must be commenced within one year after the happening of the loss or damage or after the cause of action arose, or as the regulations may provide in the case of any coverage, but not afterwards.

Financial responsibility in other provinces

18  (1) For the purpose of availing to persons insured under the plan or part of the plan financial responsibility of the kind and form required under the laws of another province, state or territory, the corporation may execute and file with the public authorities in that place, as required,

> (a) a power of attorney authorizing acceptance of service of notice or process for itself or its insured in an action or proceeding arising out of the vehicle accident in the province, state or territory,
>
> (b) an undertaking to appear in the action or proceeding, or
>
> (c) an agreement to submit to the jurisdiction of the court in the province, state or territory and not to set up a defence in the action or proceeding that would not be available to an insurer under third party liability insurance coverage issued there,

and the corporation may do all acts necessary and incidental to the execution and filing of the documents referred to in paragraphs (a) to (c).

(2) If the corporation receives notice of process in an action or proceeding arising out of a vehicle accident that occurred outside British Columbia for which the insured may be liable, and it has, within 5 days of receiving the notice, either personally delivered to the insured or forwarded to the insured by registered mail to the last known address of the insured a copy of the notice, the insured is liable to reimburse the corporation on demand the amount the corporation has paid by reason of this section that it would not otherwise be liable to pay, and the corporation may enforce the right by action in court.

(3) If the insured is liable to reimburse the corporation for an amount that the corporation has paid by reason of this section that it would not otherwise be liable to pay and 30 days have elapsed after demand has been made by the corporation for reimbursement, section 20 (12), (13), (14) and (15) applies.

(4) In an action in another province of Canada against the corporation, or against a person insured with third party liability insurance coverage, arising out of a vehicle accident in that province, the corporation must appear and must not, as to third party liability insurance coverage, set up a defence to a claim under an owner's certificate, including a defence as to the limit or limits of liability, that might not be set up if the claim were under vehicle insurance that provides third party liability insurance coverage issued in that province.

## Relief from forfeiture

19  (1) [Repealed 2003-94-13.]

(2) If a forfeiture under section 75 would appear inequitable, the corporation may relieve a person affected by it from the forfeiture of all or any insurance money.

(3) The corporation must relieve an insured from a forfeiture of the benefits under section 75 that it considers equitable if, as a result of an accident, the insured dies or suffers a loss of function of mind or body that renders the insured permanently incapable of engaging in any occupation for wages or profit.

## Repealed

**19.1–19.2**  [Repealed 2003-94-14.]

## Uninsured vehicles

20  (1) In this section:

"claimant" means a person who alleges that he or she has a right of action against an uninsured motorist for damages arising from bodily injury to or the death of a person, or loss of or damage to property, caused by or arising out of the use or operation of a motor vehicle, but does not include a person who is entitled to bring an action against the corporation under section 24;

"motor vehicle" includes a trailer, but does not include

(a) a motor vehicle or trailer in respect of which there exists proof of financial responsibility given in the manner provided for by sections 106 to 113 of the *Motor Vehicle Act*, or

(b) a motor vehicle or trailer owned by, or by an agent of, the Crown in right of any other province or of Canada;

"owner", in relation to a motor vehicle, includes a lessee;

Insurance (Vehicle) Act

"uninsured motor vehicle" means a motor vehicle used or operated or owned by an uninsured motorist;

"uninsured motorist" means a person who uses or operates a motor vehicle on a highway in British Columbia when he or she is not insured under third party liability insurance coverage that provides indemnity in a prescribed amount, not less than $100 000, against liability imposed by law arising from bodily injury to or the death of a person, or loss of or damage to property, caused by or arising out of the use or operation of a motor vehicle, and includes the owner of a motor vehicle that is used or operated on a highway in British Columbia when the owner is not so insured.

(2) A claimant may apply to the corporation, in the prescribed form, for payment of the damages to which he or she claims to be entitled.

(3) The corporation must, on receiving an application under subsection (2), send by registered mail a notice of the application, in the prescribed form, to the uninsured motorist and, if he or she is not the same person, to the owner of the uninsured motor vehicle, at the last addresses for them according to the records of the corporation.

(4) A notice sent under subsection (3) is deemed to have been received on the eighth day after mailing.

(5) If a notice is sent under subsection (3), the corporation may

(a) settle with or consent to judgment in favour of the claimant on behalf of and in the name of a person to whom the notice was sent, but if that person replies to the corporation within the time limited by the notice, denying liability, the corporation is not entitled to recover from that person an amount paid by it until it has recovered a judgment against that person as provided in subsection (11), or

(b) require the claimant to bring or continue an action against all persons who may be liable to the claimant for the damages claimed.

(6) If, in an action brought by a claimant, an uninsured motorist

(a) fails to file a response to civil claim or to appear in person or by counsel at the trial or assessment of damages,

(b) consents to the entry of judgment against him or her, or

(c) does or fails to do anything that entitles the claimant to take default proceedings,

the corporation must not make a payment to the claimant under this section unless notice of the failure, consent or act of default has been given to the corporation in time to enable the corporation to rectify it and the corporation fails to intervene in the action within 30 days after receiving notice of the failure, consent or act of default.

(7) If the corporation receives notice under subsection (6), it may intervene in the action and, on behalf of and in the name of the uninsured motorist, whether or not he or she is an infant, take any steps that he or she might have taken in the action, and anything done by the corporation is deemed to be done by the uninsured motorist, but the failure of the uninsured motorist to comply with an order of the court or rule of court does not prejudice the corporation in a proceeding it may take in the action.

(8) A judgment by consent against an uninsured motorist who is an infant must not be entered without the approval of the court.

(9) If the corporation enters into a settlement with a claimant or a claimant obtains a judgment against an uninsured motorist in accordance with this section and the claimant has otherwise complied with this section and the regulations, the corporation may, subject to the regulations, pay all or part of the settlement or judgment.

(10) The corporation must not, without the consent of a person to whom a notice was sent under subsection (3), enter into a settlement on behalf of that person or consent to judgment against that person, for an amount in excess of the amount to be paid to the claimant by the corporation under subsection (9).

(11) The corporation, on making a payment to a claimant, is subrogated to the claimant's rights against any other person liable to the claimant for the damages claimed and may bring an action to recover the damages against the other person in its name or in the name of the claimant, but neither a settlement under subsection (5) (a) nor a consent to judgment under that subsection limits the defences that an uninsured motorist may raise against the corporation.

(12) Subject to subsection (5), the corporation may, in addition to any other remedy it may have, send a notice demanding reimbursement for damages or costs or both together with any interest that it has paid to a claimant to

    (a) the uninsured motorist,

    (b) the owner of the uninsured motor vehicle, if he or she is also liable for the damages caused, or

(c) both of the persons referred to in paragraphs (a) and (b),

at the last addresses for them according to the records of the corporation.

(13) The corporation may agree to accept payment in installments from a person indebted to it under this section.

(14) If installments to be paid by a person under an agreement referred to in subsection (13) are in arrears, the corporation may

> (a) suspend the licence, permit or corresponding number plates of a motor vehicle or trailer owned by the person, or

> (b) refuse to issue to the person a driver's licence or a licence, permit or corresponding number plates of a motor vehicle or trailer owned by the person.

(15) A person who is indebted to the corporation under this section may, on notice to the corporation, apply to the Supreme Court for an order that he or she be permitted to pay the indebtedness in installments in amounts and at times determined by the court, and on an order being made, subsections (13) and (14) apply to

> (a) the corporation refusing to issue the person's driver's licence or a motor vehicle licence, a permit or corresponding number plates for a motor vehicle or trailer owned by the person, and

> (b) the suspension of the person's motor vehicle licence, permit or corresponding number plates for a motor vehicle or trailer owned by the person.

(16) The corporation, on application by a person who would otherwise be a claimant but whose right of action has been extinguished because he or she has, without the consent of the corporation, entered into a settlement with the uninsured motorist or the owner of the uninsured motor vehicle or both, may pay to the person that part, if any, of the amount owing and unpaid under the settlement that the corporation considers appropriate in the circumstances.

(17) The corporation must not consider an application by a claimant under this section if any other motorist who is liable for all or part of the claimant's damages is insured against liability in respect of those damages, but the corporation, if it considers it appropriate in the circumstances, may waive the requirements of this subsection in respect of any one or more of the persons against whom the claimant has a cause of action.

(18) The corporation must not pay a claimant who ordinarily resides outside British Columbia an amount in excess of the amount that a

resident of British Columbia would recover under the same circumstances from a similar fund in the jurisdiction in which the claimant ordinarily resides.

## Repealed

21  [Repealed 2003-94-16.]

## Corporation to be notified of action

22  (1) Every person commencing an action for damages caused by a vehicle in British Columbia must

(a) serve the corporation with a copy of the notice of civil claim in the manner provided for serving a defendant in the action, and

(b) file proof of the service in the court in which the action is pending.

(2) A further step in the action must not be taken until the expiration of 8 days after the filing.

## Repealed

23  [Repealed 2003-94-18.]

## Remedy for damage in hit and run accident

24  (1) If bodily injury to or the death of a person or damage to property arises out of the use or operation of a vehicle on a highway in British Columbia and

(a) the names of both the owner and the driver of the vehicle are not ascertainable, or

(b) the name of the driver is not ascertainable and the owner is not liable to an action for damages for the injury, death or property damage,

any person who has a cause of action

(c) as mentioned in paragraph (a), against the owner or the driver, or

(d) as mentioned in paragraph (b), against the driver,

in respect of the bodily injury, death or property damage may bring an action against the corporation as nominal defendant, either alone or as a defendant with others alleged to be responsible for the injury, death or property damage, but in an action in which the names of both the owner and the driver of the vehicle are not known or ascertainable, recovery for

property damage is limited to the amount by which the damages exceed the prescribed amount.

(2) Proceedings must not be brought against the corporation as nominal defendant under this section unless the person bringing them gives written notice to the corporation as soon as reasonably practicable and in any event within 6 months after the accident that caused the bodily injury, death or property damage.

(3) If, after an action referred to in subsection (1) has been commenced, it is alleged that the injury, death or property damage was caused or contributed to by another vehicle, but

> (a) the names of both the owner and the driver of the vehicle are not ascertainable, or

> (b) the name of the driver is not ascertainable and the owner is not liable to an action for damages for the injury, death or property damage,

the corporation may be added as a nominal defendant on the application of any party and must be added as a nominal defendant on its own application.

(4) In an action against the corporation as nominal defendant, the corporation may deny generally the allegations in respect of the unidentified vehicle and its owner and driver, and need not set out the facts on which it relies.

(5) In an action against the corporation as nominal defendant, a judgment against the corporation must not be given unless the court is satisfied that

> (a) all reasonable efforts have been made by the parties to ascertain the identity of the unknown owner and driver or unknown driver, as the case may be, and

> (b) the identity of those persons or that person, as the case may be, is not ascertainable.

(6) If the identity of the unknown owner or driver is ascertained before judgment is granted in an action against the insurer as nominal defendant, then, despite the limitation period in the *Motor Vehicle Act*, that owner or driver must be added as a defendant in the action in substitution for the corporation, subject to the conditions the court may specify.

(7) The corporation may, at any stage, compromise and settle the claim of a person entitled to commence an action under this section.

(8) On judgment against the corporation as nominal defendant under this section and expiration of the time limited for appeal, or on the compromise and settlement of a claim under this section, the corporation must pay toward satisfaction of the judgment or claim an amount that the corporation is authorized to pay under this Act and the terms, conditions and limits of the plan.

(9) If, under this section, a judgment has been obtained against the corporation as nominal defendant or the corporation has settled a claim, the corporation may apply

> (a) to the court where the judgment has been obtained, or
>
> (b) if a claim has been settled, to the court that would have had jurisdiction to entertain an action for the recovery of damages to the amount of the settlement

for an order certifying that a person was, at the time of the accident, the owner or driver of the vehicle that caused the bodily injury, death or property damage in respect of which the judgment was obtained or settlement made.

(10) If the court hearing an application under subsection (9) is satisfied on the evidence that the person named in the application was at the time of the accident the owner, driver or both of the vehicle involved in that accident, it may make the order applied for, unless it is satisfied that the person would not have been liable for damages if he or she had appeared and defended the action or, in the case of a claim settled before action, in an action that might have been brought to enforce the claim, or it may direct the trial of an issue.

(11) On the making of an order under subsection (10) or on judgment of the trial of an issue directed under that subsection, the person certified, whether or not the driver of the vehicle is named in an unexpired driver's certificate and whether or not the vehicle is specified in an unexpired owner's certificate, is liable to pay the corporation as a debt due and owing all amounts paid by it pursuant to any judgment or settlement under this section, and section 20 (12), (13) and (15) applies.

(12) The amount paid by the corporation to a claimant who ordinarily resides outside British Columbia is limited to the lesser of

> (a) the amount limited by this Act, and
>
> (b) the amount that a resident of British Columbia could recover under the same circumstances from a similar fund in the jurisdiction in which the claimant ordinarily resides.

(13) In this section, **"owner"**, in relation to a motor vehicle, includes a lessee.

## Repealed

**25–26**  [Repealed 2003-94-20.]

## Accident report

**27**  A person receiving an accident report under section 67 of the *Motor Vehicle Act* must, as soon as reasonably practicable after a request for it by the corporation, mail or deliver a copy to the corporation.

## Medical reports

**28**  If any of the following persons attends to, diagnoses, treats or is consulted by a person injured in a motor vehicle accident in British Columbia, he or she must, whenever the corporation requests, provide the corporation, as soon as reasonably practicable, with a report of the injuries and their diagnosis and treatment and a prognosis, in the form the corporation prescribes:

(a) a medical practitioner;

(a.1) a nurse practitioner;

(b) a person entitled to practise as a chiropractor under an enactment;

(c) a person entitled to practise dentistry under an enactment;

(d) a person entitled to practise physical therapy under the *Health Professions Act*;

(e) an employee of a hospital as defined in the *Hospital Act*.

## Employers' reports

**29**  An employer of a person by or for whom benefits are claimed from the corporation must, whenever the corporation requests, provide to the corporation as soon as reasonably practicable a statement of that person's earnings in the form established by the corporation.

## Superintendent's records

**30**  Despite any Act or law to the contrary, the corporation has access to all books, documents, records, reports and other things, and to all facilities of, belonging to or available to the superintendent under the *Motor Vehicle Act*, the ministry of the minister responsible for the administration of the *Transportation Act* or the Passenger Transportation Board, as the

corporation may consider necessary to better carry out this Act and
regulations.

## Repealed

30.1  [Repealed 2003-94-25 as re-enacted 2006-28-26.]

## Excess payments and deduction of premiums

31  (1) If the corporation has paid out money in excess of the amount authorized
by the regulations, it may recover that excess by action as a debt due to the
corporation.

(2) The corporation may deduct from the payment of insurance money the
amount of any premium.

## Repealed

32  [Repealed 2003-94-27.]

## Application for insurance

33  (1) At the time of or before applying for

(a) any class or kind of licence or permit for a motor vehicle or
trailer or their use or operation under the *Motor Vehicle Act* or
*Commercial Transport Act*, or

(b) registration of a notice of transfer under section 17 of the
*Motor Vehicle Act*,

the applicant must apply for the corresponding owner's certificate or
driver's certificate, and, at the same time, must pay to the person receiving
the application the basic premium for that class of certificate and any
additional premium that, having been assessed against the applicant, is
due and owing.

(2) The application for a certificate under subsection (1) may be made

(a) to a person appointed as agent of the corporation under this
Act, or

(b) at the head office or a branch office of the corporation,

unless the Lieutenant Governor in Council, by regulation, otherwise
directs.

## Classification of vehicles and basic premium

34  (1) The corporation may establish

(a) classes and subclasses of vehicles and drivers of vehicles, and

(b) basic premiums that apply to each of the classes and subclasses.

(1.1) For the purposes of subsection (1), the corporation may do any or all of the following:

(a) establish classes and subclasses of drivers by regions of British Columbia or otherwise;

(b) establish the regions referred to in paragraph (a);

(c) adopt a system of classifying drivers provided for under another Act;

(d) adopt or establish a point penalty system classifying drivers according to the number, nature and kind of violations or offences committed by them in contravention of the *Motor Vehicle Act*, a municipal bylaw relating to the regulation of vehicular traffic, the *Criminal Code* or any similar law in another province, state or country relating to the operation of a motor vehicle;

(e) according to any system of classifying drivers adopted under paragraph (c) or any point penalty system adopted or established under paragraph (d), assess and levy basic or additional premiums under the plan against drivers at the times and under the terms and conditions the corporation considers appropriate.

(2) The basic premium payable for an owner's certificate is that established by the corporation for the class or subclass of vehicle to which that owner's certificate is appropriate.

(3) The basic premium payable for a driver's certificate is that established by the corporation for the class or subclass of driver to which that driver's certificate is appropriate.

(4) Basic premiums for universal compulsory vehicle insurance must be established by the corporation before the beginning of the period for which they are effective.

(5) [Repealed 2003-94-28.]

Premium discounts and additional premiums

35  The corporation may establish discounts from premiums and establish additional premiums to be paid by owners or drivers based on any one or more of the following:

>   (a) the accident record of the owner or driver;

>   (b) the degree of fault of the owner or driver in respect of an accident;

>   (c) the type or class of vehicle to be operated, the use to which it will be put or any other basis approved by the commission.

## Issue of certificate

36  (1) On payment of the basic premium and any additional premium established under section 35, and approval of the application by the corporation, the corporation must issue to the applicant the appropriate owner's certificate or driver's certificate.

(2) An owner's certificate, driver's certificate and the applications for them must be in a form required by the corporation, and must be designed and constituted

>   (a) to meet the interest of convenience and economy, and

>   (b) to adequately identify the permit or licence under the *Motor Vehicle Act* or *Commercial Transport Act*, or a motor vehicle or trailer or driver's licence, permit or other authority to drive a motor vehicle under the *Motor Vehicle Act* to which the owner's certificate or the driver's certificate corresponds.

(3) The corporation must provide for the issue and delivery of all motor vehicle liability insurance cards required under the *Motor Vehicle Act* by persons insured under owners' certificates but there may be printed on an owner's certificate under the heading "Motor Vehicle Liability Insurance Card" particulars established by the corporation for motor vehicle liability insurance cards that are required under the *Motor Vehicle Act*, and the particulars so printed constitute a motor vehicle liability insurance card under and for the purpose of the *Motor Vehicle Act*.

(4) A document purporting to be a certificate of insurance under this Act and a motor vehicle liability insurance card, or either of them, either alone or in combination with any permit or licence for a motor vehicle or trailer or their use or operation, or any driver's licence, permit or other authority to drive a motor vehicle that bears a signature purporting to be the signature of the general manager of the corporation, unless the contrary is shown, is deemed to be an owner's certificate, a driver's certificate or a

motor vehicle liability insurance card issued under this Act to the person named in it.

(5) A motor vehicle liability insurance card must not be issued unless the insurance evidenced in it meets the minimum requirements for a certificate.

(6) [Repealed 2003-94-29 as re-enacted 2006-28-28.]

## Certificate not issued in certain case

37 (1) An owner's certificate must not be issued under this Act for a motor vehicle or trailer or its use or operation for which a permit or licence is not required under the *Motor Vehicle Act*.

(2) An owner's certificate must not be issued for a motor vehicle or trailer for which the corporation refuses to issue a licence or permit under section 28 of the *Motor Vehicle Act*.

(3) A certificate issued contrary to subsection (1) or (2) is void and is deemed to have always been void.

(4) An owner's certificate is deemed to have lapsed and is void immediately when the vehicle, for which the owner's certificate was issued, is registered and licensed in another province or state.

(5) Subsection (4) does not apply if a reciprocal or prorate registration or licence is issued by another province or state in respect of a vehicle registered under the *Commercial Transport Act*.

## Insurance condition precedent to licence

38 (1) Except for a vehicle exempted by the regulations, a permit of any kind and a licence, licence plate or decal for a vehicle or for its use or operation must not be granted, issued or renewed under the *Motor Vehicle Act* or the *Commercial Transport Act*, unless at or before the time of application the applicant has applied to the corporation or its agent for and is entitled to an owner's certificate under this Act in respect of the vehicle for the term of the permit or licence, or part of that term as may be prescribed, and the applicant has paid the premium for the owner's certificate.

(2) A driver's licence, permit or other authority to drive or operate a motor vehicle must not be issued or renewed under the *Motor Vehicle Act*, unless

(a) at or before the time of application the applicant has applied to the corporation or its agent for and is entitled to a driver's certificate under this Act for the term of that licence or permit or part of that term as may be prescribed, and

(b) the applicant has paid the premium established for that driver's certificate.

(3) If the corporation receives for registration a notice of transfer of a vehicle under section 17 of the *Motor Vehicle Act*, the corporation must refuse registration unless the transferee has paid the corporation

(a) the premium or fee prescribed for the transfer.

(b) [Repealed 2003-94-30 as re-enacted 2006-28-29.]

## Effect of licensing action

39 (1) The suspension, revocation, cancellation or surrender, under any law, of a licence for a vehicle or its use or operation issued under the *Motor Vehicle Act* or *Commercial Transport Act* automatically suspends, revokes or cancels, as the case may be, the owner's certificate in which the vehicle is specified and that corresponds to that permit or licence.

(2) The suspension, revocation, cancellation or surrender, under any law, of a driver's licence, permit or other authority to drive issued to a person under the *Motor Vehicle Act* automatically suspends, revokes or cancels, as the case may be, the driver's certificate in which that person is named and that corresponds to that licence, permit or other authority to drive.

(3) Despite this section, for the purposes of this Act an owner's certificate is not suspended or cancelled merely because of the surrender of a vehicle licence in compliance with a regulation made under section 216 (1) (f) of the *Motor Vehicle Act*, until the vehicle licence and corresponding number plates have been returned to the corporation.

## Expiration of certificate

40 (1) Subject to its earlier suspension, revocation, cancellation or surrender, an owner's certificate is valid for the period beginning

(a) at the time and on the date of validation specified in the certificate, or

(b) at the beginning of the day on the effective date specified in the certificate,

whichever is later, and expiring at the end of the day on the date of expiry of the licence for the vehicle described in the certificate or at the end of the day on the date specified in the certificate.

(2) Despite the date of issue, a driver's certificate, unless earlier suspended, revoked, cancelled or surrendered, expires at the end of the day on the anniversary date of the driver's birth.

(3) For the purposes of subsection (2), the anniversary date of a person born on February 29, in other than leap years, is deemed to be March 1.

(4) On application for renewal or replacement of a certificate, the applicant must pay the corporation or its agent the premium established for the class or subclass of certificate applied for, and any additional premium established by the corporation.

(5) If an owner's certificate in respect of a vehicle is not, before its expiration, renewed or replaced by another owner's certificate for the same vehicle, a permit or licence for that vehicle or its use or operation issued under the *Motor Vehicle Act* or *Commercial Transport Act* that corresponds to the owner's certificate, on the expiry of the owner's certificate and without further act or notice from the corporation, is suspended, invalid and of no effect until it is renewed, replaced, reinstated or validated following application for, payment of the premium for and issue of the appropriate owner's certificate.

(6) If a driver's certificate is not, before its expiration, renewed or replaced by another driver's certificate for the same person, the driver's licence, permit or other authority to drive under the *Motor Vehicle Act* of the driver and that corresponds to the certificate, by virtue of and from the time of the default, without further act or notice from the corporation, is suspended, invalid and of no effect until it is renewed, replaced, reinstated or validated following application for, payment of the premium for and issue of the appropriate driver's certificate.

## Notification

41  (1) The superintendent must notify the corporation of every suspension or cancellation of a licence or a permit to drive that the superintendent under the *Motor Vehicle Act* imposes under that Act.

(2) The corporation may notify the Passenger Transportation Board of

(a) the default of a person in paying a premium or an additional premium due to the corporation for a certificate of insurance, or

(b) a suspension or cancellation of a certificate.

## Offences

42  A person who contravenes section 11 (3), 27, 28, 29 or 30 commits an offence and on conviction is liable to the penalties provided in the *Offence Act*.

## Offence

42.1 (1) In this section, "claim" includes

(a) a claim for damages for injury, death or loss of or damage to property that arises out of the use or operation of a motor vehicle, if the claim is made against a person who is insured by the corporation for third party legal liability,

(b) an application to the corporation for benefits or insurance money to be paid by the corporation, and

(c) a claim under section 20 or 24.

(2) A person commits an offence who

(a) provides or causes another to provide to the corporation or its representatives information material to a claim that the person knew or ought to have known is false or misleading, whether the information is required under this Act or is volunteered, or

(b) makes a statement or representation to the corporation or its representatives that the person knew or ought to have known is false or misleading in order to obtain payment for goods or services provided to a person making a claim, whether or not the goods or services were actually provided to that person.

(3) The time limit for laying an information respecting an offence under this Act is the earlier of

(a) 18 months after the facts on which the information is based first came to the knowledge of the corporation, and

(b) 6 years after the information is provided or the statement or representation is made.

(4) An individual who commits an offence under subsection (2) is liable,

(a) on a first conviction, to a fine of not more than $25 000 or to imprisonment for not more than 2 years, or to both, and

(b) on each subsequent conviction, to a fine of not more than $50 000 or to imprisonment for not more than 2 years, or to both.

(5) A corporation that commits an offence under subsection (2) is liable,

(a) on a first conviction, to a fine of not more than $100 000, and

(b) on each subsequent conviction, to a fine of not more than $200 000.

Insurance (Vehicle) Act

(6) At the time of sentencing a person convicted of an offence under this section, the court may order that, in addition to any other penalty, the offender must pay compensation or make restitution to the corporation for the actual loss or damage caused by or arising out of the commission of the offence including, without limitation, compensation or restitution for

(a) any money paid by the corporation as a result of the commission of the offence, including, without limitation, any money paid to or on behalf of the offender, and

(b) any expenses incurred by the corporation in connection with the claim, including, without limitation, the expenses incurred by the corporation in relation to investigation, file handling and prosecution of the offence.

(7) If an order in favour of the corporation is made under subsection (6), the corporation may, by filing the order in a registry of the Supreme Court, enter as a judgment the amount ordered to be paid and that judgment is enforceable against the offender in the same manner as if it were a judgment rendered against the offender in that court in civil proceedings.

(8) Nothing in this section precludes the corporation or any other person from taking any civil action or exercising any right of recovery against a person who commits an offence under this section.

## Exemption of government vehicles

43 (1) This Act and the regulations do not apply to vehicles owned, leased or operated by Canada or the government of another province, territory or state, but apply to vehicles owned and operated or leased and operated by the government of British Columbia and their drivers.

(2) Despite subsection (1), the corporation may negotiate and conclude an agreement with a government excluded under that subsection to bring any or all vehicles owned, leased or operated by that government in British Columbia within the operation of this Act.

## Extraprovincial undertaking

44 (1) In this section, "extraprovincial undertaking" means a work or undertaking for the transport of passengers or goods by motor vehicle or trailer, connecting British Columbia with another province of Canada, or extending beyond the limits of British Columbia.

(2) The provisions of this Act and the regulations respecting the requirement for vehicle insurance do not apply to an owner or operator of

an extraprovincial undertaking who gives proof of financial responsibility under section 106 (2) (b) of the *Motor Vehicle Act*.

Repealed

**44.1**  [Repealed 2003-94-36.]

Power to make regulations

**45**  (1) [Repealed 2003-94-37.]

(2) Without limiting any power of the Lieutenant Governor in Council to make regulations under any other Part of this Act, the Lieutenant Governor in Council may make regulations under this Part as follows:

(a) establishing, amending and revoking the plan of universal compulsory vehicle insurance for the insurance inside and outside British Columbia of losses, damages, injuries or deaths arising out of the perils and risks attendant on or relating to the use, operation or ownership of vehicles the Lieutenant Governor in Council may designate;

(b) establishing the terms, conditions and limits of insurance under the plan;

(c) [Repealed 2003-35-17.]

(d) designating those persons who are, or may be, insured under the plan, the benefits or insurance money payable to insured persons and the perils or risks for which insurance may be provided;

(e) respecting the insuring of vehicles that are part of a fleet, or used for commerce or business, defining the meaning of "fleet" and specifying the circumstances in which vehicles must be insured as part of a fleet or as commercial or business vehicles;

(f) prescribing the duration of the period of coverage provided under a certificate, or a certificate that comes within a prescribed class or subclass and permitting the corporation to specify the duration of the period of coverage in particular cases;

(g) [Repealed 2003-94-37.]

(h) prescribing rights of salvage in favour of the corporation that may be considered necessary for the purposes of the plan;

(i) [Repealed 2003-35-17.]

(j) establishing a plan for payment by the corporation to any person sustaining loss from bodily injury or death, or damage to property, arising out of the use or operation of a motor vehicle where

(i) the name of the owner, lessee or driver is not ascertainable, or

(ii) the name of the driver is not ascertainable and neither the owner nor the lessee is liable;

the terms, conditions and limits of liability of the corporation under the plan and the duties and liabilities of the owners and drivers of motor vehicles respecting reimbursement of the corporation for the payments;

(k) establishing and determining, with respect to the plan, the right of a person who would have a cause of action in British Columbia against the owner, lessee or driver of an uninsured motor vehicle to apply to the corporation for payment of damages and the terms and conditions and limits of liability of the corporation for payment of the claims for damages, and determining whether payment and the amount of payment are within the discretion of the corporation, and providing for the obtaining of consents to payment by those persons liable for the losses, damages, injuries or deaths, and the execution under seal or otherwise of agreements by those persons liable for the repayment to the corporation of amounts paid to claimants;

(l) providing that the corporation is an agent of the owner or lessee of every uninsured motor vehicle for service of notice of process in an action in British Columbia arising out of the use or operation in British Columbia of an uninsured motor vehicle and the manner of giving that notice to the corporation and the defendant;

(m) providing, with respect to the plan, for settlement and payment of a claim, judgment or unsatisfied portion of a judgment, for damages for injury to, or the death of, any person or loss of, or damage to, property caused in British Columbia by an uninsured motor vehicle owned or operated by a person, or leased to a lessee, in British Columbia, the terms and conditions governing payment and the maximum amount of money payable respecting any person, accident or occurrence;

(n) determining the residence of persons for purposes of this Act, the regulations and the plan, and determining the rights of

nonresidents to receive benefits or payments of any kind under the plan, or exempting nonresidents, as described in the regulations, from this Act or the regulations;

(o) authorizing additional services and expenditures by the corporation on behalf of a person insured under an owner's certificate and providing that the corporation may, in the name and on behalf of any person insured by an owner's certificate, defend at its cost any civil action brought against the person by anyone respecting a loss, damage, injury or death for which the person may be liable and designating the terms and conditions governing the provision of additional services and the making of additional expenditures;

(p) [Repealed 2003-35-17.]

(q) respecting the combining of fees payable under the *Motor Vehicle Act* and the premium payable under this Act;

(q.1) allowing the corporation to set the amounts of, and recover, prescribed fees, charges or interest;

(r) providing for and prescribing the conditions governing the refund or rebate of all or part of a premium paid to the corporation under this Act and the plan;

(s) to (v) [Repealed 2003-94-37.]

(w) prescribing the deductible amount that applies to property damage claims made under section 24.

(x) [Not enacted.]

(y) [Repealed 2003-37-26.]

(3) [Repealed 2003-94-37.]

(4) Subject to section 85, the observance of terms or conditions established under subsection (1) or (2) is a condition precedent to a person obtaining benefits, insurance money or indemnification provided under the plan.

(5) The Lieutenant Governor in Council may, by regulation, exclude or exempt a nonresident or class of nonresidents and a vehicle or class of them from the operation of all or part of this Part or the regulations under this Part, or all or part of the plan, on the terms and conditions the Lieutenant Governor in Council prescribes.

Repealed

46  [Repealed 2003-94-38.]

Repealed

46.1  [Repealed 2003-37-26.]

Jurisdiction of the commission

46.2  (1) Nothing in this Act limits the jurisdiction of the commission under Part 2 of the *Insurance Corporation Act*.

(2) In the event of a conflict between this Act and Part 2 of the *Insurance Corporation Act*, Part 2 of the *Insurance Corporation Act* applies.

(3) Without limiting subsections (1) and (2) of this section, and despite section 45 (6) of the *Insurance Corporation Act*, the commission has the jurisdiction to approve, to require replacement of or to override and replace any or all of the following, whether or not prescribed by the Lieutenant Governor in Council, at any time and for any purpose related to rates within the meaning of section 44 (3) (a) of the *Insurance Corporation Act*:

(a) classes and subclasses of vehicles and drivers of vehicles;

(b) basic premiums;

(c) interim premiums;

(d) discounts from premiums;

(e) additional premiums.

## Part 2

Not in force. Repealed

47–51  [Not in force. Repealed 2006-33-1.]

## Part 3

Repealed

52–57  [Repealed 2003-94-40.]

## Part 4 — Optional Insurance Contracts

Definitions and interpretation

57.1  (1) In this Part:

"non-owner's policy" means a vehicle liability policy evidencing an optional insurance contract that insures a person solely in respect of the use or operation by the person or on the person's behalf of a vehicle that is not owned by the person;

"owner's policy" means a vehicle liability policy evidencing an optional insurance contract that insures a person in respect of

(a) the ownership, use or operation of a vehicle that is

(i) owned by him or her, and

(ii) within the description or definition of that vehicle in the policy, and

(b) if the optional insurance contract so provides, in respect of the use or operation of any other vehicle;

"prescribed condition" means a term or condition prescribed under section 72 (a).

(2) For the purposes of this Part, a person is not considered to be the owner of a vehicle only because the person has a lien on the vehicle or has legal title to the vehicle as security.

## Application of this Part

58  This Part applies to

(a) optional insurance contracts that are made or renewed in British Columbia and that take effect on or after the date this section comes into force,

(b) claims under those contracts, and

(c) insureds and insurers in relation to those contracts.

## Not in force. Repealed

59  [Not in force. Repealed 2006-28-35.]

## Duty of insurer

60  An optional insurance contract evidenced by a vehicle liability policy, other than a vehicle liability policy that extends coverage specified in a certificate, must provide that if a person insured by the contract is involved in an accident resulting from the ownership, use or operation of a vehicle, or, in the case of a leased motor vehicle, from the possession of the leased motor vehicle by the lessee or the use or operation of the motor vehicle, in respect of which insurance is provided under the contract and resulting in loss or

damage to persons or property, the insurer must, at its own expense, do the following:

> (a) on receipt of notice of a claim for damages brought against an insured, assist the insured by investigating and negotiating a settlement, if in the opinion of the insurer the assistance is necessary;
>
> (b) defend in the name of the insured any action for damages brought against the insured;
>
> (c) pay costs, expenses, interest and reimbursement that are prescribed by the regulations.

## Coverage of optional insurance contracts

61 (1) An optional insurance contract may only

> (a) extend coverage that is specified in a certificate or a policy to a limit that is in excess of that provided by the certificate or policy for every insured, and, except as provided under subsection (1.1), on the same terms and conditions, or
>
> (b) provide coverage that is not specified in a certificate or in a policy that extends the coverage that is specified in a certificate.

(1.1) Subject to subsections (1.2) and (2) and the regulations, an optional insurance contract referred to in subsection (1) (a) may prohibit a specified person or class of persons from using or operating the vehicle, exclude coverage for a specified risk or provide different limits of coverage for different persons or risks or classes of persons or risks.

(1.2) An optional insurance contract may not, in respect of third party liability insurance coverage,

> (a) prohibit a person who is living with and as a member of the family of
>
> > (i)  the owner of the vehicle, and
> >
> > (ii)  in the case of a leased motor vehicle, if the policy was purchased by the lessee, of the lessee of the motor vehicle,
>
> from using or operating the vehicle, or
>
> (b) exclude or provide different limits of coverage for that person.

(2) A prohibition, an exclusion or a limit referred to in subsection (1.1) is not binding on the insured unless the policy has printed on it in a

prominent place in conspicuous lettering the words "This policy contains prohibitions relating to persons or classes of persons, exclusions of risks or limits of coverage that are not in the insurance it extends".

(3) and (4) [Not in force. Repealed 2006-28-37.]

(5) Despite any provision in an optional insurance contract extending the limit of coverage specified in a certificate or a policy, the coverage under the optional insurance contract terminates if the coverage provided by the certificate or policy terminates.

(6) Coverage that is prohibited by the regulations is null and void.

(7) Despite any provision of this Act or the regulations, an insurer is not liable to an insured under an optional insurance contract for loss or damage in circumstances specified in the owner's policy if

    (a) the optional insurance contract relates to a vehicle that is not required under the *Motor Vehicle Act* to be licensed and insured, and

    (b) the owner's policy is endorsed with a statement that the insurer is not liable to the insured for loss or damage in those circumstances.

(8) In subsection (2), **"policy"** does not include an interim receipt, a renewal receipt or a binder.

## Coverage of non-owner's policy

62  Every optional insurance contract evidenced by a non-owner's policy insures the person named in it and any other person who is named in the non-owner's policy, against liability arising out of

    (a) bodily injury to or the death of a person, or

    (b) loss of or damage to property

caused by a vehicle to which the non-owner's policy applies or the use or operation of the vehicle.

## Copy of application in policy

63  (1) An insurer who issues a policy evidencing an optional insurance contract must ensure that embodied in, endorsed on or attached to the policy when issued is a copy of whichever of the following is applicable:

    (a) the written application for the optional insurance contract, signed by the insured or the insured's agent;

(b) if no signed application is made, a copy of the purported application;

(c) if the application forms part of a larger application, a copy of that part of the larger application or purported application that is material to the optional insurance contract.

(2) If no signed written application is received by the insurer before the issue of the policy, the insurer must deliver or mail to the insured named in the policy, or to the insured's agent, a form of application to be completed and signed by the insured and returned to the insurer.

(3) The insurer must deliver or mail to the insured named in the policy, or to the insured's agent, the policy or a true copy of it and every endorsement or other amendment to the optional insurance contract.

(4) If a written application signed by the insured or the insured's agent is made for an optional insurance contract, the policy evidencing the optional insurance contract is deemed to be in accordance with the application unless the insurer points out in writing to the insured named in the policy in what respect the policy differs from the application, and in that event the insured is deemed to have accepted the policy unless within one week from the receipt of the notification the insured informs the insurer in writing that the insured rejects the policy.

(5) On every application form and policy, other than an interim receipt, a renewal receipt or a binder, the following must be printed in a prominent place in conspicuous lettering:

"Under section 75 of the *Insurance (Vehicle) Act*, your claim is invalid if at any time you fail to provide complete and accurate information, violate a term or condition of your policy or commit fraud. This is a summary. For full information, see section 75 of the *Insurance (Vehicle) Act*."

(6) In this section, a reference to a written application that is signed by the insured or the insured's agent includes an electronic application with an electronic signature of the insured or the insured's agent.

(7) The requirements of subsections (1) and (3) are met if

(a) an insurer

(i) makes the policy accessible on a website, and

(ii) delivers to the insured the items referred to in subsection (1) (a) to (c), as applicable, together with the address of the website, and

(b) the insured gives written consent to accept delivery of the policy in that manner,

but if the insured later requests, the insurer must deliver or mail the policy or a true copy of it to the insured.

## Use of statements in application for optional insurance contract

64 (1) A statement of the applicant must not be used in defence of a claim under the optional insurance contract unless it is contained in the signed written application or, if no signed written application is made, unless it is contained in the purported application, or part of it, that is embodied in, endorsed on or attached to the policy.

(2) A statement contained in the purported application, or part of it, other than a statement describing the risk and the extent of the insurance, must not be used in defence of a claim under the optional insurance contract unless the insurer proves that the applicant made the statement attributed to the applicant in the purported application, or part of it.

## Limits on physical damage

65 Subject to the regulations, an insurer may provide for exclusions and limits of loss in an optional insurance contract, in respect of loss of or damage to or the loss of use of the vehicle.

## Agreement for partial payment of claim by insured

66 (1) Nothing in this Part or the regulations under this Part precludes an insurer from entering into an agreement with its insured under an optional insurance contract providing that the insured will reimburse the insurer in an agreed amount in respect of any claim by or judgment in favour of a third party against the insured.

(2) An agreement referred to in subsection (1) may be enforced against the insured.

## Partial payment of loss clause

67 (1) An optional insurance contract providing insurance against loss of or damage to a vehicle or the loss of use of it may contain a clause to the effect that, in the event of loss, the insurer must pay only

(a) an agreed portion of any loss that may be sustained, or

(b) the amount of the loss after deduction of a sum specified in the policy,

and in either case not exceeding the amount of the insurance.

(2) If an optional insurance contract contains a clause referred to in subsection (1), the clause is not binding on the insured unless the policy has printed on it in a prominent place in conspicuous lettering the words "This policy contains a partial payment of loss clause".

(3) In subsection (2), **"policy"** does not include an interim receipt, a renewal receipt or a binder.

## Relief from forfeiture

68  If there has been

>  (a) imperfect compliance with a term or condition of an optional insurance contract as to the proof of loss to be given by the insured or other requirement of the insured with respect to the loss, and a consequent forfeiture under section 75, or

>  (b) a termination of the optional insurance contract by a notice that was not received by the insured owing to the insured's absence from the address to which the notice was addressed and a consequent denial of a claim

and the court considers the forfeiture or denial inequitable on that ground, the court may, on terms it considers just, relieve against the forfeiture or denial.

## Persons forbidden to act as agent

69  A person carrying on the business of financing the sale or purchase of vehicles and a vehicle dealer, insurance agent or broker, and an officer or employee of such a person, dealer, agent or broker, must not act as the agent of an applicant for the purpose of signing an application for an optional insurance contract.

## Protection of insurance agent commission

70  (1) In this section, **"agent"** means an insurance agent licensed under Division 2 of Part 6 of the *Financial Institutions Act* and authorized by a licensed insurer on its behalf to solicit and receive applications for insurance and to collect premiums, and whose compensation or profit for that consists wholly of a commission on premiums derived from that business.

(2) The commission, if any, on any policy issued at the head office of an insurer in British Columbia must be paid to an agent, and there must be written on the policy the words "Issued on behalf of _____, resident authorized agent at _____", with the name of the agent and of the place where the agent carries on business.

(3) The person in charge of the head office of an insurer in British Columbia must immediately, on the issue of a policy at the head office, notify the agent of the date of the policy, the name of the insured and the vehicle insured, if any.

## Statistical information

71  (1) The minister may enter into an agreement with a person or agency to

>   (a) compile information provided by insurers, and

>   (b) make an analysis of the information available to the superintendent, insurers and the public.

(2) If the minister enters into an agreement referred to in subsection (1), the minister must provide insurers with a copy of the agreement as soon as practicable.

(3) The person or agency referred to in subsection (1) must not disclose the information provided by an insurer under this section except to the superintendent or as required by law.

## Power to make regulations

72  Without limiting any power of the Lieutenant Governor in Council to make regulations under any other Part of this Act or under section 73, the Lieutenant Governor in Council may make regulations under this Part as follows:

>   (a) prescribing terms and conditions that are required to be contained in optional insurance contracts or in a prescribed class of optional insurance contracts;

>   (b) providing that any or all of the prescribed conditions

>>   (i)  form part of every optional insurance contract or of a prescribed class of optional insurance contracts,

>>   (ii)  do not form part of a prescribed class of optional insurance contracts or of a specific contract,

>>   (iii)  apply only in respect of a specified type of coverage, or

>>   (iv)  do not apply in respect of a specified type of coverage;

>   (b.1) requiring that the prescribed conditions, with the variations, omissions or additions that are applicable because of a regulation under paragraph (b), be printed on every policy, other than an interim receipt, a renewal receipt or a binder, issued on

or after the effective date of the prescribed conditions, with the heading "Prescribed Conditions";

(b.2) requiring that other specified information be printed on a policy, other than an interim receipt, a renewal receipt or a binder, issued on or after the effective date of the regulation;

(b.3) designating those persons who are or may be insured under optional insurance contracts or a prescribed class of optional insurance contracts, the insurance money payable to insured persons and the perils or risks for which insurance may be provided;

(c) permitting the superintendent to approve forms of application, policy or endorsement in respect of vehicle insurance or a class of forms, and to revoke approval of a form or a class of forms;

(d) requiring forms of application, policy or endorsement in respect of vehicle insurance or a class of forms, to be approved by the superintendent;

(e) authorizing the superintendent to approve a form of policy or part of it or endorsement evidencing an optional insurance contract that varies, omits or adds to any prescribed condition in prescribed circumstances;

(f) permitting insurers to file with the superintendent and use a form or class of forms that has not been approved by the superintendent until the superintendent has given written notice that the form or class of forms is not approved;

(g) prohibiting the use of a form or class of forms that has not been approved by the superintendent;

(h) requiring the superintendent to give written reasons in prescribed circumstances for approving or not approving a form or class of forms or for revoking an approval;

(i) permitting an insurer to require information from an insured that is additional to that in a form approved by the superintendent and exempting that information from the application of sections 64 and 75;

(j) respecting nuclear energy hazard liability insurance;

(k) prohibiting insurance or coverage against a class of risk or peril;

(l) prescribing circumstances in which an insurer is not liable, or in which an insurer may provide that it is not liable, under an optional insurance contract;

(m) respecting an evaluation process for settling disputes between an insurer and an insured about the nature and extent of repairs required for a vehicle, replacement of a vehicle or the amount payable in respect of direct loss of or damage to the vehicle and how the costs of the evaluation are paid;

(n) exempting prescribed disputes or disputes in prescribed circumstances from the evaluation process;

(n.1) providing that prescribed disputes may be submitted to arbitration, and governing the rights and obligations of the arbitrator and a party to the arbitration;

(o) prescribing the costs, expenses, interest and reimbursement that must be paid by an insurer under section 60;

(p) providing for exclusions of coverage for specified persons or risks;

(q) providing for different limits of loss or liability for different people insured under an optional insurance contract;

(r) excluding the operation, use or loss of a vehicle from the definition of "vehicle insurance";

(s) respecting the rights and obligations of an insurer.

## Variation of prescribed conditions

72.1   Subject to sections 66 and 67 and the regulations, no variation or omission of or addition to a prescribed condition is binding on the insured.

## Power to make regulations establishing an insurer of last resort

73   Without limiting any power of the Lieutenant Governor in Council to make regulations under any other Part of this Act or under section 72, the Lieutenant Governor in Council may make regulations as follows:

(a) requiring an insurance company to be incorporated under the *Financial Institutions Act* within a specified period of time by insurers that are authorized to carry on vehicle insurance business in British Columbia;

(b) specifying the purpose of the insurance company;

(c) requiring the insurance company to apply for a business authorization under the *Financial Institutions Act*;

(d) requiring every insurer that is authorized to carry on vehicle insurance business in British Columbia to be a member of the insurance company;

(e) requiring the insurance company to enter into optional insurance contracts with owners of vehicles, or, in the case of leased motor vehicles, lessees of leased motor vehicles, who are unable to enter into optional insurance contracts with any other insurer;

(f) requiring the insurance company to establish the circumstances under which it determines that an owner or lessee is unable to enter into an optional insurance contract with any other insurer and requiring the superintendent to approve those circumstances;

(g) respecting coverage, limits of loss or liability and other terms and conditions that must be included in an optional insurance contract provided by the insurance company;

(h) exempting the insurance company from a provision of the *Financial Institutions Act* and the regulations under that Act;

(i) specifying the duration of an exemption under paragraph (h);

(j) applying provisions of the *Utilities Commission Act* to the insurance company.

## Part 5 — General Provisions

**Application of this Part**

74  Without limiting Parts 1 and 4, this Part applies to

(a) insurance under the plan and optional insurance contracts that

(i)  is obtained or renewed in British Columbia, and

(ii)  takes effect on or after the date this section comes into force,

(b) claims under that insurance, and

(c) insureds and insurers in relation to that insurance.

**Forfeiture**

75  All claims by or in respect of the applicant or insured are invalid and the right of an applicant, an insured, or a person claiming through or on behalf of an applicant or insured or of a person claiming as a dependant of the applicant or the insured, to insurance money under the plan or an optional insurance contract, is forfeited if

> (a) the applicant for coverage under the plan or the optional insurance contract
>
>> (i)  to the prejudice of the insurer, falsely describes the vehicle in respect of which the application is made, or
>>
>> (ii)  knowingly misrepresents or fails to disclose in the application a fact required to be stated in it,
>
> (b) the insured violates a term or condition of or commits a fraud in relation to the plan or the optional insurance contract, or
>
> (c) the insured makes a wilfully false statement with respect to the claim.

## Third party rights

76  (1) In this section and sections 77 and 78, **"claimant"** means a person who has a claim or a judgment against an insured for which indemnity is provided by the plan or an optional insurance contract.

(2) Even though he or she does not have a contractual relationship with the insurer, a claimant is entitled, on recovering a judgment against an insured or making a settlement with the insurer, to have the insurance money applied toward the claimant's judgment or settlement and toward any other judgments or claims against the insured who is covered by the indemnity.

(3) The claimant may, on behalf of himself or herself and all persons having judgments or claims against the insured who is covered by the indemnity, bring an action against the insurer to have the insurance money applied in accordance with subsection (2).

(4) The insurer may at any stage compromise or settle the claim.

(5) A creditor of the insured is not entitled to share in the insurance money unless the creditor's claim is one for which indemnity is provided for by the plan or the optional insurance contract.

(6) The following do not prejudice the right of a person entitled under subsection (2) to have the insurance money applied toward the person's judgment or settlement, and are not available to the insurer as a defence to an action under subsection (3):

(a) assignment, transfer, surrender, cancellation, suspension, waiver or discharge of coverage under the plan or an optional insurance contract or under a provision of the plan or an optional insurance contract, or of an interest in either of them or of insurance money payable under either of them, made by the insured after the event giving rise to a claim under the plan or optional insurance contract occurs;

(b) an act or default of the insured before or after the event giving rise to a claim under the plan or an optional insurance contract in contravention of this Act or the regulations or of the plan or optional insurance contract;

(c) contravention of the *Criminal Code* or of a law or statute of any province, state or country by the owner, lessee or driver of the vehicle specified in the owner's certificate or policy.

(7) An action must not be brought against an insurer under subsection (3) after the expiration of one year from the final determination of the action against the insured, including appeals, if any.

(8) It is not a defence to an action under subsection (3) that an instrument issued as a vehicle liability policy by an insurer and alleged by a party to the action to be such a policy is not a vehicle liability policy and this section and sections 77 and 78 apply.

### Rights of insurer

77  (1) Despite section 76 (6), an insurer may avail itself, against a person claiming under section 76 (3) in respect of property damage under an optional insurance contract, of any defence that the insurer is entitled to set up against the insured.

(2) Without limiting section 93.1 and in addition to any other remedy, if an insurer has paid an amount to a person under section 76 by way of settlement or otherwise, that it would not otherwise be liable to pay, and has personally delivered or forwarded by registered mail to the last known address of the insured a demand for reimbursement of that amount, the insured is liable to reimburse the insurer that amount, and the insurer may enforce the right by action in court.

(3) Whether or not the insured has filed a defence in the action, if an insurer denies liability to an insured under the plan or an optional insurance contract, the insurer may issue and serve a third party notice and be made a third party in any action to which the insured is a party and in which a claim is made against the insured by a party with respect to

Insurance (Vehicle) Act

which it is or might be asserted that indemnity is provided by the plan or an optional insurance contract.

(4) On being made a party under subsection (3), the insurer has the right to contest the insured's liability to any party claiming against the insured, and to contest the amount of any claim made against the insured, as if the insurer were a defendant in the action, including the right to

> (a) deliver a response to civil claim to the claim of any party claiming against the insured,

> (b) deliver other pleadings,

> (c) have production and discovery from any party adverse in interest, and

> (d) examine and cross examine witnesses at trial.

(5) If an insured agrees that the insurer would not, except for section 76, be or become liable to make a payment in respect of a claim against the insured, the insured may at any time undertake to reimburse the insurer by

> (a) giving a written undertaking to repay the amount paid by the insurer to or on behalf of the claimant, and

> (b) executing a consent to the payment by the insurer of that amount.

(6) The insurer may, on payment of an amount under section 76 that it would not otherwise be liable to pay, require an assignment of the judgment from the claimant in a form registrable under the *Land Title Act*, to the extent of that payment.

(7) An insurer to whom an assignment is provided under subsection (6) may register that assignment under the *Land Title Act* unless, within 30 days after the date of a demand provided to the insured under subsection (2), the insured delivers to the chief agency or head office of the insurer in British Columbia a written notice by which the insured disputes his or her liability to reimburse the insurer.

(8) If the insurer has paid money in satisfaction of a claim, settlement or judgment under section 76 or by agreement under subsection (5) of this section, and the insured has not reimbursed the amount for which the insured is liable under subsection (2) or that the insured has agreed to reimburse the insurer under subsection (5)

> (a) the insurer may agree to accept payment in installments from the insured, and

Insurance (Vehicle) Act

(b) the insured may, on notice to the insurer, apply to the Supreme Court for an order that he or she be permitted to pay the insurer in installments in amounts and at times determined by the court.

(9) The insurer may apply to court to require any other insurers liable to indemnify the insured in whole or in part in respect of judgments or claims to which reference is made in section 76 (2) to

(a) be made parties to the action, and

(b) contribute according to their respective liabilities, whether the contribution is rateably or by way of primary or excess insurance, as the case may be.

## Payment of insurance money into court

78 (1) The insurer may apply to the court without notice to any person for an order allowing it to pay the insurance money into court, and the court may so order, on the notice, if any, it considers necessary if

(a) a person obtains a judgment against an insured and is entitled to bring an action under section 76 (3), and

(b) there are or may be other claimants, or there is no willing person capable of giving and authorized to give a valid discharge for payment.

(2) If an insurer pays money into court in accordance with an order made under subsection (1), the registrar or other proper officer of the court may give a receipt to the insurer for that payment.

(3) An insurer to whom a receipt is given under subsection (2) is discharged from

(a) any liability for the money paid, and

(b) any claims in respect of the money paid that might be made by or on behalf of the persons entitled to the money.

## Defence if more than one contract

79 (1) The insured or an insurer may apply to the court and the court must give directions it considers proper with respect to the performance of the obligation to defend in the name and on behalf of the insured if

(a) a person is insured under more than one optional insurance contract evidenced by vehicle liability policies or under the plan

and one or more optional insurance contracts evidenced by vehicle liability policies, and

(b) a question arises between an insurer and the insured or between the insurers as to which insurer must undertake the obligation to defend.

(2) Subsection (1) applies whether

(a) the insurance provided by the optional insurance contract is primary or excess, or

(b) an insurer accepts or denies liability under the plan or its optional insurance contract.

(3) On an application under subsection (1), the only parties entitled to notice and to be heard are the insured and his or her insurers, and no material or evidence used or taken on the application is admissible on the trial of an action brought against the insured for bodily injury to or the death of a person or loss of or damage to property caused by the vehicle or the use or operation of the vehicle in respect of which the insurance is provided.

(4) An order under subsection (1) does not affect the rights and obligations of the insurers in respect of payment of any indemnity under their respective policies.

(5) If insurance is provided to the insured under more than one optional insurance contract or under the plan and one or more optional insurance contracts and one or more of them are excess insurance, the insurers must, as between themselves, contribute to the payment of costs, expenses, interest and reimbursement in accordance with their respective liabilities for

(a) damages awarded against the insured, or

(b) the amount payable under a settlement made on behalf of the insured.

Other insurance

80 (1) If there is an optional insurance contract and any other vehicle insurance, including insurance under the plan or another optional insurance contract, none of which is excess to the others, that insures against the same loss or liability, an insurer is liable only for its rateable proportion of any loss, liability or damage.

(2) An insured must notify the insurers of any other insurance that insures against the same loss.

(3) In this section, "rateable proportion" means

(a) if there are 2 insurers liable and the certificate or policy specifies the same limit, each of the insurers is liable to share equally in any liability, expense, loss or damage,

(b) if there are 2 insurers liable and the certificate or policy specifies different limits, the insurers are liable to share equally up to the limit of the smaller limit, or

(c) if there are more than 2 insurers liable, paragraphs (a) and (b) apply with the necessary changes and so far as applicable.

## Unnamed insured

81 (1) A person insured under the plan or an optional insurance contract, but not named in the owner's certificate or policy may recover insurance money in the same manner and to the same extent as if the person were the named insured in the owner's certificate or policy.

(2) For the purposes of subsection (1), the person referred to in that subsection, in his or her own name and on his or her own behalf, may exercise the same rights and is subject to the same obligations as the insured as if the person were the named insured in the owner's certificate or policy.

## Insured to give notice and disclose damage

82 (1) Every insured against whom an action is commenced for damages caused by a vehicle or the use or operation of a vehicle must give notice of it in writing to the insurer within 5 days after service of every notice or process in the action.

(2) Every insured against whom an action is commenced for damages caused by a vehicle or the use or operation of a vehicle must, on recovery of a judgment against the insured, disclose to a judgment creditor entitled to the benefit of any vehicle liability policy particulars of the owner's certificate or policy within 10 days after written demand for it.

## Liability limited for classes of owners

82.1 (1) In an action to recover for loss or damage to persons or property arising out of the use or operation of a leased motor vehicle on a highway in British Columbia, the maximum amount for which the lessor of the motor vehicle is liable, in that lessor's capacity as lessor of the motor vehicle, in respect of any one incident is the amount determined under subsection (2).

(2) The maximum amount for the purposes of subsection (1) is the greatest of the following amounts:

    (a) $1 000 000;

    (b) the amount established, or determined in the manner prescribed, by regulation;

    (c) the amount of third party liability insurance coverage required by law to be carried in respect of the motor vehicle.

(3) Subsection (1) does not apply

    (a) in respect of amounts payable by a lessor other than by reason of vicarious liability imposed under section 86 of the *Motor Vehicle Act*, or

    (b) to prescribed lessors or motor vehicles, or prescribed classes of lessors or motor vehicles.

(4) This section applies only in relation to loss or damage sustained on or after the date this section comes into force.

**Liability reduced**

83  (1) In this section and in section 84, "**benefits**" means benefits

    (a) within the definition of section 1.1, or

    (b) that are similar to those within the definition of section 1.1, provided under vehicle insurance wherever issued and in effect,

but does not include a payment made pursuant to third party liability insurance coverage.

(2) A person who has a claim for damages and who receives or is entitled to receive benefits respecting the loss on which the claim is based, is deemed to have released the claim to the extent of the benefits.

(3) Nothing in this section precludes the insurer from demanding from the person referred to in subsection (2), as a condition precedent to payment, a release to the extent of the payment.

(4) In an action in respect of bodily injury or death caused by a vehicle or the use or operation of a vehicle, the amount of benefits paid, or to which the person referred to in subsection (2) is or would have been entitled, must not be referred to or disclosed to the court or jury until the court has assessed the award of damages.

(5) After assessing the award of damages under subsection (4), the amount of benefits referred to in that subsection must be disclosed to the

court, and taken into account, or, if the amount of benefits has not been ascertained, the court must estimate it and take the estimate into account, and the person referred to in subsection (2) is entitled to enter judgment for the balance only.

(6) If, for the purpose of this section or section 84, it is necessary to estimate the value of future payments that the corporation or the insurer is authorized or required to make under the plan or an optional insurance contract, the value must be estimated according to the value on the date of the estimate of a deferred benefit, calculated for the period for which the future payments are authorized or required to be made.

## Subrogation

84  (1) On making a payment of benefits or insurance money or assuming liability for payment of benefits or insurance money, an insurer

> (a) is subrogated to and is deemed to be the assignee of all rights of recovery against any other person liable in respect of the loss, damage, bodily injury or death of a person to whom, on whose behalf or in respect of whom the payment of benefits or insurance money is made or to be made, and

> (b) may bring action in the name of the insured or in its own name to enforce the rights referred to in paragraph (a).

(2) If money is recovered under subsection (1) and the burden of the loss is shared by the insurer and insured, the net amount, after deduction of the costs of recovery, must be divided between them in the same proportions as they bear the loss.

(3) If the interest of the insured referred to in subsection (1) is limited to loss of or damage to a vehicle or loss of its use, the insurer has conduct of the action.

(4) If the insured's interest is not one described in subsection (3), and the insured and the insurer cannot agree as to

> (a) the lawyers to be instructed to bring the action in the name of the insured,

> (b) the conduct of the action or matters pertaining to it,

> (c) an offer of settlement or its apportionment, whether an action has been commenced or not,

> (d) acceptance of money paid into court or its apportionment,

> (e) apportionment of costs, or

(f) commencement or continuance of an appeal,

either party may apply to the court for determination of the matters in question, and the court must make the order it considers reasonable having regard to the interests of both parties.

(5) On an application under subsection (4), only the insured and the insurer are entitled to notice and to be heard, and material or evidence used or taken on the application is not admissible on the trial of an action brought by or against the insured or the insurer.

(6) A settlement or release does not restrict the rights of the insured or the insurer under this section unless the insured or the insurer, as the case may be, concurred in it.

## Waiver of term or condition

85 (1) An insurer may for a particular case waive a term or condition of the plan or an optional insurance contract.

(2) A term or condition of the plan or an optional insurance contract is not waived by the insurer in whole or in part unless the waiver is in writing and signed by a person authorized for that purpose by the insurer.

(3) Neither the insurer nor the insured waives any term or condition of the plan or an optional insurance contract by any act relating to the appraisal of the amount of loss or to the delivery and completion of proofs or to the investigation or adjustment of any claim under the plan or an optional insurance contract.

## Effect of payment under the plan or an optional insurance contract

86 (1) If an insurer makes a payment on behalf of an insured under the plan or an optional insurance contract to a person who is or alleges himself or herself to be entitled to recover from the insured under the plan or optional insurance contract, the payment

(a) is not, unless the insurer otherwise agrees, an admission of liability, and does not prejudice the rights of the insured or the insurer, and

(b) constitutes, to the extent of the payment, a release by the person or his or her personal representative of any claim that the person or the personal representative or any person claiming through or under him or her, or by virtue of the *Family Compensation Act*, may have against the insured and the insurer.

(2) Nothing in this section precludes an insurer making the payment from demanding, as a condition precedent to the payment, a release from the person, or his or her personal representative, or any other person, to the extent of that payment.

(3) If a person commences an action, the fact of any payment referred to in subsection (1) must not be disclosed to the court or to the jury, and the court must adjudicate on the matter without reference to any payment referred to in that subsection but, after awarding damages and costs, if any, the payment must be disclosed and must be taken into account and the person is only entitled to judgment to be entered for the net amount, if any.

## Territorial limits

87  Subject to the regulations under Part 1 in respect of the plan, insurance under the plan or an optional insurance contract applies in respect of bodily injury, death, loss or damage, or liability arising from bodily injury, death, loss or damage occurring in Canada or the United States of America or on a vessel travelling between Canada and the United States of America, but does not apply elsewhere.

## Out of province use

88  Every vehicle liability policy issued in British Columbia must provide and is deemed to provide that, in the case of liability arising out of the ownership, use or operation of the vehicle in any other province or territory of Canada or in any jurisdiction of the United States of America,

> (a) the insurer is liable up to the minimum limits of loss or liability in that province, territory or jurisdiction if those limits are higher than the limits specified in the policy,

> (b) the insurer must not set up any defence to a claim that might not be set up if the policy were a policy evidencing a contract of vehicle insurance that provides third party liability insurance coverage issued in that province, territory or jurisdiction, and

> (c) the insured appoints the insurer the insured's irrevocable attorney to appear and defend in any other province or territory of Canada or jurisdiction of the United States of America in which an action is brought against the insured arising out of the ownership, use or operation of the vehicle.

## Proof of intoxication

89 (1) In an action, cause or proceeding in which this Act or the regulations and the plan or an optional insurance contract are invoked and it is material to establish that a person using or operating a vehicle was doing so while under the influence of intoxicating liquor or drugs to such an extent as to be for the time being incapable of the proper control of the vehicle, proof that the person was convicted of an offence committed at the material time under section 253 or 254 (5) of the *Criminal Code* must be admitted, whether or not that person

    (a) is a party to the action, cause or proceeding,

    (b) is a witness at the trial, or

    (c) has first been questioned as to whether he or she has been convicted of that offence.

(2) For the purpose of subsection (1), a certificate containing the substance and effect of the conviction and purporting to be signed by the officer having custody of the records of the court in which the person was convicted or by the officer's deputy is, on proof of the identity of the person convicted, sufficient evidence of the conviction without proof of the signature or official character of the person by whom the certificate purports to have been signed.

## Limitation on recovery for acts of violence

90 If the dominant cause of any bodily injury to or death of a person is the use of any weapon or any object, other than a vehicle, used as a weapon,

    (a) the insurer is not liable under this Act, including, without limitation, under section 20, 24, 76, 77 or 78 or under an optional insurance contract or the plan, to indemnify or to pay any insurance money to or on behalf of

        (i) the person using the weapon or object,

        (ii) the person suffering the bodily injury or death, or

        (iii) a spouse, child, parent or personal representative of a person referred to in subparagraph (i) or (ii), and

    (b) the person using the weapon or object is not a designated defendant, as that term is defined in section 95, for the purposes of Part 6.

## Limitation on recovery in relation to stolen vehicles

91 (1) This section applies to a person who

> (a) suffered bodily injury, death or loss of or damage to property that is caused by the use or operation of a vehicle, and
>
> (b) at the time of the accident as a result of which the bodily injury, death or loss of or damage to property was suffered, was an operator of, or a passenger in or on, a vehicle that the person knew or ought to have known was being operated without the consent of the owner, and, in the case of a leased motor vehicle, the lessee.

(2) Despite the *Negligence Act* and section 100 of this Act,

> (a) if 2 or more persons are found at fault for the bodily injury, death or loss of or damage to property referred to in subsection (1), they are liable to the person referred to in that subsection for any damages awarded for that bodily injury, death or loss of or damage to property in the degree to which they are respectively found to have been at fault and are not liable to make contribution to and indemnify each other respecting that liability or any payment made in relation to it, and
>
> (b) a person referred to in subsection (1) is not entitled to any recovery from the corporation under section 20.

**Payment to minor**

92  (1) A payment of insurance money for or on behalf of

> (a) a minor, or
>
> (b) an adult who is incapable of making decisions about the adult's financial affairs, business or property and does not have
>
>> (i)  a committee under the *Patients Property Act*,
>>
>> (ii)  an attorney under Part 2 of the *Power of Attorney Act*, or
>>
>> (iii)  a representative having power over the adult's financial affairs under section 7 (1) (b) of the *Representation Agreement Act*,

must be made to the Public Guardian and Trustee, to be administered as the Public Guardian and Trustee considers advisable, and the Public Guardian and Trustee may make arrangements with other persons, societies or agencies for this purpose.

(2) [Repealed 2007-34-84.]

(3) Subsection (1) does not apply to a payment of insurance money made for or on behalf of a minor as indemnity for the loss of, damage to or the loss of use of property.

## Family exclusion clauses

93   A provision in the plan or an optional insurance contract that the insurer is not liable to indemnify a person insured under the plan or optional insurance contract for any liability resulting from bodily injury to or the death of the child or spouse of that person has no effect after April 16, 1985, whether the insurance under the plan or the optional insurance contract took effect before or after that date.

## Corporation's collection remedies

93.1   (1) In this section:

"convicted" includes

(a) being found guilty, whether under the *Youth Criminal Justice Act* (Canada) or, before April 1, 2003, under the *Young Offenders Act* (Canada), as it then was, of contravening section 220, 221, 249, 252, 253, 254 (5), 255 (2) or (3), 322, 334, 335, 344, 354, 355, 430, 434 or 435 of the *Criminal Code*, and

(b) convicted or subject to a similar result in a jurisdiction of the United States of America under a law similar to the *Youth Criminal Justice Act* (Canada) for contravening a provision of the law of that jurisdiction that is similar to

(i)  section 220, 221, 249, 252, 253, 254 (5), 255 (2) or (3), 322, 334, 335, 344, 354, 355, 430, 434 or 435 of the *Criminal Code*, or

(ii)  section 224 or 226 of the *Motor Vehicle Act*;

"fine indebtedness" means the indebtedness referred to in paragraph (f) of the definition of "vehicle indebtedness";

"vehicle indebtedness" means

(a) money owing to the corporation in respect of premiums and related fees, charges or interest,

(b) an amount paid by the corporation under section 76 on behalf of an insured if

(i)  the amount was, under section 76, paid to a person having a claim referred to in section 76 (2), and

(ii)  the insured

(A)  is, in relation to the accident that resulted in the injury, death or loss of or damage to property for which the payment was made, convicted of an offence under section 220, 221, 249, 252, 253 (a) or 255 (2) or (3) of the *Criminal Code*, or of an offence under a provision of the law of the United States of America that is similar to one of those sections, and the offence was committed while the insured was operating or having care or control of a vehicle or by means of a vehicle,

(B)  is convicted of an offence under section 253 (b) of the *Criminal Code*, section 224 of the *Motor Vehicle Act* or a provision of another jurisdiction in Canada or the United States of America that is similar to either of those sections, and the accident occurred during the person's commission of the offence and while the person was operating a vehicle,

(C)  is convicted of an offence under section 254 (5) of the *Criminal Code*, section 226 of the *Motor Vehicle Act* or a provision of the law of another jurisdiction in Canada or the United States of America that is similar to either of those sections, and the accident occurred within the 2 hours preceding the person's commission of the offence and while the person was operating a vehicle, or

(D)  was, at the time that the accident occurred, operating a vehicle when not authorized and qualified by law to operate the vehicle,

(c) money in respect of which rights of recovery are assigned to the corporation under section 84 if the person against whom the corporation is entitled to exercise those rights of recovery is, in relation to the injury, death or loss of or damage to property in respect of which the money was paid, convicted of an offence under section 322, 334, 335, 344, 354, 355, 430, 434 or 435 of the *Criminal Code* or of an offence under a provision of the law of the United States of America that is similar to one of those sections,

(d) money owing to the corporation under

(i)  any judgment obtained by the corporation, including any order for costs in favour of the corporation or an insured, or

(ii)  any compensation or restitution order made in favour of the corporation under section 42.1 (6) of this Act, under the *Criminal Code* or under any other enactment,

(e) a fee that is prescribed under the *Motor Vehicle Act*, and that has not been paid, for

(i)  the registration of a motor vehicle or trailer,

(ii)  a licence or permit for a motor vehicle or trailer, or

(iii)  a driver's licence, and

(f) indebtedness to the government because of a failure to pay a fine, or a victim's surcharge levy within the meaning of the *Victims of Crime Act*, imposed as a result of a conviction under

(i)  a motor vehicle related *Criminal Code* offence, within the meaning of the *Motor Vehicle Act*,

(ii)  the *Motor Vehicle Act*,

(iii)  the *Commercial Transport Act*,

(iv)  the *Motor Fuel Tax Act*,

(v)  the *Highway Act* or the *Transportation Act*,

(vi)  the *Passenger Transportation Act*, or

(vii)  the *Motor Vehicle (All Terrain) Act*

(viii)  [Repealed 2007-14-140.]

(2) Subject to subsection (4) but despite any other provision of this Act or the regulations, if a person is indebted to the government or the corporation for a vehicle indebtedness, the corporation may do one or more of the following for so long as any part of the vehicle indebtedness remains outstanding:

(a) recover the vehicle indebtedness by action against the debtor in a court of competent jurisdiction;

(b) refuse any application made by the debtor for insurance;

(c) cancel any owner's certificate issued in the debtor's name or any universal compulsory vehicle insurance issued in the debtor's name;

(d) issue an owner's certificate or provide universal compulsory vehicle insurance to the debtor with a term of more than 90 days but less than one year;

(e) cancel any driver's certificate issued in the debtor's name;

(f) issue a driver's certificate to the debtor with a term of more than 90 days but less than 5 years.

(3) Subject to subsection (4) but despite any other provision of this Act or the regulations, if a person is required to reimburse the corporation under section 90 (12) of the *Motor Vehicle Act*, the corporation may exercise one or more of the rights referred to in subsection (2) (a), (b), (d) or (f) of this section for so long as any part of that indebtedness remains outstanding.

(4) Despite subsections (2) and (3), the corporation must not exercise a right referred to in subsection (2) (b), (c), (d), (e) or (f) unless

(a) the indebtedness is a fine indebtedness,

(b) the corporation has a judgment in its favour in relation to the indebtedness in respect of which it intends to exercise one or more of those rights, or

(c) the corporation mails to the debtor, at the debtor's last address according to the corporation's records, a written demand for payment of that indebtedness together with a notice of any action the corporation intends to take under this section, and the debtor does not, within 30 days after the date of mailing, pay the indebtedness or make arrangements satisfactory to the corporation for payment of the indebtedness.

(5) If money is owed by a debtor to the corporation or the government for a vehicle indebtedness, to the corporation for a reimbursement required under section 90 (12) of the *Motor Vehicle Act* or to the corporation for any other reason, the corporation may deduct the amount of the indebtedness from any insurance money, other than benefits as defined in section 83 (1) of this Act, payable by the corporation to the debtor, whether or not the corporation has provided a demand to the debtor under subsection (4) (c) of this section.

(6) Nothing in this section limits or qualifies any other collection remedy or right available to the corporation or the government under this or any other enactment in relation to any indebtedness, including a vehicle indebtedness, owing by any person to the corporation or to the government.

## Power to make regulations under this Part

94 (1) Without limiting any power of the Lieutenant Governor in Council to make regulations under any other Part of this Act, the Lieutenant Governor

in Council may make regulations referred to in section 41 of the *Interpretation Act*.

(2) Without limiting subsection (1), the Lieutenant Governor in Council may make regulations as follows:

(a) exempting any person or class of persons from a provision of this Act or the regulations under this Act;

(b) respecting the priority of claims under the plan or optional insurance contracts;

(c) defining for the purposes of this Act or the regulations under this Act words or expressions not defined in this Act;

(d) providing that a contravention of a regulation under this Act is an offence;

(e) establishing an amount, or prescribing the manner of determining an amount, for the purposes of section 82.1 (2) (b);

(f) prescribing lessors or motor vehicles, or classes of either, for the purposes of section 82.1 (3) (b).

(3) In making a regulation under this Act, the Lieutenant Governor in Council may make different regulations for different persons, places, things or transactions, or classes of persons, places, things or transactions.

(4) In making regulations under subsection (2) (f), the Lieutenant Governor in Council may make different regulations in relation to lessors and motor vehicles, or classes of either, in different circumstances.

# Part 6 — Vehicle Actions

Definitions

95  In this Part:

"accident" means an unintentional mishap occurring in British Columbia as a result of which a person suffers bodily injury, death or loss of or damage to property that arises out of the use or operation of a vehicle;

"designated defendants", subject to section 90 (b), means, in relation to an accident, the following persons:

(a) each owner of a vehicle involved in the accident;

(b) each operator of or passenger in or on a vehicle involved in the accident and each person vicariously liable for that individual;

Insurance (Vehicle) Act

Page 58 of 62

  (c) any other individual who, as a result of that individual's acts or omissions at the scene of the accident, has some involvement in the accident and each person vicariously liable for that individual,

and, in relation to a claim made under section 20 or an action brought under section 24, includes the corporation;

"net income loss", in relation to a person who suffered loss of income as a result of an accident is, for any period,

  (a) if the person is a person referred to in section 2 (1) of the *Income Tax Act*, the gross income that the person lost in that period less the amount that would have been payable on that gross income for the following:

    (i) income tax under the *Income Tax Act*, as that Act read on December 31 of the calendar year before the calendar year in respect of which the net income loss is to be determined, calculated in accordance with the regulations and with reference to prescribed deductions and tax credits;

    (ii) income tax under the *Income Tax Act* (Canada) as that Act read on December 31 of the calendar year before the calendar year in respect of which the net income loss is to be determined, calculated in accordance with the regulations under, and with reference to deductions and tax credits prescribed under, this Act;

    (iii) premiums under the *Employment Insurance Act* (Canada), as that Act read on December 31 of the calendar year before the calendar year in respect of which the net income loss is to be determined, or

  (b) for any other person, the gross income that the person lost in that period less the following amounts calculated in accordance with the regulations under this Act:

    (i) the amount that would have been payable as taxes on that gross income according to the tax laws in the jurisdiction in which the person is liable to pay tax on income, as those laws read on December 31 of the calendar year before the calendar year in respect of which the net income loss is to be determined, calculated with reference to deductions and tax credits prescribed under this Act;

(ii)  the premiums or other amounts, if any, that would have been payable in respect of that gross income according to the laws in the jurisdiction in which the person is liable to pay tax on income, as those laws read on December 31 of the calendar year before the calendar year in respect of which the net income loss is to be determined, for a purpose similar or equivalent to that of the *Employment Insurance Act* (Canada);

"vehicle action" means an action brought in British Columbia in which damages are claimed for bodily injury, death or loss of or damage to property that arises out of the use or operation of a vehicle.

## Alternative dispute resolution

96  (1) The Lieutenant Governor in Council may make regulations respecting mediation in vehicle actions including, without limitation, regulations

(a) providing to a party to a vehicle action the ability to require the parties to engage in mediation and setting out when and how that ability may be exercised and prescribing any other results that flow from the exercise of that ability, and

(b) respecting

(i)  the forms or procedures that must or may be used or followed before, during and after the mediation process,

(ii)  the requiring and maintaining confidentiality of information disclosed for the purposes of mediation,

(iii)  the circumstances and manner in which a party to a vehicle action may opt out of or be exempted from mediation,

(iv)  the costs and other sanctions that may be imposed in relation to mediation, including, without limitation, in relation to any failure to participate in mediation when and as required or otherwise to comply with the regulations,

(v)  the mediators' fees and disbursements, and

(vi)  qualifications required for, and the selection and identification of, individuals who may act as mediators in the mediation process contemplated by these regulations.

(2) If and to the extent that there is any conflict between the regulations made under subsection (1) and any other enactment, including, without

limitation, the rules of any court, the regulations made under subsection (1) apply.

(3) Regulations made under subsection (1) may provide for a mediation process to be applicable to vehicle actions brought out of one or more court registries and may be different for vehicle actions brought out of different court registries.

(4) Without limiting subsections (1) to (3) or any other enactment and without limiting the right of the corporation or an insurer to use any method it considers appropriate to resolve any dispute, the Lieutenant Governor in Council may make regulations respecting dispute resolution procedures, including, without limitation, arbitration and mediation procedures, that the corporation or an insurer may make available to any person who wishes to use them to resolve disputes in relation to any insurance money claimed or payable under this Act, or any other disputes in relation to the administration of this Act and the regulations.

## Application of sections 98 and 100

97  Sections 98 and 100 apply only to causes of action arising out of an accident that occurs after June 17, 1997.

## Recovery for loss of income

98  Despite any other enactment or rule of law but subject to this Part, a person who suffers a loss of income as a result of an accident or, if deceased, his or her personal representative, is entitled to recover from designated defendants, as damages for the income loss suffered after the accident and before the first day of trial of any action brought in relation to it, not more than the net income loss that the person suffered in that period as a result of the accident.

## Structured judgments

99  (1) The court must order that an award for pecuniary damages in a vehicle action be paid periodically, on the terms the court considers just,

(a) if the award for pecuniary damages is, after section 83 has been applied, at least $100 000 and the court considers it to be in the best interests of the plaintiff, or

(b) if

(i)  the plaintiff requests that an amount be included in the award to compensate for income tax payable on income from investment of the award, and

        (ii)  the court considers that the order, that the award be paid periodically, is not contrary to the best interests of the plaintiff.

(2) Despite subsection (1), the court must not make an order under this section

    (a) if one or more of the parties in respect of whom the order would be made satisfies the court that those parties do not have sufficient means to fund the order, or

    (b) if the court is satisfied that an order to pay the award periodically would have the effect of preventing the plaintiff or another person from obtaining full recovery for damages arising out of the accident.

(3) If the court does not make an order for periodic payments under this section, it may make an award for damages that includes an amount to offset liability for income tax on income from investment of the award.

## Apportionment

**100** (1) This section applies in respect of a vehicle action in which the court determines that loss of income has been caused by the fault of 2 or more persons at least one of whom is a designated defendant.

(2) Despite the *Negligence Act*, if, in a vehicle action, the plaintiff is found to be entitled to recover damages for loss of income suffered after the accident and before the first day of trial of any action brought in relation to it,

    (a) all of the defendants whom the court determines were at fault for that loss of income are liable, in accordance with the *Negligence Act*, to the plaintiff for the net income loss that the plaintiff suffered in that period as a result of the accident, and

    (b) the court must determine the degree to which defendants who are not designated defendants were at fault for that loss of income, and those defendants

        (i)  are liable, in accordance with the *Negligence Act*, for that portion of the difference between

            (A)  the net income loss that the plaintiff suffered in that period as a result of the accident, and

            (B)  the gross income that the plaintiff would have earned in that period had the accident not occurred

Insurance (Vehicle) Act

that is proportionate to the degree to which those defendants are determined to be at fault for the loss of income, and

(ii)  are not entitled to seek contribution or indemnification from designated defendants respecting that liability or any payment made in relation to it.

---

Copyright (c) Queen's Printer, Victoria, British Columbia, Canada