**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RICHARD HALL,

       Plaintiff,

v.                                        Case No:   6:20-cv-1992-CEM-LHP

INSURANCE CORPORATION OF
BRITISH COLUMBIA

       Defendant.

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS (Doc. 106)
>
> **FILED:** January 26, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART.**

This case stems from a 2003 motor vehicle accident that occurred in British Columbia, Canada, during which Plaintiff Richard Hall ("Plaintiff") was hit by a truck insured by Defendant Insurance Corporation of British Columbia ("Defendant") and suffered personal injuries. (Doc. 1-2, at 3-29). On June 11,

2020, Plaintiff filed a complaint against Defendant in state court, alleging that Defendant engaged in a pattern of illegal conduct in a calculated scheme to prevent Plaintiff from pursuing an insurance claim following the 2003 accident. (*Id.*). Defendant subsequently removed the action to this Court on October 27, 2020. (Doc. 1). Discovery opened in late December 2020 and is scheduled to conclude on August 1, 2022. *See* Docs. 30-31, 107.

On January 12, 2021, Plaintiff served its First Request for Production ("RFP") on Defendant, seeking four (4) categories of documents: (1) documents relating to Defendant's or its investigators' (including investigator Kenneth Carter's) communications with various individuals and entities, (2) documents relating to Defendant's or its investigators' communications with any entity or individual located in the United States in connection with Plaintiff or his insurance claim, (3) all documents relating to the hacking or monitoring of Plaintiff's laptop computer or email accounts, and (4) documents sufficient to show the dates and purpose of any travel by any employee of Defendant, or anyone acting at Defendant's or Carter's direction, to or within the United States in furtherance of Defendant's investigation of Plaintiff or his insurance claim. (Doc. 74-1). The document requests also requested extensive metadata information. (*Id.*). Defendant asserted the following objection in response to all four requests:

> Defendant objects to this request to the extent it seeks production of documents protected by the work product doctrine, the attorney-client privilege, or in so far as it seeks documents prepared in anticipation of litigation. Without waiving the foregoing objection, Defendant answers as follows: Please see documents attached to these requests.

(Doc. 74-2, at 11).

On September 22, 2021, Plaintiff filed a motion to compel Defendant to produce native documents and metadata responsive to the RFPs, which Plaintiff asserted Defendant had withheld. (Doc. 74). Defendant filed a response to the motion (Doc. 80), and Plaintiff, with leave of Court, replied (Doc. 88).

After consideration of the parties' respective briefing, the Court set the matter for a hearing. (Doc. 89). The Court ordered the parties to meet and confer in advance of the hearing in a good faith effort to resolve the issues raised in Plaintiff's motion to compel, and to thereafter file a joint notice identifying all issues that were raised in the motion to compel that have been resolved; all issues raised that have not been resolved; and, for those issues that remained outstanding, a recitation of each side's position on the issue. (*Id.*). Unfortunately, the parties were unable to resolve any of the outstanding issues at the additional meet and confer. (Doc. 93).

The Court conducted the hearing on Plaintiff's motion to compel on November 29, 2021, during which counsel for Plaintiff and counsel for Defendant were present. (Doc. 94). After hearing argument from counsel on the parties' respective positions, the Court granted in part and denied in part the motion.

(Doc. 96). Specifically, the Court found that Defendant waived all objections, other than those related to attorney-client privilege, attorney work product, and anticipation of litigation, to Plaintiff's RFPs. (Doc. 96, at 3). Further, the Court ordered Defendant, within fourteen (14) days, to fully respond to all four of Plaintiff's RFPs, and to produce: (1) all native versions of the documents it has already produced, which meant documents maintained in Defendant's ordinary course of business, (2) all metadata for all responsive documents in Defendant's possession, custody, and control, (3) complete versions of emails and correspondence (including in native format) to fill in existing gaps in the documents already produced, (4) responsive documents in Defendant's possession, custody, and control related to matters regarding Mr. Hall, Defendant, and Pacific Law Group ("PLG"), exclusive of PLG's representative of Donald Dove (the now-deceased individual who struck Plaintiff in the 2003 accident), (5) an affidavit from a corporate representative of Defendant detailing the steps that Defendant has taken to date to produce documents responsive to Plaintiff's RFPs, including metadata, with the affidavit either notarized or prepared in compliance with 28 U.S.C. § 1746, and (6) a privilege log prepared in accordance with my Standing Order Regarding Privilege Logs. (*Id.*, at 3-4). The Court further stated that, to the extent that any documents responsive to Plaintiff's RFPs do not exist, have already been produced, or cannot be produced within the fourteen-day deadline,

Defendant must amend its responses to clarify as such and must provide a fulsome explanation.  (*Id.*, at 4).   The Court denied Plaintiff's motion with regard to his request for documents related to PLG's representation of Mr. Dove.   (*Id.*, at 5).

On December 13, 2021, Defendant served the following supplemental response on Plaintiff:

> Additional electronic documents, that are no longer work-product or attorney-client privileged, are produced through the previously provided via the secure FTP site to which access was provided on March 5, 2021.  The search terms used for locating these documents are described in the attached Declaration of Gavin Manes.
>
> Due to the age of the claim made by Mr. Hall to ICBC, the file is maintained in its paper form rather than its electronic form.  See attached Declaration of Ivan Abe regarding the timeframe for which ICBC changed from master files being in paper form to master files being maintained electronically.
>
> ICBC adjusters are permitted to delete emails for storage capacity purposes, so long as those emails are archived via either the paper file system or ClaimsCenter.  Claims that predate the inception of ClaimsCenter are maintained in paper files, such as Mr. Hall's file.  No emails relating to his claim would be archived on ClaimCenter.  All documents of importance relating to Mr. Hall's claim file would be in the paper file.
>
> A privilege log for the electronic document production is also attached.

(Doc. 106-2, at 3).

By the present motion, Plaintiff seeks to again compel Defendant to produce all documents, communications, and metadata in its possession, custody, and control responsive to Plaintiff's RFPs, and asks the Court to issue sanctions against

- 5 -

Defendant pursuant to Federal Rule of Civil Procedure 37(b).  (Doc. 106).  Plaintiff asserts that, in violation of the Court's November 29, 2021 Order, Defendant has still failed to produce all responsive documents.  (*Id.*).  Defendant filed a timely response in opposition (Doc. 108), and Plaintiff, with leave of Court, filed a reply (Doc. 113).

Although Plaintiff makes broad statements about its RFPs, the motion only raises two arguments, which the Court addresses herein.  (Doc. 106).  Plaintiff's first argument focuses on the production of documents related to PLG.  However, this argument is somewhat confusing.  First, Plaintiff contends that Defendant has not reached out to PLG "about turning over that firm's responsive files on Mr. Hall (including investigation results) as generated for its client ICBC."  (Doc. 106, at 1). However, in the very next paragraph, Plaintiff states that Defendant has the authority under British Columbia law, "to obtain all litigation files and records for all matters in which ICBC retained PLG that involved Mr. Hall, including the matter in which PLG represented Mr. Dove."  (*Id.*, at 2).  Thus, it would appear that Plaintiff is seeking both "[r]esponsive documents in Defendant's possession, custody, and control related to matters regarding Mr. Hall, Defendant, and Pacific Law Group ("PLG"), exclusive of PLG's representation of Donald Dove," which the Court authorized in the November 29, 2021 Order, as well as "documents related to PLG's representation of Donald Dove," which the Court expressly denied in that

- 6 -

same Order. (Doc. 96, at 3-5). Further complicating matters is Defendant's supplemental response to the RFPs, which nowhere mentions any production with respect to any documents relating to PLG. (Doc. 106-2, at 3). Instead, in its response to the motion to compel, Defendant interprets Plaintiff's motion as *only* requesting documents solely related to PLG's representation of Mr. Dove, a request the Court denied. (Doc. 108, at 1-2).

While Defendant is correct that the Court explicitly denied Plaintiff's request for documents related to PLG's representation of Mr. Dove, (*see* Doc. 96, at 5), Defendant's interpretation of what Plaintiff is seeking is too narrow. However, the Court does not place the blame entirely on Defendant's shoulders, given the confusing nature of Plaintiff's motion. But in an effort to un-muddy the waters, the Court interprets Plaintiff's motion as seeking two things: (1) documents relating to PLG, Defendant, and Plaintiff (which is authorized); and (2) documents relating to PLG's representation of Mr. Dove (which is not authorized).

With respect to the portion of Plaintiff's request that was expressly authorized by the Court's November 29, 2021 Order, Defendant has wholly failed to address this issue, or to explain why it has failed to comply with the Court's order. In particular, if no such documents exist related to matters regarding Mr. Hall, Defendant, and PLG (exclusive of PLG's representation of Mr. Dove), the Court ordered Defendant to amend its response to clearly state as much, and to

Case 6:20-cv-01992-CEM-LHP   Document 114   Filed 02/23/22   Page 8 of 16 PageID 2134

provide a fulsome explanation as to why the information does not exist, and/or cannot be produced. (Doc. 96, at 4). Again, Defendant has failed to do so.

Defendant appears to be attempting to rectify this deficiency via a declaration from its counsel, Jennifer Crow, dated January 31, 2022, submitted in support of its response to the motion to compel. (Doc. 110).[1] Attorney Crow avers that "PLG's file materials, specifically the investigative materials noted in Plaintiff's Motion, relate to PLG's representation of Donald Dove as all investigations were done in the defense of the Hall v. Dove matter, and were done to investigate the claims made by Mr. Hall arising out of the accident with Mr. Dove." (*Id.* ¶ 6). Attorney Crow further states that it does not have copies of any materials from PLG's file materials, and therefore did not include any such materials on its privilege log. (*Id.* ¶ 7). However, Attorney Crow further acknowledges that it has previously produced some documents it received from PLG to Plaintiff. (*Id.*). And Defendant nowhere explains why it has not asked (or is unable to ask) PLG for complete copies of the materials already produced, nor why it has failed to supplement its response on this point.[2] (*See also* Doc. 113, at 2 (arguing that Defendant has not provided or requested complete versions of emails it already produced from PLG)).

---

[1] The Declaration complies with 28 U.S.C. § 1746.

[2] With respect to any attorney-client privilege argument as to these documents, it would seem that privilege has been waived by virtue of Defendant already producing these materials.

- 8 -

Thus, the Court is faced with an interesting dilemma. There is no doubt that Plaintiff's request for any documents related to PLG's representation of Donald Dove was denied. (Doc. 96, at 5). Therefore, to the extent that Plaintiff is seeking any such materials by virtue of the present motion, that request is also denied here. However, to the extent that Plaintiff is seeking any other documents related to PLG, Mr. Hall, and Defendant, there are inconsistencies in Defendant's actions. First, it is clear that Defendant failed to address this category of documents in its supplemental response, nor does Defendant explain why it has not and cannot obtain complete versions of the materials it has already provided. (Doc. 106-2). And Defendant cannot rectify this deficiency by filing a declaration with the Court, which was prepared as part of Defendant's response to the motion to compel. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (a party that does not assert objections to discovery within the time permitted waives objections and is precluded from asserting objections in response to a motion to compel); *see also* Middle District Discovery (2021) § III(A)(6) ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver

---

Thus, it is unclear what basis Defendant is relying upon for not complying with the Court's November 29, 2021 Order.

and will preclude a party from asserting the objection in response to a motion to compel."). The Court also questions how Defendant is able to argue attorney-client privilege, while simultaneously both producing some of the documents, and claiming that it does not have access to the documents. (*See* Doc. 108, at 2; Doc. 110 ¶ 7). Given these apparently contradictory statements, and the failure to provide a fulsome response as the Court required in its November 29, 2021 Order (Doc. 96, at 4), this portion of Plaintiff's motion to compel will be granted.[3]

Plaintiff's second and final argument is a claim that Defendant "has deleted responsive records following the issuance of its internal preservation notice." (Doc. 106, at 2).[4] In support of this argument, Plaintiff cites to an audit log from Defendant, which shows the word "delete" next to certain file numbers—files

---

[3] The Court is not addressing any further Plaintiff's argument about British Columbia law and who has the authority to request files from PLG with respect to Mr. Dove. First, Plaintiff opted not to pursue this argument at the November 29, 2021 hearing, and cannot resurrect the argument now. Second, the argument clearly relates to the production of files related to PLG's representation of Mr. Dove, and as stated numerous times already, Plaintiff is not entitled to production of those files. This is not to say that Plaintiff has forever waived this argument, only that it cannot assert it in relation to the present motion, which is a continuation of the same issues already addressed by the Court, along with a request for sanctions for purported violations of a previously issued Court Order.

[4] Plaintiff's motion also contains a single sentence that Defendant's production "still contain alarming gaps and inconsistencies, revealing responsive, non-privileged documents exist in ICBC's possession that should have been, but still have not been produced." (Doc. 106, at 2). However, other than discussing the PLG documents, and the deletions addressed below, Plaintiff nowhere identifies any other gaps, inconsistencies, or missing documents. The Court will not hypothesize as to whether Plaintiff is referring to any other matters and will instead focus on the two arguments that are addressed in Plaintiff's motion and reply. (Doc. 113).

which Plaintiff contends are responsive to its RFPs.  (*Id.*; *see also* Doc. 106-5).   In response to this contention, Defendant asserts that it has not deleted any original documents or communications, but that it has only deleted *copies* of the originals. (Doc. 108, at 3).   Defendant asserts that the audit log cited by Plaintiff relates to redactions and edits made on a copy of the original file of Plaintiff's insurance claim and has no impact on the original claim file, which is a paper file.   (*Id.*).   Defendant supports this assertion through the declaration of its manager of IT security, James Kim.   (Doc. 109).

In his reply, Plaintiff does not challenge Defendant's assertions with respect to the existence of both the original paper file and an electronic copy, nor does Plaintiff argue that Defendant has failed to provide a complete copy of the original paper file.   Plaintiff instead focuses exclusively on the electronic copy that admittedly has various redactions and deletions.   (Doc. 113, at 2).   Plaintiff points to Mr. Kim's deposition, at which Mr. Kim testified that Defendant has the ability to recover deleted documents by performing a database restore, but that Defendant has not done so to date.   (*Id.*; *see also* Doc. 113-2, at 3).

In sum, it appears that Defendant has deleted materials from an electronic copy of a document already produced in its entirety in hard copy, and Defendant has produced an audit log reflecting those deletions, but Defendant has failed to recover any of the deletions to the electronic copy via a database restore, despite the

- 11 -

ability to do so. What is not clear from the motion, response, or reply, however, is whether Defendant has produced to Plaintiff the electronic copy of the claims file, with deletions. Given this lack of clarity, the Court finds that Plaintiff's motion is due to be granted in part and denied in part on this issue. In his RFPs, Plaintiff defines "Documents" as:

> the original *or* copies of any tangible written, typed, printed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon, or otherwise copied or produced in any other manner whatsoever. . . . *Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.*

(Doc. 74-2, at 3) (emphasis added).

In other words, Defendant must produce *either* the originals *or* copies of the same document, and if another version exists that has deletions or additions, that additional version shall also be produced. Defendant did not object to this definition. And while Defendant has produced a complete copy of the original paper file, as well as an audit log relating to the electronic copy of that file, it is not clear whether Defendant has produced the admittedly non-identical copy of the electronic file that contains deletions. Defendant shall be required to make this

production, and if it has already done so, shall state as much in a supplemental response.

However, Defendant shall not be ordered to restore the deletions to this electronic copy. Not only do Plaintiff's RFPs not encompass such a requirement, but Plaintiff – who was given an opportunity to file a reply – does not provide any authority for this request, or otherwise contend that the electronic file it takes issue with is anything other than a redacted copy of a file already produced in its entirety. Once Defendant produces the electronic version (if it has not done so already), then Plaintiff will have both the original version and the non-identical electronic version that contains deletions. That is all that the RFPs – which were drafted by able counsel – asked for. And that is all that Plaintiff shall receive. Accordingly, this portion of Plaintiff's motion is denied. *See Pressman v. Publix Super Markets, Inc.*, No. 06-61350-CIV-DIMITROULEAS/SELTZER, 2007 WL 9700543, at *4 (S.D. Fla. July 6, 2007) (directing party to produce all original notes, and all non-identical copies of the notes). *See also Walker v. O'Calla-J Enterprises, Inc.*, No. 6:14-cv-450-Orl-31TBS, 2015 WL 12867059, at *2 (M.D. Fla. Jan. 12, 2015) (citation omitted) ("The moving party has the burden to make a prima facie showing that the opponent violated a court's discovery order.").

This leaves one final issue – the question of sanctions. Plaintiff makes no specific request; he merely references Federal Rule of Civil Procedure 37(b).

- 13 -

Sanctions under Rule 37(b) are discretionary. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *Amedisys Holding, LLC v. Siebu*, No. 8:20-cv-1031-JSM-AAS, 2022 WL 227562, at *2 (M.D. Fla. Jan. 26, 2022). Here, Defendant has failed to fully comply with the Court's November 29, 2021 Order as it relates to the production (and/or explanation as to a lack of production) of materials regarding PLG, Mr. Hall, and Defendant. It is also possible that Defendant has failed to comply with respect to producing the electronic copy of the claims file (with deletions). However, the extent of Defendant's non-compliance is unclear from the present record, and it is quite possible that this entire exercise is due to a lack of communication and/or poor drafting. In other words, the Court is not *at this time* willing to ascribe a deliberate or malicious intent to Defendant's conduct. Moreover, the Court is concerned with Defendant's representations as to a lack of a Rule 3.01(g) conferral prior to filing the motion (*see* Doc. 108, at 3; Doc. 110, at 4 ¶ 8) – representations that Defendant notably does not address in its reply. (Doc. 113). For these reasons, while the Court does not condone Defendant's partial failure to comply with the November 29, 2021 Order, the Court will refrain from awarding any sanctions at this time. However, Defendant is strongly advised that any further failures to fully comply with the Court's discovery orders *will* subject Defendant and/or its counsel to sanctions pursuant to Rule 37(b).

Accordingly, Plaintiff's Motion to Compel and for Sanctions (Doc. 106) is **GRANTED IN PART AND DENIED IN PART.** Within **fourteen (14) days** from the date of this Order, Defendant shall fully comply with this Court's November 29, 2021 Order as it pertains to the production of all materials related to matters regarding Mr. Hall, Defendant, and PLG, exclusive of PLG's representation of Mr. Dove. If no such documents exist, Defendant shall state as much in an amended response, and any such amended response shall include an explanation as to whether Defendant is asserting any attorney-client privilege (along with an updated privilege log), as well as an explanation as to why Defendant was able to produce some responsive materials, but is unable to obtain complete copies of what was already produced. Within **fourteen (14) days** from the date of this Order, Defendant shall also produce the electronic copy (with deletions) of the claims file that is described in the audit log attached as Exhibit E (Doc. 106-5). If Defendant has already produced this electronic copy, it shall clearly state as much in a supplemental response. In all other respects, Plaintiff's motion to compel (Doc. 106) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2022.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record