## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD HALL,

               Plaintiff,

    v.

INSURANCE CORPORATION OF
BRITISH COLUMBIA,

             Defendant.

NO. 6:20-cv-01992-CEM-LRH

**INSURANCE CORPORATION
OF BRITISH COLUMBIA'S
ANSWER TO PLAINTIFF'S
COMPLAINT**

**COMES NOW** Defendant Insurance Corporation of British Columbia (ICBC), by and through its undersigned counsel, hereby answers Plaintiff Richard Hall's Complaint. Any allegation in Plaintiff's Complaint not specifically admitted herein is denied. Numbers and headers in this Answer correspond with the numbers provided in Plaintiff's Complaint and are not to be construed as an admission of alleged facts or liability set forth therein unless specifically admitted.

//

//

INSURANCE CORPORATION OF BRITISH COLUMBIA'S
ANSWER TO PLAINTIFF'S COMPLAINT -- PAGE 1

SCHEER.LAW PLLC
2101 Fourth Ave. Suite 830
Seattle, WA 98121

# I.   ANSWER

## NATURE OF THE ACTION

1.   ICBC denies all allegations in this paragraph.

2.   ICBC denies all allegations in this paragraph.

3.   ICBC denies all allegations in this paragraph.

4.   ICBC denies the allegations in this paragraph.

5.   ICBC denies the allegations in this paragraph.

6.   ICBC denies the allegations in this paragraph.

## THE PARTIES

7.   ICBC admits that Plaintiff is a UK resident based on information and belief.  ICBC denies that Plaintiff has spent a plurality of his time over the past 20 years living in Florida.

8.   ICBC admits all allegations in this paragraph.

## JURISDICTION AND VENUE

9.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  Furthermore, this allegation is moot seeing as ICBC has removed this action pursuant to 28 U.S.C. § 1441(d). To the extent a response is required, ICBC denies all the allegations in this paragraph.

10.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all the allegations in this paragraph.

11.    ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all the allegations in this paragraph.

12.    ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all the allegations in this paragraph.

13.    ICBC denies this paragraph as moot because ICBC removed this action to the Middle District of Florida pursuant to 28 U.S.C. § 1441(d).

14.    ICBC denies all allegations in this paragraph.

## GENERAL ALLEGATIONS

15.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

16.     ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

17.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

18.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

19.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

20.    ICBC denies the allegations in this paragraph.

A.    **The Accident and ICBC**

21.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

22.    ICBC admits that the government of British Columbia signed a non-disclosure agreement based on information and belief.

23.    ICBC admits that Mr. Hall was in a car accident in British Columbia on that date, and that his vehicle was struck by an ICBC insured vehicle, and that his vehicle was totaled and declared a total loss.

24.    ICBC denies that Plaintiff had strong ties to Florida and admits based on information and belief that Plaintiff was in the process of seeking a work visa in Canada.

25.    ICBC admits that the Mayo Clinic assessed Plaintiff and determined that he suffered a traumatic brain injury but lacks sufficient information to admit or deny allegations related to Mr. Hall's then current condition and therefore denies the same.

26.    ICBC admits that Plaintiff submitted an insurance claim regarding the accident and lacks sufficient information to admit or deny allegations related to whether Plaintiff was fully expecting an expedient resolution.

27.    ICBC denies the allegations in this paragraph.

28.    ICBC denies the allegations in this paragraph.

29.    ICBC objects to this allegation as Google search results speak for

themselves, but ICBC denies the characterization that it has a history of bad acts, evidence tampering, and manipulation.

30.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

31.    ICBC denies the allegations in this paragraph and all discrete subparts therein.

32.    ICBC objects to this allegation as it is narrative and the *Arsenovski* decision speaks for itself.

33.    ICBC objects to this allegation as it is narrative and the *Arsenovski* decision speaks for itself.

34.    ICBC objects to this allegation as it is narrative and the *Arsenovski* decision speaks for itself.

35.    ICBC objects to this allegation as it is narrative but lacks sufficient information to admit or deny allegations related to the statements of Mrs. Arsenovski's attorney and therefore denies the same.

36.    ICBC objects to this allegation as it is narrative and has no bearing on this matter but admits that a former ICBC employee was charged and prosecuted.

37.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

38.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph.

39.   ICBC denies the allegations in this paragraph.

40.   ICBC admits that it communicated with Allstate but denies that it shared irrelevant and confidential information.

41.   ICBC admits that it informed Plaintiff he would "have a more satisfactory experience from here on in" and that it subsequently changed the adjuster on the file.  ICBC denies the allegations in this paragraph to the extent Plaintiff characterizes ICBC's statement as an apology or admission or wrongdoing.

42.   ICBC objects to this allegation as it is narrative but denies Plaintiff's implicit general characterization that ICBC did not properly handle Plaintiff's third-party claim.

**B.**   **ICBC Engages Outside Investigator "Action Pacific"**

43.   ICBC admits the allegations in this paragraph.

44.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

45.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

46.   ICBC admits it assigned Carter to Plaintiff's file. ICBC denies the remaining allegations in this paragraph.

47.   ICBC denies that Carter had separate and distinct motivations based on information and belief but, to the extent Mr. Carter had any additional or

differing motives beyond investigating Plaintiff's claim to assist ICBC with handling an enigmatic and unreasonably difficult claimant, ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

48.   ICBC objects to these allegations as Action Pacific's revenue from ICBC speaks for itself, but denies that any increase in Action Pacific's revenue was attributed to Carter's investigation of Plaintiff.

49.   ICBC denies the allegations in this paragraph.

50.   ICBC admits that Carter contacted Plaintiff to tell him he will be in his neighborhood and that Plaintiff declined based on information and belief.  ICBC denies that Plaintiff was willing to cooperate and all other allegations in this paragraph.

51.   ICBC denies the allegations in this paragraph.

52.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

53.   ICBC admits that Carter called David Leadbetter based on information and belief.

54.   ICBC admits that Leadbetter is the founder of the Leadbetter Golf Academy based on information and belief.  ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

55.    ICBC denies the allegations in this paragraph.

56.    ICBC denies the allegations in this paragraph.

57.    ICBC denies the allegations in this paragraph.

58.    ICBC denies the allegations in this paragraph.

59.    ICBC admits that Carter visited Wayne Ayers to ask about Mr. Hall's background but denies that Carter aggressively questioned him.   ICBC lacks sufficient

60.    ICBC denies that Carter had a hostile approach to questioning Ayers. ICBC admits based on information and belief Ayers informed Carter about PCNA sponsoring Plaintiff and GOP.  ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

61.    ICBC denies the allegations in this paragraph.

62.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

63.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.  ICBC objects to the forensic analysis as it speaks for itself but denies that Carter hacked Plaintiff's computer.

64.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

65.    ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

66.     ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

67.     ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

68.     ICBC denies that it negatively interfered with Plaintiff's BC Work Visa Application.   ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

69.     ICBC admits that Plaintiff submitted a Freedom of Information (FOI) request for ICBC internal claims files based on information and belief.

70.     ICBC denies that it engaged in illegal activities and criminal acts and that any of its activities or acts necessitated Plaintiff to go into hiding.  ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

71.     ICBC denies that Plaintiff's fear was justified and that ICBC had done anything to Leadbetter, PGA, or PCNA that was would have jeopardized Plaintiff's business.   ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

72.     ICBC denies that Plaintiff spent in excess of four months every year in the Orlando area.   ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

73.     ICBC admits that Plaintiff traveled to Canada for a medical

examination in 2008 but denies that its request to have Plaintiff travel to Canada for a medical examination was improper – as implied by Plaintiff – seeing as Plaintiff filed his tort action in B.C. and therefore submitted to the jurisdiction. ICBC admits that private investigators monitored Mr. Hall's activity in public places but denies that any of these investigations were improper.

### C.   ICBC Destroys Evidence to Conceal its Scheme and Renews its Attacks on Hall

74.   ICBC admits that Plaintiff submitted a FOI request in 2013 based on information and belief.

75.   ICBC objects to this allegation as it is narrative and Canadian law speaks for itself.

76.   ICBC objects to this allegation as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies.

77.   ICBC admits that Bill Hutchson emailed redacted files to Plaintiff's attorney.

78.   ICBC objects to this allegation as the document enclosed as Exhibit C speaks for itself.

79.   ICBC denies the allegations in this paragraph.

80.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

81.     ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies the allegations in this paragraph.

82.     ICBC admits that "LVI" means "Low Velocity Impact" but denies that it was fraudulent to categorize the accident as an LVI.

83.     ICBC admits that "TPA" means "Third Party Adjuster."  ICBC lacks sufficient information as to whether Mr. Hall was a visitor from Florida / Oregon and therefore denies the same.  ICBC denies that it was fraudulent to categorize the accident as an LVI.

84.     ICBC admits that "Red Tag" refers to a referral to the Special Investigations Unit (SIU).  ICBC denies Plaintiff's characterization of the SIU as "infamous" and denies any suggestion that a referral of Plaintiff's claim to the SIU was improper.

85.     ICBC denies the allegations in this paragraph.

86.     ICBC denies the allegations in this paragraph.

87.     ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

88.     ICBC denies the allegations in this paragraph.

89.     ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

90.     ICBC lacks sufficient information to admit or deny the allegations in

this paragraph and therefore denies the same.

91.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

92.   ICBC denies the allegations in this paragraph.

93.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

94.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

95.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

96.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

97.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

98.   ICBC admits that Plaintiff traveled to Canada for a medical examination in December 2016 but denies that its request to have Plaintiff travel to Canada for a medical examination was improper – as implied by Plaintiff – seeing as Plaintiff filed his tort action in B.C. and therefore submitted to the jurisdiction.  ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

99.   ICBC lacks sufficient information to admit or deny the allegations in

this paragraph and therefore denies the same.

100.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

101.   ICBC denies Plaintiff's characterization related to ICBC and Carter's interference.   ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

102.   ICBC denies Plaintiff's characterization of "ICBC interference and the breadth of its malevolence" and lacks sufficient information to admit or deny what Plaintiff understood and therefore denies the same.

103.   ICBC denies the allegations in this paragraph.

104.   ICBC denies Plaintiff's characterization that it "actively interference in the manner it did."   ICBC lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

105.   ICBC denies Plaintiff's characterization of "ICBC interference and the breadth of its malevolence" and lacks sufficient information to admit or deny what Plaintiff understood and therefore denies the same.

106.   ICBC lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

107.   ICBC denies the allegations in this paragraph.

//

//

## COUNT I

## Violations of the Civil Remedies for Criminal Practices Act, 772.103(3)

108.   ICBC reincorporates by reference its responses to paragraphs 1 – 107.

109.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

110.    ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

111.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

112.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

### A.     Wire Fraud

113.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

114.   ICBC objects to this paragraph (and all discrete subparagraphs set forth therein) as it contains legal conclusions and therefore no response is

required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

115.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

**B.    <u>Computer Crimes Act</u>**

116.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

117.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

118.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

119.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

120.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

### C.  **Organized Fraud**

121.  ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

122.  ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

123.  ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

124.  ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

125.  ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

126.  ICBC objects to this paragraph (and all discrete subparagraphs set forth therein) as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

127.  ICBC objects to this paragraph as it contains legal conclusions and

therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

128.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

129.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

130.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

131.   ICBC objects to this paragraph (and all discrete subparagraphs set forth therein) as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

132.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

133.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

This paragraph is comprised of Plaintiff's request for relief with respect to Court I to which no response is required.  To the extent a response is required, ICBC denies that Plaintiff is entitled to the relief requested.

## COUNT II

## Violations of the Civil Remedies for Criminal Practices Act, 771.103(4)

134.   ICBC reincorporates by reference its responses to paragraphs 1 – 133.

135.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

136.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

137.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

This paragraph is comprised of Plaintiff's request for relief with respect to Court II to which no response is required.  To the extent a response is required, ICBC denies that Plaintiff is entitled to the relief requested.

## COUNT III

## Tortious Interference with a Business Relationship

138.   ICBC reincorporates by reference its responses to paragraphs 1 – 137.

139.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

140.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

141.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

142.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

143.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

This paragraph is comprised of Plaintiff's request for relief with respect to Court III to which no response is required.  To the extent a response is required, ICBC denies that Plaintiff is entitled to the relief requested.

## COUNT IV

## Common Law Conspiracy

145.   ICBC reincorporates by reference its responses to paragraphs 1 – 143.

146.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

147.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

148.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

149.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

150.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

151.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.   To the extent a response is required, ICBC denies all allegations in this paragraph.

This paragraph is comprised of Plaintiff's request for relief with respect to Court IV to which no response is required.  To the extent a response is required, ICBC denies that Plaintiff is entitled to the relief requested.

## COUNT V

## Intentional Infliction of Emotional Distress

152.   ICBC reincorporates by reference its responses to paragraphs 1 – 151.

153.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

154.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

155.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

156.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

157.   ICBC objects to this paragraph as it contains legal conclusions and therefore no response is required.  To the extent a response is required, ICBC denies all allegations in this paragraph.

158.   This paragraph is comprised of Plaintiff's request for relief with respect to Court V to which no response is required.  To the extent a response is required, ICBC denies that Plaintiff is entitled to the relief requested.

## II.    <u>AFFIRMATIVE DEFENSES</u>

**HAVING ANSWERED** Plaintiff's Complaint, ICBC raises the following affirmative defenses in good faith:

1.     ICBC asserts all affirmative defenses listed in Fed. R. Civ. P. 8(c) as they may be applicable to this matter.

2.     Plaintiff failed to state a claim upon which relief would be granted.

3.     Plaintiff's claims are barred by the applicable statute of limitations.

4.     Plaintiff's claims are barred by the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq*.

5.     This forum is not appropriate for resolution of Plaintiff's claims because Plaintiff has insufficient, consistent ties with the state of Florida, both during the time during the alleged conduct in Plaintiff's Complaint and today, and because little to no activity occurred in Florida.

6.     Plaintiff may have failed to mitigate his alleged injuries, losses, or damages (if any).  Additionally, Plaintiff's damages (if any) may be insufficient to amount to the damages necessary to prove for the alleged causes of action.

7.     Plaintiff may have been contributorily negligent in contributing to his injuries, losses, or damages (if any) (namely, Plaintiff's own delays and lack of cooperations in third-party insurance claim against Mr. Dove).

8.     If any losses or damages were suffered by Plaintiff, then said loss may have been caused by contributed by superseding and/or intervening acts to which

ICBC had no control or responsibility including.

9.      Plaintiff's alleged injuries, losses, and damages may have been pre-existing.

10.     ICBC lacks the criminal and/or tortious intent required for Plaintiff's alleged causes of actions because it was acting to further the interests of its insured Donald Dove and otherwise process and expedite Plaintiff's third-party insurance claim, notwithstanding his difficulties.

11.     ICBC did not access or disrupt Plaintiff's computer, nor did it introduce any contaminants, engage in any audio or video surveillance, or otherwise commit any offenses against Plaintiff's computer, computer systems, computer network, or electronic devices.

12.     Plaintiff did not have the business and/or contractual relationships as alleged.

13.     Plaintiff may have filed his Complaint in violation of Fed. R. Civ. P. 11 to the extent that (i) he has brought his Complaint for an improper purpose, Fed. R. Civ. P. 11(b)(1), and (ii) he has raised factual contentions that will not be supported by evidence, Fed. R. Civ. P. 11(b)(3).  Sanctions pursuant to Fed. R. Civ. P. 11(c) would be appropriate.

## **RESERVATION OF RIGHTS**

ICBC reserves the right to amend any of the above responses to Plaintiff's allegations upon further discovery.  ICBC reserves the right to bring additional

counterclaims, crossclaims, or third-party claims as may be necessary upon further discovery.  ICBC reserves the right to amend its requested relief.

### **REQUESTED RELIEF**

**HAVING ANSWERED** Plaintiff's Complaint and **HAVING RAISED** the foregoing affirmative defenses, ICBC requests the following relief:

1.      Dismissal of Plaintiff's Complaint with prejudice and without costs;

2.      Award of attorney's fees and costs as permitted by law or equity;

3.      Any other relief the court deems equitable and just.

DATED this 7th day of November, 2022.

SCHEER.LAW PLLC

*/s/ Mark P. Scheer*
Mark P. Scheer
*Pro Hac Vice*, Order at DE 8
*WSBA No.: 16651*
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98109
Phone: (206) 436-3661
Fax: (206) 409-0866
mark@scheer.law

-and-

*/s/ Jennifer L. Crow*
Jennifer L. Crow
*Pro Hac Vice*, Order at DE 48
WSBA No.: 43746
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98109

Phone: (503) 466-1767
Fax: (206) 409-0866
jen@scheer.law

-and-

*/s/ Samuel E. Cayton*
Samuel E. Cayton
*Pro Hac Vice*, Order at DE 167
WSBA No.: 58591
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98109
Phone: (206) 219-6748
Fax: (206) 409-0866
samc@scheer.law

-and-

*/s/ Gary Baumann*
Gary Baumann
Florida Bar No. 089052
BAUMANN, GANT, & KEELEY, P.A.
1401 E. Broward Blvd, Suite 200
Fort Lauderdale, FL  33301
Phone: (954) 440-4611 ext. 116
Fax: (954) 440-4613
gbaumann@baumannlegal.com

Attorneys for Defendant ICBC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 7th day of November, 2022, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system. I further certify

that the foregoing document was emailed to all participants.

SCHEER.LAW PLLC

*/s/ Mark P. Scheer*
Mark P. Scheer
*Pro Hac Vice*, Order at DE 8
WSBA No.: 16651
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98109
Phone: (206) 436-3661
Fax: (206) 409-0866
mark@scheer.law