UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD HALL,

    Plaintiff,

v.   Case No:   6:20-cv-1992-CEM-LHP

INSURANCE CORPORATION OF
BRITISH COLUMBIA,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO STRIKE UNTIMELY SERVED AND FILED ANSWER OF DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA, AND/OR FOR A JUDICIAL DEFAULT, AND FOR ATTORNEYS' FEES (Doc. No. 184)**
>
> **FILED:** November 7, 2022
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **INSURANCE CORPORATION OF BRITISH COLUMBIA'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND/OR JUDICIAL**

> **DEFAULT AND FOR ATTORNEY'S FEES AND INSURANCE CORPORATIO NOF BRITISH COLUMBIA'S CROSS-MOTION FOR ATTORNEY'S FEES**  (Doc. No. 188)
>
> **FILED:** November 15, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On September 27, 2022, the Court issued an Order denying Defendant, Insurance Corporation of British Columbia's amended motion to dismiss the Complaint.  Doc. No. 173.  Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant had 14 days from the date of this Order – October 11, 2022 – to answer the Complaint.  However, Defendant did not file its answer by this deadline, instead filing its answer and affirmative defenses on November 7, 2022 – without explanation and without seeking leave of Court.  Doc. No. 183.

Picking up on this deficiency, Plaintiff Richard Hall, through counsel, has filed the above-styled motion seeking to strike the late-filed answer, and/or for the entry of judicial default against Defendant, as well as an award of fees.  Doc. No. 184.  In response, Defendant opposes and seeks fees "given the clear case precedent on the issue and the fact that Plaintiff's Motion . . . could have been avoided through basic inquiry, candor, and reasonable notice."  Doc. No. 188.

First, Plaintiff's motion to strike and/or for default. Doc. No. 184. Contrary to Plaintiff's hyperbolic rhetoric, Defendant was "only" 27 days tardy in its filing of answer and affirmative defenses, not the "more than twenty-eight (28) months" Plaintiff appears to imply. And while it is undisputed that Defendant failed to meet its filing deadline and failed to seek leave of Court to cure this deficiency, the undersigned is all too well aware that the parties have been actively litigating this case for several years, with extensive discovery practice, and that – on Plaintiff's motion – the deadlines in this case – including the discovery deadline – have been extended. *See* Doc. Nos. 147, 160, 163. The fact that Defendant filed its answer only after the required Local Rule 3.01(g) conferral does not indicate any malice or gamesmanship on the part of Defendant, but rather shows that the meet and confer process largely works.

In addition, the undersigned notes the strong policy in this Circuit favoring resolution of cases on the merits and viewing defaults with disfavor. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). *See also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Kilbride v.*

*Vrondran*, No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted). For these reasons, Plaintiff's motion (Doc. No. 184) – including the legally unsupported request for fees – is **DENIED.**

Second, Defendant's combination response, and motion for fees. Doc. No. 188. Defendant's filing is also replete with hyperbolic rhetoric, and notably provides no explanation for its failure to answer the Complaint within the time afforded by Fed. R. Civ. P. 12, or its failure to seek approval from the Court before filing same. However, as noted above, the parties have been actively litigating this case for more than two (2) years, there is a strong policy against defaults when a case can be resolved on its merits, and the undersigned finds no prejudice in permitting the delayed answer to stand. But, the undersigned is unpersuaded by Defendant's legally unsupported request for attorney's fees, and therefore Defendant's motion (Doc. No. 188) is **DENIED.**

The undersigned reminds counsel for both sides that they are to engage in litigation in this District in a civil and cooperative manner – the recent filings that appear to be increasing in hostility are both troubling and not well taken.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties