# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD HALL,

      Plaintiff,

v.                                Case No:   6:20-cv-1992-CEM-LHP

INSURANCE CORPORATION OF
BRITISH COLUMBIA,

      Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **OPPOSED MOTION OF PLAINTIFF FOR ISSUANCE OF LETTERS ROGATORY TO THE SUPREME COURT OF BRITISH COLUMBIA, CANADA DIRECTED TO DAVID EBY (Doc. No. 180)** |
| **FILED:** | **October 27, 2022** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **OPPOSED MOTION OF PLAINTIFF FOR ISSUANCE OF LETTERS ROGATORY TO THE SUPREME COURT OF BRITISH COLUMBIA,** |

**CANADA DIRECTED TO BILL HUTCHON (Doc. No. 190)**

**FILED:**      **November 21, 2022**

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Richard Hall has filed two motions asking the Court to issue Letters Rogatory to the Supreme Court of British Columbia, Canada, to enable him to obtain testimony and documents from non-parties David Eby and Bill Hutchon. (Doc. Nos. 180, 190).   Plaintiff has included with both motions proposed Letters Rogatory, which he asks the Court to issue.   (Doc. No. 180-2; Doc. No. 190-3). Defendant Insurance Corporation of British Columbia opposes both motions. (Doc. Nos. 185, 194).

Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781 authorize federal courts to utilize a treaty or convention to issue letters rogatory in order to enable a U.S. litigant to obtain non-party discovery from a foreign country. Fed. R. Civ. P. 28(b); 28 U.S.C. § 1781(b)(2).   *See also Luzzi v. ATP Tour, Inc.*, No. 3:09-cv-1155-J-32MCR, 2010 WL 746493, at *1 (M.D. Fla. Mar. 2, 2010); *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 CIV. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (granting motion for issuance of letters rogatory to enable plaintiff to obtain testimony and documents from Canadian third-party and noting that Rule 28(b) and § 1781(b)(2) granted the court authority to do so).   Where a party seeks

assistance in obtaining discovery from a country that is a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 23 U.S.T. 2555, a court may utilize that convention to request assistance with obtaining discovery from the country. *See, e.g., Luzzi*, 2010 WL 746493, at *1. Where a country is not a signatory to the Hague Convention, a court should consider whether it is appropriate to issue a letter rogatory. *See id.*

Canada is not a signatory to the Hague Convention, and as such, the Court must consider the propriety of issuing a letter rogatory to the Canadian authorities. *See Advanced Magnesium Alloys Corp. v. Dery*, No. 1:20-cv-02247-RLY-MJD, 2020 WL 11885835, at *3 n.3 (S.D. Ind. Oct. 9, 2020) (noting that with respect to discovery sought from Canadian non-parties, "the Hague Convention is not available, as Canada is not a signatory to it"). "District courts 'have both statutory and inherent authority to issue letters rogatory' and 'the decision to issue letters rogatory lies within a court's sound discretion.'" *Moecker v. Bank of Am., N.A.*, No. 8:13-cv-01095-T-24-EAJ, 2014 WL 12623809, at *1 (M.D. Fla. Mar. 19, 2014) (quoting *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007)). Letters rogatory should be issued only where "necessary and convenient." *Luzzi*, 2010 WL 746493, at *1 (citing *Rosen*, 240 F.R.D. at 215). Courts routinely issue letters rogatory "where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd.*, 2005 WL 1214345, at *1.

Plaintiff represents that the documents and testimony he seeks from Mr. Eby and Mr. Hutchon cannot be obtained by any other means; that the discovery sought is relevant, material, and narrowly tailored to be proportional to the needs of this case; and that the balance of national interests and the principles of comity weigh in favor of issuance of the Letters Rogatory.   (Doc. No. 180, at 10-15; Doc. No. 190, at 10-15).   In addition, Plaintiff asserts that if the Letters Rogatory are issued, he will "proceed in a reasonable manner and give due consideration to Mr. Eby's [and/or Mr. Hutchon's] personal convenience and professional responsibilities in all the circumstances."   (Doc. No. 180, at 6; Doc. No. 190, at 6).   Plaintiff has attached to the motions the proposed document requests and deposition topics he seeks from both Mr. Eby and Mr. Hutchon.   (Doc. No. 180-2, at 2-13; Doc. No. 190-3, at 2-11).

With respect to both motions, Defendant raises essentially the same objections:   that Plaintiff has already taken multiple depositions, and previously obtained Letters Rogatory for two other non-parties (Kenneth Carter and Pacific Law Group), *see* Doc. No. 118, and that the amount of deposition discovery that has taken place has been disproportionately in Plaintiff's favor, and unduly prejudicial to Defendant.   *See* Doc. No. 185, at 1-2; Doc. No. 194, at 1-2.   At the same time, Defendant has been attempting to schedule Plaintiff's deposition, which has been delayed due to Plaintiff's claimed health issues.   (Doc. No. 185, at 2; Doc. No. 194,

at 2).   And as it pertains to Mr. Eby, Defendant further argues that due to Mr. Eby's newly elected role as premier of British Columbia, "it is unlikely that the Supreme Court of British Columbia would honor Plaintiff's request to take Mr. Eby's deposition," and it is "expected that the Office of the Premier and the Executive Council of British Columbia would object to this deposition and move to quash it or otherwise prevent it from going forward. . . ."   (Doc. No. 185, at 3). Accordingly, Defendant requests that both Letters Rogatory be either denied in their entirety, or deferred until after Plaintiff's deposition is either scheduled and/or taken.   (*Id.*; Doc. No. 194, at 3).   Defendant cites to no legal authority in support of either opposition; nor does Defendant challenge any of the other arguments or representations made by Plaintiff in his motions.   (Doc. Nos. 185, 194).

Upon review of the proposed discovery, and in the absence of any objection by Defendant on these points, the Court finds that the information Plaintiff seeks is within the proper scope of discovery, relates to the claims asserted in the Complaint (Doc. 1-2), and that the issuance of the Letters Rogatory is both necessary and convenient.   It also appears that Letters Rogatory may be the only means by which the requested discovery may be obtained given the fact that Mr. Eby and Mr. Hutchon are both citizens of Canada, are not parties to this action, and are not subject to the jurisdiction of this Court.   *See, e.g.*, *Luzzi*, 2010 WL 746493, at *1

(finding issuance of letter rogatory necessary and convenient where discovery sought was within the proper scope of discovery and individuals plaintiff sought to depose did not voluntarily subject themselves to discovery, were citizens of other countries, and were not otherwise subject to the court's jurisdiction).

With respect to Defendant's arguments in opposition, the issue of Plaintiff's deposition has been resolved, and it is now scheduled for January 31, 2023.   (Doc. No. 193).   While Defendant expresses concerns as to whether the deposition may go forward on that date, *see* Doc. No. 194, at 2, such concerns are speculative, and the Court is not inclined to essentially stay discovery (at least Plaintiff's discovery) until it is determined whether such speculation bears fruit.   *See also* Doc. No. 175, at 5.   And as for Defendant's concerns about Mr. Eby, Defendant's representations are again speculative in nature.   (Doc. No. 185, at 3).   Without any legal authority even suggesting that Letters Rogatory should be denied or deferred based on a *possibility* that the foreign country will limit or refuse enforcement, the Court is again unwilling to deny Plaintiff the requested relief.   *See also Metso Minerals v. Powerscreen Int'l Distrib. Ltd.*, No. CV 06-1446(ADS)(ETB), 2007 WL 1875560, at *3 (E.D.N.Y. June 25, 2007).   Accordingly, the Court finds that issuance of the Letters Rogatory is appropriate under the circumstances of this case.

Based on the foregoing, Plaintiff's Opposed Motions for Issuance of Letters Rogatory to the Supreme Court of British Columbia, Canada for David Eby and Bill

Hutchon (Doc. Nos. 180, 190) are **GRANTED**.  It is **ORDERED** that, on or before

**December 19, 2022**, Plaintiff shall re-file complete executable proposed Letters

Rogatory, to include places for the appropriate requested signature(s) and/or seal.

*See* Doc. No. 115-2, at 13; Doc. No. 118-1, at 12.

    **DONE** and **ORDERED** in Orlando, Florida on December 12, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties