# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| RICHARD HALL,<br><br>                    Plaintiff,<br><br>v.<br><br>INSURANCE CORPORATION OF BRITISH COLUMBIA,<br><br>                    Defendant. | NO. 6:20-cv-01992-CEM-LRH<br><br>**INSURANCE CORPORATION OF BRITISH COLUMBIA'S RESPONSE TO PLAINTIFF'S MOTION FOR A STAY OF THIS ACTION, OR ALTERNATIVELY A FOUR-MONTH EXTENSION OF DATES IN THE AMENDED CASE MANAGEMENT AND SCHEDULING ORDER AND HIS DEPOSITION, OR ALTERNATIVELY FOR AN EXTENSION OF CERTAIN DATES IN THE AMENDED CASE MANAGEMENT AND SCHEDULING ORDER** |

## I.   INTRODUCTION

Insurance Corporation of British Columbia (ICBC), by and through its undersigned counsel, hereby responds to Plaintiff Richard Hall's Motion to Stay Proceedings and/or Extend Deadlines (Dkt. 203) (his "Motion"). Plaintiff has requested three alternative reliefs: (1) an opposed four-month stay of these

proceedings; (2) an opposed four-month extension of all dates in the Amended ACMSO and his January 31, 2023 deposition, or (3) modification of discovery deadlines as previously proposed in his December 20, 2022 unopposed motion (Dkt. 199) but denied by the Court on December 23, 2022 (Dkt. 200).  ICBC respectfully files this Response to make a further record of its opposition to Plaintiff's efforts to persistently delay the resolution of this case.

## II.  STATEMENT OF RELEVANT FACTS

This case originates from a 2003 motor vehicle accident between Plaintiff and ICBC-insured Donald Dove†.  Plaintiff filed suit against Mr. Dove on October 31, 2005 in the Supreme Court of British Columbia.[1]  Statement of Claim, *Hall v. Dove*, No. M054851 (S.C.B.C. October 31, 2005); (Dkt. 155-2) (hereinafter "*Hall v. Dove*").  The trial date was continued and adjourned multiple times due to various excuses by Plaintiff, including his health.  *See generally* (Dkt. 155) at *2-5.  Medical examinations, depositions, and other proceedings were scheduled but subsequently delayed because of Plaintiff.  *Id.*  Saliently, Mr. Dove's counsel asked for Plaintiff's examination for discovery as early as March 23, 2006,[2] however, after multiple rescheduling, Plaintiff's deposition was pushed out to March 2018 but nevertheless never went forward because of his health.  (Dkt. 155-17).  In

---

[1] The Supreme Court of British Columbia is the trial court in the Canadian province of British Columbia.
[2] In British Columbia., depositions are referred to as "examinations for discovery."  See B.C. Reg. 168/2008 s. 7-2.

addition to the claimed traumatic brain injury, Plaintiff had cancer and an abscessed tooth. *Id*. *Hall v. Dove* eventually resolved in August 2021 when the Parties agreed to a settlement in principle, but at that point, Plaintiff filed this present matter which has been removed pursuant to 28 U.S.C. § 1441(d). (Dkt. 1-2).

This Court set an initial case schedule and the Parties engaged in discovery. (Dkt. 31). After one stipulated extension, Plaintiff's initial expert report deadline was June 1, 2022. (Dkt. 107). On May 31, 2022, Plaintiff's counsel asked ICBC's counsel if ICBC would consent to a two-week continuance of the Parties' expert report deadlines. (Ex. 2). ICBC did not oppose. *Id*. However, Plaintiff did not file a deadline extension motion and did not disclose any expert reports or expert witness information.

ICBC first asked for Plaintiff's deposition on April 20, 2022. (Ex. 1). The Parties originally agreed that Plaintiff's video deposition would commence on June 28, 2022. However, on June 8, 2022, Plaintiff's counsel informed ICBC's counsel that Plaintiff suffered a minor stroke and that they wished to stay proceedings for 60 days. (Dkt. 155-23). ICBC responded that it would only consent to Plaintiff's proposed relief if Plaintiff's deposition could be rescheduled, and that 120-day continuance be filed because of counsel's schedules. *Id*. ICBC proposed September 23, 2022, and, having not heard back that this date would not work, accordingly re-noted to this date. *Id*.

Plaintiff filed the Motion to Continue on June 14, 2022. (Dkt. 123). ICBC filed a non-opposition given the Parties' agreement on Plaintiff's deposition. (Dkt. 123; 155-23). Plaintiff filed a renewed Motion to Continue on August 26, 2022 as the first continuance motion remained *sub judice*. (Dkt. 147). Because it had become clear through subsequent meet and confer sessions that Plaintiff did not intend to follow up on its agreement to produce Plaintiff at his deposition, ICBC opposed this Motion. *See* (Dkt. 155 w/ exs.). The Court entered an endorsed order granting Plaintiff's Motion and set trial for "May 2023." (Dkt. 160).

Plaintiff filed a Motion to Quash his Deposition Notice on September 21, 2022. (Dkt. 174). The Court suspended Plaintiff's deposition and granted Plaintiff's Motion; however, the Court mandated that Plaintiff's deposition must commence on or before January 31, 2023. (Dkt. 169, 175). However, the Court warned that "*if Plaintiff is either unwilling or unable to go forward with his deposition and otherwise litigate this case, he runs the risk of subjecting the case to dismissal of non-prosecution.*" *Id*. The Parties scheduled Plaintiff's in-person video deposition for January 31, 2023. (Dkt. 193).

On December 20, 2022, Plaintiff filed an unopposed motion to extend expert report deadlines and the discovery cutoff. (Dkt. 199). The Court denied that request on December 23, 2022. and stated "[i]t is time for the litigation of this case to come to a close." (Dkt. 200).

//

### III. STATEMENT OF ISSUES

Whether Plaintiff's request for a stay of proceeding or alternative request for a four-month extension of the ACMSO dates and his deposition should be granted given that Plaintiff has a history of delays in *Hall v. Dove* and this case and has had sufficient opportunity to prosecute his case? **Answer: No.**

### IV. EVIDENCE RELIED UPON

This Response relies upon the relevant legal authority (including statutes, court rules, and case law, where applicable), the exhibits submitted with this Response, and the files previously submitted before this Court.

### V. DISCUSSION

**1. Plaintiff's Request for a Stay of Proceedings.**

Plaintiff's first request asks the Court for a four-month stay of proceedings. District courts have the discretion to grant or deny a motion to stay proceedings. *Turner v. Rosen Hotels & Resorts*, 2021 U.S. Dist. LEXIS 254587, at *5 (M.D. Fla. Dec. 20, 2021). However, the motion to stay proceedings should be "evaluated in light of the court's strong obligation not to dismiss or postpone the federal claim in the absence of exceptional circumstances." *American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984). The Court looks at (1) the facts produced; (2) judicial economy; (3) the extent of irreparable harm to the other parties; and (4) whether there is a clear and substantial reason. *Tri-City Elec. Contractors, Inc. v. Suitt Constr.*, No. 94-176-CIV-FTM-17, 1994 WL

652761, at *1 (M.D. Fla. Nov. 16, 1994).

Plaintiff relies on his deteriorating health as a basis to stay these proceedings. However, Plaintiff has relied on his health to push out his litigation obligations on numerous prior occasions – both in this case and in *Hall v. Dove*. Plaintiff has chosen to bring this action and therefore should expect to diligently prosecute his case without frequent requests for delay. Given this history, his purported circumstances are not exceptional.

Also, Plaintiff has demonstrated that he can engage in litigation despite his ongoing concerns. Plaintiff was able to submit an affidavit to support his request for the Court to issue letters rogatory to the Supreme Court of British Columbia (Dkt. 180). Moreover, Plaintiff has traveled to New York City, New York to work on discovery production. (Dkt. 203-2) ¶ 9. Plaintiff is now finished with document production. If he could manage these tasks, he can manage other proceedings.

Staying proceedings will not only impact judicial economy but will undoubtedly prejudice ICBC and irreparably harm its ability to conduct the remainder of its planned discovery. Discovery has been open for more than two years. ICBC has a strong interest in ensuring that this case moves forward with the current trial schedule. This matter has already been continued once, despite ICBC's objections. Since that continuance, no new exigent circumstances have arisen. ICBC intends to make additional discovery between the date of this filing and the upcoming discovery cutoff. Stayed proceedings will hinder ICBC's ability

to complete discovery in the coming months and further prolong this case.

Plaintiff's rationale for seeking a stay of proceedings is not substantial because it has been entertained for far too long in tangential proceedings. The *Hall v. Dove* case demonstrates the sheer extent of Plaintiff's willingness to push out proceedings that he initiates. A simple tort motor vehicle case lasted sixteen years because of Plaintiff's numerous excuses. Plaintiff is now repeating the same pattern of behavior.

**2. Plaintiff's Request for Extension of ACMSO Dates.**

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[M]odification is inappropriate unless a party can show they failed to meet the schedule despite their 'diligence.'" *Howard v. BP Expl. & Prod.*, U.S. App. LEXIS 34990, *7 at (Dec. 19, 2022). The Eleventh Circuit often holds "that a district court's decision to hold litigants to the clear terms of its scheduling order is not an abuse of discretion." *Pyatt v. AECOM Tech Servs.*, 2021 U.S. App. LEXIS 27447, at *10 (Sept. 13, 2021 11th Cir. 2021).

By extension, Plaintiff's request also seeks a continuance of the trial date. Per this Court's Case Management and Scheduling Order, "Motions … to continue the trial are generally denied" and the moving party must demonstrate that a continuance of the trial date is necessary to prevent manifest injustice. (Dkt. 31). A party should not be granted a continuance when they have exhibited "an

egregious pattern of dilatory tactics." *See Arabian Am. Oil. Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991).

Plaintiff has not demonstrated that he has been diligent in meeting his expert report deadline. It does not appear that Plaintiff has made any efforts to retain experts since the last extension was granted. While Plaintiff has retained new counsel, the Court has already affirmed that this fact is of no consequence. *E.g.* (Dkts. 175, 200). Furthermore, while Plaintiff did serve an expert disclosure on January 6, 2023, it does not appear that the disclosure was complete or adequately prepared. (Exs. 3, 4).[3]

Plaintiff has been given ample opportunity to gather expert materials. Plaintiff's original expert report disclosure deadline was June 1, 2022. In September 2022, the Court extended the deadline for expert report disclosures to January 6, 2023. Therefore, he has had more than four (4) additional months to complete his expert witness disclosure. Moreover, as Plaintiff prepared for confidentiality designations and rolling productions of his discovery, he could have had experts simultaneously review documents and prepare their opinions. Because Plaintiff has been given ample opportunity to prepare expert disclosures,

---

[3] The expert report disclosure demonstrates numerous deficiencies. Not all experts identified have reports or disclosed qualifications, publications, or trial testimony. See Fed. R. Civ. P. (b)(2)(B). Of the experts who do have reports, it appears these reports and affidavits were not specifically prepared for purposes of this disclosure as the dates well-precede the institution of this action. Moreover, Plaintiff cannot locate investigator "Barry McCleary" and has identified an unnamed "John Doe" expert to attest to certain computer hacking claims.

good cause has not been established and manifest justice does not require a four-month extension of trial or the other ACMSO dates.

ICBC only consents to a modest extension of the current discovery deadlines because such extensions do not impact the May trial date. ICBC has been generous with Plaintiff in consenting to his requests for deadline extension of deadlines to produce documents responsive to its first set of requests for production. *See* (Dkt. 178, 181). However, as mentioned, Plaintiff has a long history of citing his health as a reason to delay the proceedings of this case. These dilatory tactics should not be used as an excuse to further delays proceedings and be given additional chances to meet deadlines. *See Arabian Am. Oil. Co.*, 939 F.2d at 1479 (affirming the district court's denial of the motion for continuance because of plaintiff's conduct).

### 3. Plaintiff's Request for Extension of Deposition of Plaintiff.

The Parties have had unusual difficulty in arranging Plaintiff's deposition. Plaintiff's deposition has already been postponed twice. It was originally set for June 28, 2022, rescheduled to September 23, 2022, and then rescheduled again January 31, 2023. Scheduling Plaintiff's deposition has already required Court intervention. Now, he wishes to push his deposition another four months and again cites his health as a reason to further extend his deposition.

A plaintiff has an obligation to diligently prosecute his case. M.D. Fla. R. 3.10. "A non-resident plaintiff may reasonably expect to be deposed at least once in this district during the discovery stages of the case…" MIDDLE DISTRICT

DISCOVERY § II(A)(3).

However, Plaintiff's health should not be the sole reason to avoid his deposition.  See *Wagner v. Disney Destination LLC*, No. 6:16-cv-1981-Orl-22DCI, 2018 WL 1800849, at *2 (M.D. Fla. Mar. 27, 2018), report and recommendation adopted, 2018 WL 1791614 (M.D. Fla. Apr. 16, 2018) (dismissing case where a plaintiff became incapacitated and was unable to show up for a deposition). Plaintiff has an obligation to appear at his duly-noted deposition.  *C.f.* Fed. R. Civ. P. 37(d)(1)(A)(ii); *Ferguson v. Gettel Acura*, 2018 U.S. Dist. LEXIS 18417 *9 (M.D. Fla. Jan. 18, 2018); *Sigurdsson v. Dicarlantonio*, 2013 U.S. Dist. LEXIS 169623, at *4 (M.D. Fla. Nov. 7, 2013), citing to *Penthouse Int'l v. Playboy Enterprises, Inc.*, 663 F.2d 371, 390 (2d Cir. 1981) ("a party properly served has an absolute duty … to present himself for the taking of his deposition.").

The Court ordered that Plaintiff's deposition shall occur on or before January 31, 2023.  This order should not be disturbed.  Plaintiff has been given ample extension to accommodate his illnesses, but it appears that extensions are futile.  While ICBC does not wish to speculate, it appears that Plaintiff has used and will continue to use his health as a reason to further instigate.  His doctors continue to make the same projections and recommendations as to how long he needs to recover – and each time these doctors need to renew their recommendations.

ICBC would continue to suffer prejudice if Plaintiff's deposition were

rescheduled again. This would be the third time Plaintiff's deposition would be rescheduled and the second time with this Court intervention. Plaintiff has already deposed ICBC pursuant to Fed. R. Civ. P. 30(b)(6) and despite ICBC's jurisdictional arguments at the time.

To be clear, Plaintiff is engaging in the same pattern of conduct in this case as he did in the *Hall v. Dove* case. While they are different cases in different jurisdictions, they are materially connected given Plaintiff's accusations. In that case, Plaintiff persistently delayed the resolution of the case because of his health and other reasons. ICBC does not doubt that Plaintiff has new health concerns, but, at some point, the judicial system must draw a line. A litigant who institutes an action should not be permitted to continuously rely on health conditions to push out his obligations while prejudicing other parties. Any conclusion otherwise would be inconsistent with a just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1. Just as ICBC has an interest in addressing the merits of Plaintiff's claims at trial, Plaintiff should have an interest in having a jury hear his claims. Neither of these will happen if these types of extensions are entertained.

## VI. <u>CONCLUSION</u>

ICBC respectfully requests that the Court deny Plaintiff's requests for a four-month stay or proceedings and for a four-month extension of the ACMSO dates and his deposition. ICBC does not object to the third prong of Plaintiff's requested

relief and the Court may grant this request within its discretion.

## VII.  LOCAL RULE 3.01(g) CERTIFICATION

ICBC certifies that it conferred with Plaintiff via telephone and that the Parties were unable to come to an agreement with respect to Plaintiff's first two requested reliefs; however, ICBC is still agreeable to Plaintiff's third requested relief.

DATED this 19th day of January, 2023

    SCHEER.LAW PLLC

    */s/ Mark P. Scheer*
    Mark P. Scheer
    *Pro Hac Vice*, Order at DE 8
    *WSBA No.: 16651*
    SCHEER.LAW PLLC
    2101 Fourth Avenue, Suite 830
    Seattle, WA 98121
    Phone: (206) 436-3661
    Fax: (206) 409-0866
    mark@scheer.law

    -and-

    */s/ Jennifer L. Crow*
    Jennifer L. Crow
    *Pro Hac Vice*, Order at DE 48
    WSBA No.: 43746
    SCHEER.LAW PLLC
    2101 Fourth Avenue, Suite 830
    Seattle, WA 98121
    Phone: (503) 466-1767
    Fax: (206) 409-0866
    jen@scheer.law

    -and-

INSURANCE CORPORATION OF BRITISH COLUMBIA'S
RESPONSE TO PLAINTIFF'S MOTION – PAGE 12

SCHEER.LAW PLLC
2101 Fourth Ave., Suite 830
Seattle, WA 98121

        */s/ Samuel E. Cayton*  
        Samuel E. Cayton  
        *Pro Hac Vice*, Order at DE 167  
        WSBA No.: 58591  
        SCHEER.LAW PLLC  
        2101 Fourth Avenue, Suite 830  
        Seattle, WA 98121  
        Phone: (206) 219-6748  
        Fax: (206) 409-0866  
        samc@scheer.law  

        -and-

        */s/ Gary Baumann*  
        Gary Baumann  
        Florida Bar No. 089052  
        BAUMANN, GANT, & KEELEY, P.A.  
        1401 E. Broward Blvd, Suite 200  
        Fort Lauderdale, FL  33301  
        Phone: (954) 440-4611 ext. 116  
        Fax: (954) 440-4613  
        gbaumann@baumannlegal.com  

        Attorneys for Defendant ICBC

## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing document was emailed to all participants.

        SCHEER.LAW PLLC

        */s/ Mark P. Scheer*  
        Mark P. Scheer  
        *Pro Hac Vice*, Order at DE 8  
        WSBA No.: 16651

SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98109
Phone: (206) 436-3661
Fax: (206) 409-0866
mark@scheer.law