# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD HALL,

          Plaintiff,

v.                                                 Case No:   6:20-cv-1992-CEM-LHP

INSURANCE CORPORATION OF
BRITISH COLUMBIA,

          Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S MOTION TO COMPEL TESTIMONY FROM PLAINTIFF (Doc. No. 241)**
>
> **FILED:       August 2, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Defendant moves to compel "testimony and discovery responses" from Plaintiff.   Doc. No. 241.   Specifically, Defendant states that during his June 27, 2023 deposition, Plaintiff refused to answer specific questions related to former

federal law enforcement officers and other security consultants on privilege grounds. *Id.* at 1. And even more specifically, Defendant states that Plaintiff refused to answer questions about certain conversations he had with a person named Elaine Carey, who has not been disclosed as one of Plaintiff's retained experts and is a fact witness with personal knowledge of Plaintiff's allegations in this lawsuit. *Id.* at 2. *See also* Doc. No. 241-1, at 3–4; Doc. No. 241-2. Plaintiff also refused to identify the name of a retired Homeland Security Officer referenced in Plaintiff's complaint. Doc. No. 241, at 2. *See also* Doc. No. 241-1, at 4–5.

Plaintiff has not responded to the motion, and his time for doing so expired on August 7, 2023. *See* Doc. No. 13 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).[1] Accordingly, the Court deems the motion to be unopposed in all respects. *See id. See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-

---

[1] Although Plaintiff is currently proceeding *pro se*, Plaintiff has been permitted access to the Court's CM/ECF e-filing system. Doc. No. 222. So, Federal Rule of Civil Procedure 5(b)(2)(E) applies. The docket reflects that a Notice of Electronic Filing of the above-styled motion was delivered to Plaintiff's email address on August 2, 2023.

cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).   Plaintiff's *pro se* status does not absolve him from his duty to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure.   *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

Upon review of the motion and the attached deposition transcript, and given the lack of opposition from Plaintiff, the Court finds the motion to compel well taken as it relates to Plaintiff's refusal to answer specific questions at deposition. But although Defendant's motion also references "discovery responses" and "discovery requests," the motion nowhere identifies any discovery requests or responses at issue outside of the questions posed at Plaintiff's deposition.   *See* Doc. No. 241.   Thus, insofar as Defendant requests additional relief outside of answers to the deposition questions, the motion is due to be denied for failure to properly support the request.[2]

---

[2] In addition, the Court notes that Defendant does not request an award of fees and

Accordingly, Defendant's Motion to Compel Testimony from Plaintiff (Doc. No. 241) is **GRANTED in part**, and it is **ORDERED** as follows:

1.      On or before **August 15, 2023**, Defendant shall serve on Plaintiff written questions on the topics that Plaintiff refused to address at his June 27, 2023 deposition, which shall be limited to the following: (1) the conversations Plaintiff had with Elaine Carey; and (2) the identity of the retired Homeland Security Officer referenced in Plaintiff's complaint.

2.      On or before **August 22, 2023**, Plaintiff shall serve on Defendant a sworn affidavit or declaration made pursuant to 28 U.S.C. § 1746 answering the questions in full.    Alternatively, on or before **August 22, 2023**, by agreement the parties may conduct a one-hour continuation of Plaintiff's deposition, to take place via Zoom, on these specific topics alone.    **Because Defendant waited until the last day of discovery to file the present motion, even though Plaintiff's deposition was taken on June 27, 2023, and given that trial related deadlines are fast approaching, these deadlines will not be extended.    The parties are directed to take all efforts and act in good faith to satisfy these deadlines.**

---

costs, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time.

3.      All objections to questions related to the conversations Plaintiff had with Elaine Carey and the identity of the retired Homeland Security Officer have been waived by Plaintiff's failure to respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4.      Defendant's Motion (Doc. No. 241) is **DENIED in all other respects**.

5.      **Failure to comply with this Order may result in sanctions.** *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -