# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD HALL,

    Plaintiff,

v.   Case No:   6:20-cv-1992-CEM-LHP

INSURANCE CORPORATION OF
BRITISH COLUMBIA,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM AND FOR LEAVE TO HAVE PRODUCTION AFTER THE DISCOVERY CUTOFF (Doc. No. 242)**
>
> **FILED:**   August 2, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant moves to compel Plaintiff to comply with subpoenas duces tecum issued to certain third-party witnesses Defendants has or will depose.   Doc. No.

242. According to the motion, Plaintiff agreed to accept service of the subpoenas duces tecum, but Defendant has not received documents responsive to the subpoenas by the deadlines set forth therein. *Id.* at 1–2. *See also* Doc. Nos. 243-4, 243-6, 243-9, 243-12. Defendant contends that Plaintiff has failed to "ensure compliance" with the subpoenas duces tecum. Doc. No. 242, at 3. But Defendant also says that "*Plaintiff has agreed to work with these witnesses and provide documents on or before August 14, 2023 at 12:00 PM EST.*" *Id.* (emphasis in original).

Plaintiff has not responded to the motion, and his time for doing so expired on August 7, 2023. *See* Doc. No. 13 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).[1] So, the Court deems the motion to be unopposed. *See id.; Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

However, upon consideration, and despite the unopposed nature of the motion, the motion will be denied. As an initial matter, the motion is directed to

---

[1] Although Plaintiff is currently proceeding *pro se*, Plaintiff has been permitted access to the Court's CM/ECF e-filing system. Doc. No. 222. So, Federal Rule of Civil Procedure 5(b)(2)(E) applies. The docket reflects that a Notice of Electronic Filing of the above-styled motion was delivered to Plaintiff's email address on August 2, 2023.

Plaintiff alone, and does not seek to compel compliance by the third-party witnesses. Doc. No. 242.[2] And Defendant provides no legal authority demonstrating that *Plaintiff* was required to "ensure compliance" with the subpoenas duces tecum, or that it would be appropriate for the Court to compel *Plaintiff* to ensure compliance with same. Doc. No. 242, at 2–3.[3]

Moreover, discovery in this matter has been open since December 2020. Doc. No. 30; Fed. R. Civ. P. 26(d)(1). And on May 30, 2023, the Court extended the discovery period a final time. *See* Doc. No. 215. Yet, according to the above-styled motion, Defendant did not notice the depositions of these witnesses or serve the subpoenas duces tecum until July 14, 2023—approximately two and a half weeks prior to the extended discovery deadline. *See* Doc. Nos. 242, 243. Defendant provides no explanation as to why this discovery was not conducted earlier in the discovery period, or why it waited another six weeks after the May 30, 2023 Order

---

[2] Indeed, it does not appear that the motion was served on the third-party witnesses, and at the outset of the motion, Defendant states that it moves to compel "Plaintiff's compliance." Doc. No. 242, at 1, 5.

[3] The only legal authority cited by Defendant addresses motions to compel directed to the non-party recipient of the subpoena. *See Williams v. Sunbelt Rentals, Inc.*, No. 8:04-cv-1395-T27MSS, 2005 WL 8160097 (M.D. Fla. Oct. 12, 2005); *Patel v. Bhakta*, No. 1:15-CV-562-MHC-ECS, 2015 WL 12159208 (N.D. Ga. Apr. 29, 2015). And although Defendant states that Plaintiff agreed to accept service of the subpoenas, Defendant does not point to any agreement of the parties that Plaintiff would "ensure compliance" with the subpoenas. *See* Doc. Nos. 242, 243.

issued to serve the subpoenas or schedule the depositions.  *See id.*  The Court finds this delay particularly glaring given that Defendant was on notice of two of the third-party witnesses since at least January 6, 2023 (*see* Doc. No. 241-2), and on notice of the third witness since at least April 1, 2021 (*see* Doc. No. 65-8).  Further, Defendant filed the above-styled motion on the day that discovery closed—August 2, 2023.  *See* Doc. Nos. 215, 242.  And in the motion, Defendant states that Plaintiff has already agreed to work with the witnesses and provide documents by August 14, 2023.  Doc. No. 242, at 3.  It appears that Defendant has filed the motion "in an abundance of caution" and in anticipation that such production will not occur.  The Court is not in the practice of addressing issues that are not ripe for resolution, or compelling a party to do something which they have already agreed to do.  *See also* Middle District of Florida Discovery (2021) § I.F. ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.").

For these reasons, Defendant's Motion to Compel Compliance with Subpoenas Duces Tecum (Doc. No. 242) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2023.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties