**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| RICHARD HALL,<br><br>               Plaintiff,<br><br>v.<br><br>INSURANCE CORPORATION OF BRITISH COLUMBIA,<br><br>               Defendant. | NO. 6:20-cv-01992-CEM-LRH<br><br>**DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S MOTION FOR SANCTIONS INCLUDING DISMISSAL AND ATTORNEY'S FEES** |

## I.    RELEIF REQUESTD

Defendant Insurance Corporation of British Columbia (ICBC), by and through its undersigned counsel of record, hereby moves to sanction Plaintiff Richard Hall. Plaintiff is currently attempting to enforce four letters rogatory that this Court issued to the Supreme Court of British Columbia. However, the discovery cutoff on for this matter was August 2, 2023 and trial is set for "October 2023." Plaintiff is violating the Amended Case Management and Scheduling Order despite his knowledge of discovery being closed. ICBC respectfully requests that

DEFENDANT INSURANCE CORPORATION OF
BRITISH COLUMBIA'S MOTION FOR SANCTIONS
INCLUDING DISMISSAL AND ATTORNEY'S FEES –
PAGE 1

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

this Court sanction Plaintiff, including dismissal, and award ICBC costs and fees associated with bringing filing this Motion.  ICBC also respectfully requests that that the Court enter an order preventing Plaintiff from taking steps to enforce the letters rogatory in British Columbia, Canada.

## II.     STATEMENT OF FACTS AND PROCEDURE

This lawsuit arises out of Plaintiff's allegations against ICBC in relation to his third-party insurance claim against ICBC and the accompanying tort motor vehicle lawsuit against ICBC's insured Donald Dove.  Trial was originally set for October 3, 2022.  On February 23, 2022, Plaintiff – through counsel at Mark Migdal & Hayden – filed a motion for this Court to two issue letters rogatory to the Supreme Court of British Columbia so that they can sit for depositions.  (Dkt. 115) These were for two witnesses: Kenneth Carter of Action Pacific, the private investigator that ICBC retained in 2004 to handle and investigate Plaintiff's third-party insurance claim, and Pacific Law Group (PLG), the law firm ICBC retained to represent Mr. Dove.  *Id.*  The Court granted the motion on March 1, 2022 and ordered Plaintiff to contact that Clerk regarding the Exemplification Certificate.  (Dkt. 118).  The Supreme Court of British Columbia has not taken any action to compel Mr. Carter of PLG to testify at depositions, and Plaintiff took no action to enforce these letters rogatory.

Trial was later continued to "May 2023."  In October/November 2022, Plaintiff – through new counsel at Greenspoon Marder – filed two additional

DEFENDANT INSURANCE CORPORATION OF
BRITISH COLUMBIA'S MOTION FOR SANCTIONS
INCLUDING DISMISSAL AND ATTORNEY'S FEES –
PAGE 2

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

motions for letters rogatory to the Supreme Court of British Columbia, which the Court granted. (Dkts. 180, 190). These were issued to the Premier of British Columbia, David Eby, and a former ICBC employee, Bill Hutchon on December 27, 2022. *Id.* Similarly, the Supreme Court of British Columbia has not taken any action to compel Mr. Carter of PLG to testify at depositions, and Plaintiff took no action to enforce these letters rogatory.

Trial was again continued to "October 2023." Plaintiff's prior counsel withdrew in May 2023 and Plaintiff is currently *pro se*. (Dkt. 214). The Case Management and Scheduling Order was amended, with the discovery cutoff changed to **August 2, 2023**. Plaintiff took no action before then, even though the letters rogatory for Mr. Carter and PLG were order was granted 519 days before this discovery cutoff date and 218 days since the letters rogatory to Premier Eby and Mr. Hutchon were issued.

Even after the passage of the cutoff, Plaintiff signaled to ICBC's counsel that he was looking to schedule the deposition of Premier Eby. (Ex. 1). When Plaintiff and ICBC's counsel had their Local Rule 3.06(A) conference on September 7, 2023, Plaintiff mentioned that he would be looking to set the deposition of David Eby. ICBC informed Plaintiff that the discovery cutoff has passed.

Plaintiff nevertheless has now retained British Columbia lawyer Thomas Harding of Clear Legal Law Corporation to enforce the letters rogatory. On September 8, 2023, Plaintiff filed a petition in the Supreme Court of British

DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S MOTION FOR SANCTIONS INCLUDING DISMISSAL AND ATTORNEY'S FEES – PAGE 3

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

Columbia to enforce the letters rogatory and depose Mr. Carter, PLG, Premier Eby, and Mr. Hutchon.  (Ex. 2).  ICBC now moves to sanction Plaintiff for flagrantly violating this Court's scheduling order and deliberately imposing unnecessary burdens ICBC and this Court three weeks before trial.

### III.   AUTHORITY AND ARGUMENT

### A. Sanctions Standards

"On a motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  "Instead of or in addition to any other sanction, the court **must** order the party … to pay the reasonable expense – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2). The rules do not require the district court to make a finding of bad faith before imposing 16(f) sanctions against a party. *See Giovanno v. Fabec*, 80 F.3d 1361, n. 5 (11th Cir. 2015).  Sanctions under Rule 37 are non-exhaustive and include "prohibiting the disobedient party from supporting or opposing" "dismissing the action or proceeding in whole or in part." *See* Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

This Court sound discretion to use sanctions to ensure litigants do not act unscrupulously and further ensure efficient preparation for trial:

DEFENDANT INSURANCE CORPORATION OF
BRITISH COLUMBIA'S MOTION FOR SANCTIONS
INCLUDING DISMISSAL AND ATTORNEY'S FEES –
PAGE 4

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

> Under Rule 16(f) courts have very broad discretion to use sanctions where necessary to insure not only that lawyers and parties *refrain from contumacious* behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the *expeditious and sound management of the preparation of cases for trial*.

*Rice v. Barnes*, 201 F.R.D. 549 (M.D. Ala. 2001) (internal citations omitted).

## B. Plaintiff's Petition in the Supreme Court of British Columbia to Enforce Letters Rogatory is noncompliant with deadlines established by this Court. Sanctions, including dismissal, are appropriate.

Plaintiff's enforcement effort is untimely. Plaintiff filed a petition in the Supreme Court of British Columbia to enforce the four letters rogatory issued by this Court. In doing so, Plaintiff is attempting to seek further discovery in this case, more than one month after the August 2, 2023 discovery cutoff and less than three weeks before the October 2023 trial. Additionally, British Columbia law requires twenty-one days to respond to a petition for depositions, meaning that no deposition could pragmatically occur before the October 2023 trial date (and practically speaking it is unclear how Plaintiff expects ICBC's counsel to attend depositions in Canada while this trial is potentially simultaneously occurring in Florida).

ICBC further notes that Plaintiff made a request on the day of the discovery cutoff to have this Court issue letters rogatory to the Supreme Court of British

DEFENDANT INSURANCE CORPORATION OF
BRITISH COLUMBIA'S MOTION FOR SANCTIONS
INCLUDING DISMISSAL AND ATTORNEY'S FEES –
PAGE 5

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

Columbia for the depositions of six former ICBC employees. (Dkt. 244). The Court denied that request, reasoning that "issuance of letters rogatory at this point would unduly delay this case, particularly given that discovery is now closed, and trial in this matter is set for the October 2023 trial term." (Dkt. 255). One of the identified witnesses is the incumbent Premier of British Columbia (which is the equivalent of the governor of a U.S. state). This deposition would not only impose on Premier Eby's executive duties and open issues related to United States-Canadian foreign relationships, but would surely burden ICBC and this Court by potentially accommodating around his official duties and handling issues related to executive privilege. Although this Court does not have jurisdiction over Plaintiff's petition in the Supreme Court of British Columbia, it has jurisdiction over Plaintiff in this matter. The Court has the power to sanction Plaintiff and enjoin him from making any further that it deems appropriate and that would prevent Plaintiff from making further discovery related to the four witnesses in British Columbia

Furthermore, dismissal would be an appropriate sanction for Plaintiff's violations. Plaintiff fully understands the discovery cutoff has commenced and that trial is next month, yet he is persistently engaging in efforts to make discovery. *See Danubis Group, LLC v. Landmark Am. Ins. Co.*, 685 Fed. Appx. 792 (11th Cir. 2017) (sanctioning an attorney for repeated failure to comply with discovery deadlines). Repeated conduct of this nature is sanctionable as Plaintiff is violating this Court's case management and scheduling order by attempt to enforcing letters

DEFENDANT INSURANCE CORPORATION OF
BRITISH COLUMBIA'S MOTION FOR SANCTIONS
INCLUDING DISMISSAL AND ATTORNEY'S FEES –
PAGE 6

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

rogatory and note depositions after the deadline. (Dkt. 31) ("The Court will impose sanctions in any party who …. Otherwise fails to comply with this order. Sanctions may include … dismissal of the case"); *see also Powell v. Siegal*, 447 F.App'x 92, 94 (11th Cir. 2011) ("Rule 16(f) authorizes a court to impose sanctions, including dismissal under Rule 37(b)(2)(A)(b), if a party fails to obey a pretrial order.").

Plaintiff is commencing further proceedings in the Supreme Court of British Columbia, and is working to set up depositions and document production on dates that are inconsistent with trial. If Plaintiff wanted to have these witnesses' depositions taken for this matter, then he or his prior counsel should have gone through the procedural requirements in British Columbia much sooner. Additionally, if Plaintiff wanted to have these witnesses' depositions taken without going through the procedural requirements, <u>then he should have filed this lawsuit in British Columbia – not Florida</u>.

## C. ICBC is entitled to attorney's fees for having to file this Motion for Sanctions and prevent untimely discovery.

ICBC is entitled to all reasonable attorney's fees related to filing this motion. Rule 16(f)(2) does not distinguish against or exclude parties who are *pro se* as opposed to represented. See Fed. R. Civ. P. 16(f)(2). Plaintiff has no substantial justification for petitioning the Supreme Court of British Columbia and not complying with this Court's discovery deadline established in the scheduling order. Plaintiff's *pro se* status is of no consequence. As mentioned, the petition in British

DEFENDANT INSURANCE CORPORATION OF
BRITISH COLUMBIA'S MOTION FOR SANCTIONS
INCLUDING DISMISSAL AND ATTORNEY'S FEES –
PAGE 7

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

Columbia is a deliberate effort by Plaintiff, who has knowledge of the discovery cutoff. While he is unrepresented in this case, he evidently has been in frequent discussion with lawyers since becoming *pro se*, including Mr. Harding. He has been reminded by ICBC's counsel and this Court that the discovery cutoff has passed. He also has a Canadian attorney who should have properly advised Plaintiff that his petition in British Columbia would be untimely because of the case management and scheduling order of this Court.

## IV.   CONCLUSION

For the aforementioned reasons, ICBC respectfully requests that the Court **GRANT** this Motion, **SANCTION** Plaintiff, **ENJOIN** Plaintiff from enforcing and setting the depositions of Mr. Carter, PLG, Premier Eby, and Mr. Hutchon, and **DISMISS** this lawsuit with prejudice.

## V.   LOCAL RULE 3.01(g) CERTIFICATION

ICBC certifies that it met and conferred with Plaintiff via email and that the Parties came to an agreement as follows: ICBC would withdraw its Motion for Sanctions if Plaintiff agreed to have his counsel in British Columbia withdraw the petition in the Supreme Court of British Columbia.

DATED this 12th day of September, 2023.

SCHEER.LAW PLLC

DEFENDANT INSURANCE CORPORATION OF
BRITISH COLUMBIA'S MOTION FOR SANCTIONS
INCLUDING DISMISSAL AND ATTORNEY'S FEES –
PAGE 8

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

*/s/ Mark P. Scheer*
Mark P. Scheer
*Pro Hac Vice*, Order at DE 8
*WSBA No.: 16651*
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98121
Phone: (206) 436-3661
Fax: (206) 409-0866
mark@scheer.law

-and-

*/s/ Jennifer L. Crow*
Jennifer L. Crow
*Pro Hac Vice*, Order at DE 48
WSBA No.: 43746
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98121
Phone: (503) 466-1767
Fax: (206) 409-0866
jen@scheer.law

-and-

*/s/ Samuel E. Cayton*
Samuel E. Cayton
*Pro Hac Vice*, Order at DE 167
WSBA No.: 58591
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98121
Phone: (206) 219-6748
Fax: (206) 409-0866
samc@scheer.law

-and-

*/s/ Gary Baumann*

DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S MOTION FOR SANCTIONS INCLUDING DISMISSAL AND ATTORNEY'S FEES – PAGE 9

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

Gary Baumann
Florida Bar No. 089052
BAUMANN, GANT, & KEELEY, P.A.
1401 E. Broward Blvd, Suite 200
Fort Lauderdale, FL  33301
Phone: (954) 440-4611 ext. 116
Fax: (954) 440-4613
gbaumann@baumannlegal.com

Attorneys for Defendant ICBC

DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S MOTION FOR SANCTIONS INCLUDING DISMISSAL AND ATTORNEY'S FEES – PAGE 10

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of September 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing document was emailed to all participants.

SCHEER.LAW PLLC

*/s/ Mark P. Scheer*
Mark P. Scheer
*Pro Hac Vice*, Order at DE 8
WSBA No.: 16651
SCHEER.LAW PLLC
2101 Fourth Avenue, Suite 830
Seattle, WA 98109
Phone: (206) 436-3661
Fax: (206) 409-0866
mark@scheer.law

DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S MOTION FOR SANCTIONS INCLUDING DISMISSAL AND ATTORNEY'S FEES – PAGE 11

SCHEER.LAW PLLC
2101 FOURTH AVE., SUITE 830
SEATTLE, WA 98121