# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD HALL,

        Plaintiff,

v.                                   Case No:   6:20-cv-1992-CEM-LHP

INSURANCE CORPORATION OF
BRITISH COLUMBIA,

        Defendant

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

---

**MOTION:**  **DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA'S AMENDED MOTION FOR SANCTIONS INCLUDING DISMISSAL AND ATTORNEY'S FEES (Doc. No. 258)**

**FILED:**    **September 14, 2023**

---

**THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

---

      On June 11, 2020, Plaintiff Richard Hall instituted this action against Defendant Insurance Corporation of British Columbia ("ICBC") in Florida state

court, alleging violations of Florida's Civil Remedies and Criminal Practices Act, Fla. Stat. §§ 772.103(3), (4) (Counts I and II), tortious interference with a business relationship (Count III), common law conspiracy (Count IV), and intentional infliction of emotional distress (Count V).   Doc. No. 1-2, at 3–29.   On October 27, 2020, ICBC removed the matter to this Court under 28 U.S.C. §§ 1441(d), 1603(a), and 1603(b).   Doc. No. 1.   Between June 11, 2022 and May 26, 2023, Plaintiff was continuously represented by counsel admitted to practice in this Court, including the law firms of Rennert Vogel Mandler & Rodriguez, Mark Migdal & Hayden, Kirkland and Ellis, and Greenspoon Marder LLP.   *See, e.g.*, Doc. Nos. 130–36, 138–41, 144, 146.   Since May 26, 2023, however, Plaintiff has been proceeding *pro se*. Doc. No. 214.

This case has a long and tortured history, and the Court has granted several extensions of the relevant case management deadlines.   *See* Doc. Nos. 31, 163, 215. With the last extension, the Court established a discovery deadline of August 2, 2023.   Doc. No. 215, at 1.   The case is presently scheduled for an in-person final pretrial conference on November 16, 2023, and for a bench trial before the Presiding District Judge on December 18, 2023.   Doc. Nos. 267–69.

While the discovery period was open, Plaintiff sought, and obtained, several letters rogatory.   First, on March 1, 2022, the undersigned granted Plaintiff's request to issue letters rogatory to the Supreme Court of British Columbia, Canada,

for Kenneth Carter and the Pacific Law Group.   Doc. No. 118.   Second, on December 12, 2022, the undersigned granted Plaintiff's request to issue letters rogatory to the Supreme Court of British Columbia, Canada for David Eby and Bill Hutchon.   Doc. No. 195.   The letters rogatory issued on December 23, 2022.   Doc. Nos. 201–02.

On January 26, 2023, while Plaintiff was still represented by counsel, the Court stayed this case due to Plaintiff's health issues.   Doc. No. 207.   The stay was lifted on May 25, 2023, and Plaintiff's counsel withdrew the following day, leaving Plaintiff to litigate this case *pro se*.   Doc. Nos. 210, 212, 214.   The parties subsequently filed numerous discovery-related motions, *see* Doc. Nos. 236–37, 241–42, 247–48, including a third motion by Plaintiff, filed on August 2, 2023, seeking issuance of four more letters rogatory to the Supreme Court of British Columbia, Canada.   Doc. No. 244.   The undersigned denied that motion on the basis that issuance of letters rogatory at that point would unduly delay the case, particularly given that discovery was now closed, and the case was then set for trial during the October 2023 trial term.   Doc. No. 252.

Since that time, no further issues related to the issuance of letters rogatory were before the Court — until the present motion.   Doc. No. 258.   According to ICBC's motion, on or about September 7, 2023 — more than one month after the expiration of the August 2, 2023 discovery deadline — Plaintiff suggested to ICBC

counsel during a Local Rule 3.06(c) conference that Plaintiff would like to schedule the deposition of David Eby.   *Id.*, at 3.   ICBC also attaches to its motion an email from Plaintiff to ICBC counsel, dated August 16, 2023 (two weeks after the close of discovery) stating that Plaintiff has made progress on the enforcement of his letters rogatory with respect to David Eby, that he is attempting to schedule his deposition to occur prior to September 25, 2023, and that he will use this same process to schedule depositions of Pacific Law Group, Bill Hutchon, and Kenneth Carter. Doc. No. 258-1.   ICBC further states that Plaintiff has retained a British Columbia attorney to enforce the previously issued letters rogatory, and on September 8, 2023, Plaintiff filed a petition in the Supreme Court of British Columbia to enforce the letters rogatory and to depose Kenneth Carter, the Pacific Law Group, David Eby, and Bill Hutchon on October 3, 2023.   Doc. No. 258, at 3–4; *see also* Doc. No. 258-2.

ICBC argues that Plaintiff's attempts to conduct this discovery well after the discovery deadline has passed is a flagrant violation of the Court's scheduling orders, and deliberately imposes unnecessary burdens on ICBC.   Doc. No. 258, at 4.   As such, ICBC seeks sanctions against Plaintiff in the form of an order enjoining Plaintiff from any further discovery related to these four witnesses in British Columbia, dismissal of this case in its entirety, and attorney's fees.   *Id.*, at 5–8.

Plaintiff has filed a response in opposition.   Doc. No. 264.   In sum, Plaintiff argues that he has been acting in good faith to complete the discovery related to

David Eby, Kenneth Carter, and a "Ms. Wright," who the undersigned presumes is the corporate representative for Pacific Law Group. *Id.* Plaintiff further argues that he is complying with the Middle District of Florida Civil Discovery Handbook, which provides in relevant part that "[c]ounsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date." Middle District Discovery, § I. F. (2021). *See id.*, at 1–2. According to Plaintiff, when he asked ICBC counsel if they would accept service for David Eby, counsel replied with words to the effect "good luck with that, he is not our client and nothing to do with us," and that ICBC in prior conferrals (when Plaintiff was represented by counsel), also stated "good luck with that, you will never get David Eby." *Id.* at 2. Plaintiff argues that these statements equate to ICBC's counsel agreeing to conduct discovery — specifically David Eby's deposition — after the expiration of the August 2, 2023 discovery deadline. *Id.* Plaintiff spends the remainder of his opposition arguing the importance of David Eby's deposition, that any delay in enforcing the previously issued letters rogatory was due to his medical issues and the difficulties in finding a law firm in British Columbia willing to aid in enforcement, and alleging wrongdoing on the part of ICBC against Plaintiff and others. *Id.*, at 3–12. Plaintiff also appears to have embedded in his response a

request to continue with the letters rogatory enforcement process, and to place any deposition testimony "on the may call list" for trial.   *Id.*, at 10.

In support of his opposition, Plaintiff attaches a September 11, 2023 letter from the Deputy Supervisor of the Office of the Assistant Deputy Attorney General of British Columbia, addressed to Plaintiff's counsel in British Columbia, explaining how to effectuate service on David Eby.   Doc. No. 264-1.   Plaintiff also attaches a copy of his Freedom of Information and Protection of Privacy Act request, dated December 16, 2016, requesting information related to David Eby, and what appear to be several online news articles about David Eby.   Doc. Nos. 264-2, 264-3.

Upon review of ICBC's motion, Plaintiff's opposition, and all attachments, the undersigned finds that ICBC's motion is due to be denied without prejudice.

ICBC bases its motion on Federal Rule of Civil Procedure 16, which provides in relevant part that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (C) fails to obey a scheduling order or other pretrial order."   Fed. R. Civ. P. 16(f)(1)(C).   *See* Doc. No. 258, at 4–5.   "Under Rule 16(f) courts have 'very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'"   *Rice v. Barnes*, 201 F.R.D. 549,

551 (M.D. Ala. 2001) (*quoting Martin Fam. Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999)).   A finding of bad faith is not a prerequisite for imposing sanctions under Fed. R. Civ. P. 16(f).   *Giovanno v. Fabec*, 804 F.3d 1361, 1366 n. 5 (11th Cir. 2015).   However, dismissal under Rule 37 is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."   *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Here, ICBC points to three actions taken by Plaintiff: (1) a "suggestion" by Plaintiff during a September 7, 2023 conference that Plaintiff "was looking to schedule" David Eby's deposition; (2) an August 16, 2023 email from Plaintiff stating that the process to schedule David Eby's deposition "has begun," and Plaintiff will continue this process for Pacific Law Group, Bill Hutchon, and Kenneth Carter; and (3) Plaintiff's September 8, 2023 petition filed in the Supreme Court of British Columbia to enforce the previously issued letters rogatory.   Doc. No. 258, at 3–4; *see also* Doc. Nos. 258-1, 258-2.   Without more, these actions are insufficient to establish — at this time — that sanctions under Rule 16(f) are warranted.

To begin, the undersigned does not see how a phone call "suggesting" a desire to schedule a deposition after the close of discovery, or an email stating that the process to schedule depositions has begun, constitutes actionable conduct.   At most, these are attempts to discuss the issues with ICBC counsel, nothing more.

And ICBC provides no legal authority even suggesting that mere discussions with opposing counsel about potentially engaging in discovery outside the discovery period runs afoul of Rule 16(f).   Indeed, as Plaintiff points out, the Middle District Civil Discovery Handbook contemplates discovery continuing beyond any court-imposed deadlines — albeit with consent of counsel.   *See also KeyBank Nat'l Ass'n v. BTM Coaches Inc.*, Case No. 6:21-cv-942-PGB-LHP, 2022 WL 18492543, at *2 (M.D. Fla. Mar. 25, 2022).

Next, Plaintiff's actions in the Supreme Court of British Columbia.   To be sure, the filing of the petition on September 8, 2023 goes beyond mere discussions, and if Plaintiff had engaged in such conduct before this Court, ICBC might have a stronger case.   However, as ICBC itself recognizes, "this Court does not have jurisdiction over Plaintiff's petition in the Supreme Court of British Columbia." Doc. No. 258, at 6.   And ICBC has provided no legal authority suggesting that letters rogatory automatically become invalid and unenforceable when the discovery period set by the issuing court expires, nor has ICBC provided any legal authority suggesting that continuing to seek enforcement of validly issued letters rogatory in another foreign nation beyond the expiration of any discovery period constitutes sanctionable conduct under Rule 16(f), or under any other legal theory. Nor has the undersigned found any such authority.   To the contrary, "once the Court has issued the requested letters rogatory, the Court has completed its

involvement in the process." *Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc.*, Case No. 12-CV-2706 (MJD/LIB), 2014 WL 10714011, at *11 (D. Minn. Dec. 5, 2014). Rather, it would seem that ICBC's remedy is to seek relief before the Supreme Court of British Columbia (assuming ICBC would have standing to do so). *See Roche Diagnostics Corp. v. Priority Healthcare Corp.*, Case No. 2:18-cv-01479-KOB-HNJ, 2019 WL 4687016, at *4 (N.D. Ala. June 6, 2019) ("Where U.S. courts issue and then transmit letters rogatory directly to foreign courts for enforcement, courts in the receiving country enforce the letters rogatory pursuant to their domestic statutes or common law, or through bilateral treaties with the United States."). *See also Wight v. Bluman*, Case No. 20-81688-CIV, 2021 WL 8999538, at *3 (S.D. Fla. May 6, 2021) ("[J]ust as a United States court enforcing letters rogatory issued in a foreign court may limit enforcement of the discovery device where appropriate, the French Ministry of Justice, charged with enforcing Plaintiffs' letters rogatory, may limit enforcement of the discovery device where appropriate.") (citations omitted).

The undersigned's position is further buttressed when the relief ICBC requests is considered.  In addition to the extreme sanction of dismissal and an award of fees, ICBC seeks to "enjoin Plaintiff from enforcing and setting the depositions" of Kenneth Carter, Pacific Law Group, David Eby, and Bill Hutchon. Doc. No. 258, at 8.  But from the information provided, it appears that these depositions would take place in British Columbia upon successful enforcement of

the September 8, 2023 petition, and as ICBC has acknowledged, this Court has no authority to enjoin or interfere with legal proceedings in another foreign nation. ICBC has again provided no legal authority to the contrary.  Moreover, to the extent ICBC could seek such injunctive relief in this Court, ICBC has not even attempted to satisfy any of the standards of Federal Rule of Civil Procedure 65, or explained why Rule 65 would not apply.[1]

In sum, sanctions, including dismissal, under Rule 16(f) are "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation."   *United States v. Duran Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). "[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction."   *Id.*   At this point in time, absent any legal authority from ICBC to the contrary, the undersigned finds that

---

[1] The decisions ICBC cites in its motion do not support its request for sanctions. ICBC cites to *Giovanno*, 804 F.3d 1361, and *Rice*, 201 F.R.D. 549 for the general standards governing sanctions under Rule 16(f).   *Danubis Grp., LLC v. Landmark Am. Ins. Co.*, 685 F. App'x 792 (11th Cir. 2017) involved a party that engaged in repeated discovery violations, was sanctioned for repeated failure to comply with a multitude of court orders, and was also sanctioned for violations of Fed. R. Civ. P. 11.   And in *Powell v. Siegal*, 447 F. App'x 92 (11th Cir. 2011), the Court of Appeals actually vacated a dismissal without prejudice sanction under Rule 16(f), finding that the plaintiff's conduct did not constitute a pattern of delay or unreasonably delayed the proceedings.   Here, all ICBC points to is one conferral conversation, one email, and a petition filed in British Columbia, the status of which is unknown.

ICBC has not demonstrated a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies the extreme sanctions ICBC requests — which includes injunctive relief and/or dismissal of the case in its entirety.   *See Malautea*, 987 F.2d at 1542.   Nor has ICBC established that the undersigned would have the authority to interfere with the proceedings in British Columbia.   For these reasons, ICBC's amended motion for sanctions (Doc. No. 258) is **DENIED WITHOUT PREJUDICE.**

That said, this Order should not be interpreted as an invitation to Plaintiff to now engage in discovery in this case.   As Plaintiff has been informed on several occasions, *see* Doc. Nos. 210, 215, 220, 227, 252, the discovery period in this case expired on August 2, 2023.   Plaintiff was well aware of this deadline, and his *pro se* status does not provide him with carte blanche to ignore this deadline.   *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989) (holding that *pro se* litigants are still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").   Plaintiff's reference to the Middle District of Florida Civil Discovery Handbook does not aid his cause, for as previously discussed, discovery outside the discovery deadline may only take place with the agreement of counsel.   Middle District Discovery (2021) at Section I.F. *See also* Doc. No. 237 (extending expert discovery for two weeks upon agreement of

counsel).[2]   And here, it is crystal clear that ICBC counsel has not and will not give any such consent.

Thus, if Plaintiff does attempt to engage in discovery *in this case*, or if Plaintiff is able to obtain discovery in British Columbia and seeks to use it at the December 18, 2023 trial *in this case*, ICBC is free to seek appropriate relief through a properly supported motion.   *See, e.g.*, *Saperstein v. The Palestinian Auth.*, Case No. 04-20225-CIV-SEITZ, 2010 WL 2854146, at *1 (S.D. Fla. July 20, 2010), *objections overruled sub nom. Saperstein v. Palestinian Auth.*, 2010 WL 11721027 (S.D. Fla. Oct. 4, 2010) (granting motion to compel Plaintiff to adhere to case management scheduling orders and an expired discovery deadline, but only after Plaintiff attempted on multiple occasions to extend discovery to conduct extra-territorial depositions, and those requests were denied); *see also Romero v. Drummond*, 552 F.3d 1303 (11th Cir. 2008) (finding no abuse of discretion where district court refused to delay trial in

---

[2] Although the undersigned relies on the Middle District Civil Discovery Handbook, as the introduction to the Handbook provides, it is "neither substantive law nor inflexible rule; it is an expression of generally acceptable discovery practice in the Middle District."   Middle District Discovery (2021) at Introduction.   *See also Gov't Emps. Ins. Co. v. Merced*, Case No. 8:20-CV-802-KKM-AAS, 2021 WL 4133738, at *2 (M.D. Fla. Sept. 10, 2021).

order for plaintiff to continue enforcement of letters rogatory).

      **DONE** and **ORDERED** in Orlando, Florida on October 20, 2023.

                                       LESLIE HOFFMAN PRICE
                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -