# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD HALL,

      Plaintiff,

v.                                                   Case No:   6:20-cv-1992-CEM-LHP

INSURANCE CORPORATION OF
BRITISH COLUMBIA,

      Defendant

## ORDER AND DIRECTION TO THE CLERK

On December 11, 2023, Plaintiff Richard Hall, proceeding *pro se*, filed a document, *ex parte* and under seal, entitled as follows:

> TIME SENSITIVE MOTION TO RESPECTFULLY SEEK LEAVE OF THE COURT-CONSISTENT with Local Rule 1.11, and by way of AN "APPLICATION", PURSUANT TO "ADMINISTRATIVE PROCEDURES FOR ELECTRONIC FLINGS" (re: June 5th, 2015 and Dec. 1st, 2022) re: MANDATORY EXCEPTIONS to FILING BY CM/ECF and CONSISTENT WITH AMENDED ORDER ** Case 3:21-mc-00001-TJC** FOR FILING HIGHLY SENSITIVE DOCUMENTS (HSD) - TO FILE A MOTION, **UNDER SEAL, EX PARTE,** (and to treat THIS 'APPLICATION' as EX PARTE AND UNDER SEAL) DETAILING NEW CRIMINAL ACTS THREE, TWO and ONE WEEK BEFORE TRIAL re: i) TARGETED HACKING of PLAINTIFF's WITNESS EMAIL COMMUNICATIONS all FROM *A CANADIAN PROVINCIAL GOVERNMENT EMAIL* ADDRESS, and then, ii) SUBSEQUENT SIMILAR CYBER AT'TACKS ON KEY WITNESSES *IN THIS CASE*. FLORIDA LAW ENFORCEMENT WERE ADVISED AND BEGUN LOOKING INTO.

Doc. No. 290. The motion has been referred to the undersigned for consideration.

While not entirely clear, it appears that Plaintiff is accusing Defendant (either directly or via an agent) of possible witness tampering by sending "targeted spear phishing" attack emails to Plaintiff and several of Plaintiff's witnesses. Doc. No. 290. Plaintiff further alleges that several of his witnesses have recently been the subject of cyber and ransomware attacks, and appears to blame Defendant for those attacks as well. *Id.* In terms of relief, Plaintiff requests leave to file another *ex parte*, sealed motion setting out additional relevant facts to "help permit the parties responsible are [sic] caught and minimize their ability to destroy evidence of the crimes," and "protect the witnesses and the sanctity of the Court process." *Id.*, at 2. Plaintiff further requests "a small window to help permit uncovering of who was responsible." *Id.*, at 7.

Upon review, the motion (Doc. 290) is due to be denied in its entirety. First Plaintiff provides no legal authority for filing any motions *ex parte* or under seal, nor any legal authority on the issues of witness tampering or any other subject raised in the present motion. Rather, Plaintiff cites to the mechanisms by which motions can be filed under seal and/or *ex parte*, *see id.*, at 7–10, but never explains why the information contained in the present motion, or in any subsequently filed motion is of such a nature that sealing, which would impinge on the public's

common law interest and right of access to inspect and copy judicial records, is warranted. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).

Second, it appears that what Plaintiff is really asking is to once again reopen discovery. *See* Doc. No. 290, at 7 (requesting "a small window" to uncover the culprits). The Court has denied such requests on numerous occasions, and Plaintiff may not use the present motion to circumvent those rulings. *See* Doc. Nos. 220, 227, 252, 287. Moreover, Plaintiff's sole basis for seeking to file this motion under seal and *ex parte* is an accusation that whoever is conducting these "attacks" would destroy evidence. Not only is this pure speculation, but the issue of destruction of evidence has previously been raised, and resolved, and Plaintiff cannot use an *ex parte*, sealed motion to revisit the issue. *See* Doc. No. 278.

Accordingly, Plaintiff's motion (Doc. No. 290) is **DENIED.** In addition, because Plaintiff has not demonstrated why the present motion should be filed *ex parte* and under seal, the Clerk of Court is **DIRECTED** to both remove the *ex parte* designation and to file this motion (Doc. No. 290) on the public docket. As Plaintiff is aware, any motions he files must contain a memorandum of law establishing the legal basis for the relief requested, and any requests to file documents under seal or *ex parte* must contain legal authority demonstrating why the motions must be filed in that manner – not just a reference to the mechanisms for doing so.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2023.

*/s/ Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties